UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

Case No.: 1:25-cv-00058-RH-MJF

JEREMY BRYAN HALES,

    Plaintiff,

v.

LYNETTE MICHELLE LACY ALEXIS PRESTON JOHN COOK, BRUCE P. MATZKIN, LISA WEEKS a/k/a LISA LEE a/k/a LISA RAPUZZI a/k/a LISA LEE RAPUZZI a/k/a LISA RAPUZZI WEEKS, MARLA HUGHES, PATTI DIAGOSTINO PLUMMER a/k/a STEPHEN R. HOUCK a/k/a PATTI MARIE DAGOSTINO a/k/a PATTI PLUMMER, DAVID C. HELM, ROBERT J. KESZEY, DAVID MICHAEL TESCHENDORF, and JOHN DOE, a/k/a/ "RAY BONECRUSHER @raybonecrusher4516,"

    Defendants.

_____

**DEFENDANT DAVID HELM'S MOTION FOR MORE
DEFINITE STATEMENT AS TO COUNTS 6, 12 AND 13**

Defendant, DAVID C. HELM ("HELM"), pursuant to Federal Rules of Civil Procedure 8 and 12(e), hereby seeks a more definite statement as to the claims asserted against it in Counts 6, 12 and 13 and in support thereof states:

1

**I.    INTRODUCTION**

Plaintiff has filed a defamation action against Helm and various other Co-Defendants revolving around Plaintiff's social media presence on the media platform YouTube. The first 98 paragraphs of Plaintiff's Complaint outlines in detail the factual allegations against the various Defendants and the tortious acts that he believes forms the basis for his claims against Helm and additionally has commingled all Defendants, including Helm, within Counts 12 and 13, alleging charges of Civil Conspiracy and Aiding and Abetting, respectively.

Count 6 of Plaintiff's Complaint against Helm is labeled as "Defamation." However, within that count, in Paragraph 135, Plaintiff alleges that Count 6 "is an action for damages against HELM for FIVE HUNDRED TWENTY THOUSAND ($520,000.00) Dollars for *defamation per se*." (emphasis added). In Count 12, Plaintiff confusingly groups together all Defendants within the allegation of a Civil Conspiracy for "the purpose of which was to commit the torts of Defamation, Defamation *Per Se*, and Tortious Interference With Advantageous Business Relationships." This is made even more confusing by the fact that this count is entirely void of any factual detail as to how all of these parties advanced said conspiracy. The same is true of Count 13, which is also absent any detail as to how Helm aided and abetted Defendants PRESTON and COOK despite no factual allegations of their ever meeting. Given the confusing nature of the allegations

against Helm, the commingling of the allegations against all Defendants and the inconsistency in the way Helm's allegedly defamatory conduct is described, Helm seeks a more definite statement of Plaintiff's claims.

## II. PLAINTIFF MUST PROVIDE A MORE DEFINITE STATEMENT AS TO HIS CLAIMS AGAINST HELM

Given the commingling of allegations against Helm and all other Defendants in Counts 12 and 13 and the inconsistency in the allegations within these counts and Count 6, Plaintiff should be required to provide a more definite statement as to the claims he is asserting against Helm. Rule 12(e) provides that a "party may move for a more definite statement of a pleading to which a responsive pleading is allowed but, which is so vague and ambiguous that the party cannot reasonably prepare a response." *Hatten v. Fort Myers Police Dept.*, 2014 WL842459 (M.D. Fla. March 4, 2014), quoting Fed. R. Civ. P. 12(e). "Pleadings containing definite statements permit a defendant to discern what a plaintiff is claiming, a defendant to frame a proper responsive pleading, and a court to manage its docket with greater ease." *Id.*

When a plaintiff, however, lumps defendants together without putting them on notice as to the claims made against each of them, the plaintiff runs afoul of the pleading requirements of Rule 8. *Prushansky v. Brown*, 2013 WL 3716398, at *3 (M.D. Fla. July 15, 2013). "Under this rule, when a complaint alleges that multiple defendants are liable for multiple claims, courts must determine whether the complaint gives adequate notice to each defendant." *Id.* In complaints with claims

3

against multiple defendants, the factual allegations must provide each individual defendant with "fair notice" as to the nature of the claim against that defendant and the "grounds" for each claim. *Id.* For this reason, when a plaintiff groups defendants together, a more definite statement may be required to provide appropriate notice. *Id.*

In *Prushanky*, the Middle District of Florida required a more definite statement when plaintiff alleged a negligence count against two elevator companies by pleading that they were responsible for the manufacture, installation, and maintenance of the elevator on the premises and that they negligently manufactured, installed and maintained that elevator, causing the plaintiff's injuries. *Id.* at \*2. Applying the above rationale, the district court determined that the plaintiff was required to provide a more definite statement, separating the allegations as to each defendant in separate counts to provide them with fair notice of the allegations and claims before being required to answer the complaint. *Id.* at \*2-3. See also *Pro Image Installers, Inc. v. Dillon*, 2009 WL 112953 (N.D. Fla. Jan. 15, 2009)("A complaint that `lump[s] all the defendants together in each claim and provid[es] no factual basis to distinguish their conduct" fails to satisfy Rule 8."); *Lane v. Capital Acquisitions & Mgmt. Co.*, 2006 WL 4590705, at \*4-5 (S.D. Fla. April 14, 2006)(requiring an amended pleading when the plaintiff failed to comply with Rule 8 because the complaint alleged violations by the "defendants," lumping them together in each

claim and failing to provide a factual basis to distinguish their conduct); *Hughes v. American Tripoli, Inc.*, 2005 WL 1027864 (M.D. Fla. May 2, 2005)(finding that allegations in which the defendants were lumped together, despite their performance of different functions, provided insufficient notice to the defendants and were confusing; thereby, requiring separation of the claims into different counts for a clear presentation of the claims and issues).

In this case, not only has Plaintiff intermingled and lumped together the allegations against all Defendants in Counts 12 and 13, but Plaintiff's allegations within Count 6 inconsistently alleges defamation and defamation per se against Helm. Despite giving 98 paragraphs worth of factual background on the chronology of events that form the basis of Plaintiff's Complaint against all Defendants, no description is given as to Helm's alleged involvement in the Civil Conspiracy or Aiding and Abetting. This missing information and improper commingling make it impossible for Helm to respond to the Complaint and mount a defense against the alleged tortious conduct.

WHEREFORE Defendant, DAVID HELM, respectfully requests an Order requiring Plaintiff to provide a more definite statement as to the claims pled against David Helm and any other relief this Court deems proper.

**CERTIFICATE OF CONFERRAL**

Pursuant to Local Rule 7.1(B) Plaintiff counsel and counsel for Defendant, David Helm conducted a meet and confer via teleconference on April 7, 2025 to discuss this motion and the parties were able to agree to a proposed order which is attached to said motion (**Exhibit A**).

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and accurate copy of the above and foregoing has been furnished via electronic mail on April 7, 2025 to:

Randall Shochet, Esq.
FBN: 959421
SHOCHET LAW GROUP
409 N. Main Street
Trenton, FL  32693
attorneys@counsel.insure
*Attorney for Plaintiff*

/*s/ Christopher Gage*
  Christopher Gage, Esq.
  FBN: 117727
  Banker Lopez Gassler, P.A., Suite 1700
  Tampa, FL 33602
  Tele: (813) 574-8551
  Fax: (813) 222-3066
  Service Email:
  service-cgage@bankerlopez.com
  *Attorney for David C. Helm*