# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **JEREMY B. HALES,** : | Civil Action No.: |
| : | **1:25-CV-00058-RH-MJF** |
| **Plaintiff,** : | |
| v. : | |
| : | |
| **LYNETTE MICHELLE LACEY ALEXIS PRESTON** : | |
| Et al, : | |
| : | |
| **Defendants** : | |

### REQUEST FOR 21 DAYS FROM PLAINTIFF'S FILING OF AMENDED COMPLAINT IN ACCORDANCE WITH ORDER # 17 TO ANSWER OR OTHERWISE PLEAD

Pursuant to FRCP 6(b)(1)(A), defendant Bruce Matzkin requests 21 days to answer or otherwise plead from the date of the plaintiff's filing of an amended complaint in accordance with Order # 17.

"[A]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary." *Pintando v. Miami–Dade Hous. Agency,* 501 F.3d 1241, 1243 (11th Cir.2007), quoting *Dresdner Bank AG v. M/V Olympia Voyager,* 463 F.3d 1210, 1215 (11th Cir.2006).  See also, *Fritz v. Standard Sec. Life Ins.* Co., 676 F.2d 1356, 1358 (11th Cir.1982) ("Under the Federal Rules, an amended complaint supersedes the original complaint.").

As good cause for this request, the plaintiff was ordered (Doc # 17) to file an amended complaint in response to the motion of co-defendant Helm (Doc # 16).  The same deficiencies in the original Complaint (Doc # 1) leading to the Court's order for an amended complaint pertain to all defendants, all of whom are included in counts 12 and

13 along with Helm. To file a response to the original Complaint (Doc # 1) would be a pointless exercise and a waste of time because the amended complaint will render moot any response to Doc # 1.[1]

Whereas FRCP 12(a)(4)(B) provides 14 days to file a response to a pleading filed following the granting of a motion for more definite statement, the undersigned defendant seeks an additional seven days, so 21 days total from the filing of the amended complaint. Given that a number of defendants have yet to be served, the additional time will not result in any delay.

*/s/ Bruce Matzkin*, *pro se*
brucematzkin1@gmail.com

### Local Rule 7.1(C) Certification

I complied with Local Rule 7.1(B). The plaintiff's counsel did not respond to an email to confer, and this request is filed more than 48 hours after that email was sent.

*/s/ Bruce Matzkin*

---

[1] Despite the direct impact of order # 17 on all defendants given that the original Complaint is to be supplanted, the Court's order did not include any guidance for other defendants who have been served as to whether they could await the filing of the ordered amended complaint. The plaintiff's counsel exploited this uncertainty to multiply proceedings, filing motions for default (Doc # 21) against three *pro se*, lay defendants who likely believed that they would have until at least 14 days from the filing of the amended complaint. See FRCP 12(a)(4)(B) ("if the court grants a motion for a more definite statement, the responsive pleading must be served within 14 days after the more definite statement is served."). The Court's response to this request might clarify for all defendants how order # 17 affects the time required for filing responsive pleadings.

## **CERTIFICATION**

On April 20, 2025, a copy of the foregoing was emailed to counsel of record for the plaintiff:

Randall Shochet, Esq
Shochet Law Group
Attorneys for Jeremy B. Hales
409 N. Main Street Trenton, FL 32693
attorneys@counsel.insure


*/s/ Bruce Matzkin*