UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JEREMY BRYAN HALES,
    Plaintiff,

vs.                                          Case No.: 1:25cv58/RH/ZCB

JOHN COOK, et al.,
    Defendants.
                              /

## **ORDER**

Defendants John Cook and Lynette Preston were personally served with Plaintiff's complaint on March 24, 2025. (*See* Docs. 19, 20). Accordingly, their responsive pleadings were due on April 15, 2025. That deadline passed, and neither Defendant Cook nor Defendant Preston responded or otherwise appeared in the case. Plaintiff moved for entry of default (Doc. 21), and the Clerk of Court entered default under Fed. R. Civ. P. 55(a) against Defendants Cook and Preston on April 17, 2025 (Doc. 22).

On April 18, 2025, Defendants Cook and Preston moved to set aside the default and requested twenty-one days to file responsive pleadings to

1

Plaintiff's amended complaint.[1] (Docs. 23, 24). Defendants Cook and Preston claim good cause exists to set aside the default because they are indigent, proceeding *pro se*, and involved in several other lawsuits with Plaintiff. (*Id.* at 1). Defendants Cook and Preston state that they "lost track of the date" they were served. (*Id.*). They also state they are "not ignoring this or trying to avoid responding" and that they intend to defend against Plaintiff's claims. (*Id.*).

A district court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c); *see also Afr. Methodist Episcopal Church, Inc. v. Ward*, 185 F.3d 1201, 1202 (11th Cir. 1999) ("[A] district court may set aside an entry of default only if the defaulting party can provide a good reason for the district court to do so."). Good cause warrants a case-by-case analysis, including consideration of the following: "(a) whether the default was culpable or willful; (b) whether setting it aside would prejudice the adversary, (c) whether the defaulting party presents a meritorious defense; (d) whether there was significant financial loss to the defaulting party; and (e) whether the defaulting party acted promptly to correct the default." *SEC v. Johnson*, 436 F. App'x 939, 945 (11th Cir.

---

[1] Plaintiff's amended complaint has not yet been filed. (*See* Doc. 17)

2011) (citation omitted); *see also Hester v. Gulfstream Prop. & Cas. Ins. Co.*, No. 5:19cv170-MCR-MJF, 2019 WL 8063349, at *2 (N.D. Fla. Nov. 8, 2019) (setting aside an entry of default when there was only minimal delay, no willfulness or prejudice shown, and the party asserted a potentially meritorious defense in the case). Defaults are generally disfavored, as "there is a strong policy of determining cases on their merits." *In re Worldwide Web Sys.*, 328 F.3d 1291, 1295 (11th Cir. 2003).

The Court finds good cause for setting aside the entry of default against Defendants Cook and Preston. Here, there is no evidence that their failure to file a responsive pleading was culpable or willful. (Doc. 23 at 1; Doc. 24 at 1). Only one day after the Clerk of Court entered default, Defendants Cook and Preston appeared in the case and moved to set aside default. (*Id.*). Thus, Defendants Cook and Preston acted promptly to correct the default.

Additionally, there is no evidence that setting aside the entry of default would result in any prejudice to Plaintiff. Several other Defendants do not appear to have been served yet, and Plaintiff is in the process of preparing an amended complaint that has yet to be filed. (*See* Doc. 17). Although Defendants Cook and Preston have not yet filed a

responsive pleading in the case, any response to the original complaint would be quickly superseded given the forthcoming amended complaint. Finally, there is no indication that Defendants Cook or Preston suffered a significant financial loss in conjunction with the default. For these reasons, the Court finds good cause to set aside the entry of default.

Accordingly, it is **ORDERED** that Defendant Cook's and Defendant Preston's Motions to Set Aside Default (Docs. 23, 24) are **GRANTED**, and the Clerk of Court is directed to set aside the entry of default against Defendants Cook and Preston (Doc. 22).[2] Defendants Cook and Preston must respond to Plaintiff's amended complaint within **twenty-one days** after the amended complaint is filed.[3]

**DONE AND ORDERED** this 21st day of April 2025.

/s/ Zachary C. Bolitho
Zachary C. Bolitho
United States Magistrate Judge

---

[2] Because Defendant Hughes has neither appeared nor moved to set aside the default entered against her (Doc. 22), the Clerk's default remains in effect as to Defendant Hughes.

[3] Plaintiff is reminded that since Defendants Preston and Cook are proceeding *pro se* at this time, they are not registered in the CM/ECF system and pleadings must be served on them via U.S. Mail. The certificate of service shall reflect the date on which Plaintiff served Defendants Preston and Cook via U.S. Mail.