UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JEREMY BRYAN HALES,
    Plaintiff,

vs.                                              Case No.: 1:25cv58/RH/ZCB

JOHN COOK, et al.,
    Defendants.
_____/

## ORDER

Defendants John Cook and Lynette Preston are currently proceeding *pro se* in this case. On April 18, 2025, they filed motions requesting Court-appointed counsel. (Docs. 25, 26). They assert that they are indigent and have been unable to retain counsel to represent them.

Unlike criminal defendants, indigent civil litigants generally have no right to be represented by court-appointed counsel. *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). Nor does the Court have a budget to pay attorneys to represent indigent civil litigants. Thus, the Court is unable to select an attorney and order that attorney to represent Defendants Cook and Preston free of charge. *See Mallard v. U.S. Dist. Ct. for S.D. Iowa*, 490 U.S. 296, 300-301 (1989) (declining to authorize

1

"compulsory assignments of attorneys in civil cases"). The Court may, however, in exceptional circumstances exercise its discretion to "*request* an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added); *Bass*, 170 F.3d at 1320. Based on the unique circumstances of this case and the Court's familiarity (gained from presiding over a related case) with the facts and issues involved, the Court believes it appropriate to request representation for Defendants Cook and Preston under § 1915(e)(1). Accordingly, the Court will direct the Clerk of Court to issue a notice to all attorneys registered with the Court's electronic filing system, requesting an attorney to volunteer to represent Defendants Cook and Preston. **Defendants Cook and Preston are advised, however, that this request does not guarantee them representation in this case. They must continue to defend this case themselves unless and until counsel appears on their behalf**.

Accordingly, it is **ORDERED** that Defendant Cook's and Defendant Preston's motions requesting Court-appointed counsel (Docs. 25, 26) are **DENIED in part** to the extent that the Court will not appoint an attorney to represent them and **GRANTED in part** to the extent that

the Court directs the Clerk of Court to issue a notice to all attorneys registered with the Court's electronic filing system, and publish on the Court's website, the notice soliciting a volunteer attorney to represent Defendants Preston and Cook. The notice must state:

> This is a notice of an opportunity to provide *pro bono* representation in the case of *Hales v. Cook, et. al.*, Case No. 1:25-cv-58-RH-ZCB.
>
> Plaintiff, the owner of a YouTube channel, claims that Defendants Cook and Preston (among others) "agreed to intentionally and maliciously participate in a civil conspiracy among themselves, and with other individuals, the purpose of which was to commit the torts of Defamation, Defamation *Per Se*, and Tortious Interference With Advantageous Business Relationships." (Doc. 1 at 54). Defendants Cook and Preston are two of ten Defendants, and the case is currently in the pleadings stage with an amended complaint to be filed soon. (*See* Doc. 17).
>
> Public funds are not available for the payment of attorney fees. Limited funds are sometimes available from the District's Bench and Bar Fund for the payment of out-of-pocket expenses incurred by an attorney providing representation of this type.
>
> Members of the District's bar will be afforded access to the electronic docket without charge for the purpose of considering whether to undertake the representation. An attorney who wishes to provide representation may contact the Clerk's office to obtain Defendant Cook's and Defendant Preston's contact information and may enter the case by filing a notice of appearance after obtaining consent of Defendants Cook and Preston to the representation.

**DONE AND ORDERED** this 21st day of April 2025.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge