UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JEREMY BRYAN HALES,
    Plaintiff,

vs.                                               Case No.: 1:25cv58/RH/ZCB

JOHN COOK, et al.,
    Defendants.
                                /

## **ORDER**

Defendant Marla Hughes was personally served with Plaintiff's complaint on March 24, 2025. (*See* Doc. 18). Accordingly, her responsive pleading was due on April 14, 2025. That deadline passed, and Defendant Hughes did not respond or otherwise appear in the case. Plaintiff then moved for entry of default (Doc. 21), and the Clerk of Court entered default under Fed. R. Civ. P. 55(a) against Defendant Hughes on April 17, 2025 (Doc. 22).

On April 23, 2025, Defendant Hughes moved to set aside the default and requested twenty-one days to file a responsive pleading to Plaintiff's amended complaint.[1] (Doc. 31). Defendant Hughes claims good cause

---

[1] Plaintiff's amended complaint has not yet been filed. (*See* Doc. 17)

1

exists to set aside the default because she was negotiating with a potential attorney and mailed a motion for an extension to respond to the complaint before the default was entered. (*Id.*). Defendant Hughes states that this motion was delayed and is currently in Jacksonville, Florida. (*Id.*). She also states that she sent the motion to set aside default "in a more rapid manner" to avoid any further delays. (*Id.*). Lastly, Defendant Hughes asserts that Plaintiff's counsel does not object to setting aside the default. (*Id.*).

A district court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c); *see also Afr. Methodist Episcopal Church, Inc. v. Ward*, 185 F.3d 1201, 1202 (11th Cir. 1999) ("[A] district court may set aside an entry of default only if the defaulting party can provide a good reason for the district court to do so."). Good cause warrants a case-by-case analysis, including consideration of the following: "(a) whether the default was culpable or willful; (b) whether setting it aside would prejudice the adversary, (c) whether the defaulting party presents a meritorious defense; (d) whether there was significant financial loss to the defaulting party; and (e) whether the defaulting party acted promptly to correct the default." *SEC v. Johnson*, 436 F. App'x 939, 945 (11th Cir.

2011) (citation omitted); *see also Hester v. Gulfstream Prop. & Cas. Ins. Co.*, No. 5:19cv170-MCR-MJF, 2019 WL 8063349, at *2 (N.D. Fla. Nov. 8, 2019) (setting aside an entry of default when there was only minimal delay, no willfulness or prejudice shown, and the party asserted a potentially meritorious defense in the case). Defaults are generally disfavored, as "there is a strong policy of determining cases on their merits." *In re Worldwide Web Sys.*, 328 F.3d 1291, 1295 (11th Cir. 2003).

The Court finds good cause for setting aside the entry of default against Defendant Hughes. Here, there is no evidence that her failure to file a responsive pleading was culpable or willful. (Doc. 31). Defendant Hughes asserts that she attempted to respond to the complaint prior to the default being entered, but mailing delays caused her to miss the deadline. (*Id.*). Less than a week after the default was entered, Defendant Hughes entered an appearance and moved to set aside the default. Thus, she acted promptly to correct the default.

Additionally, there is no evidence that setting aside the entry of default would result in any prejudice to Plaintiff. Defendant Hughes states that Plaintiff's counsel does not object to setting aside her default. (*Id.*). Further, several other Defendants do not appear to have been

3

served yet, and Plaintiff is in the process of preparing an amended complaint that has yet to be filed. (*See* Doc. 17). Although Defendant Hughes has not yet filed a responsive pleading in the case, any response to the original complaint would be quickly superseded given the forthcoming amended complaint. Finally, there is no indication that Defendants Hughes suffered a significant financial loss in conjunction with the default. For these reasons, the Court finds good cause to set aside the entry of default.

Accordingly, it is **ORDERED** that Defendant Hughes' Motion to Set Aside Default (Doc. 31) is **GRANTED**, and the Clerk of Court is directed to set aside the entry of default against Defendant Hughes (Doc. 22). Defendant Hughes must respond to Plaintiff's amended complaint within **twenty-one days** after the amended complaint is filed.[2]

**DONE AND ORDERED** this 23rd day of April 2025.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

---

[2] Plaintiff is reminded that since Defendant Hughes is proceeding *pro se* at this time, she is not registered in the CM/ECF system and pleadings must be served on her via U.S. Mail. The certificate of service shall reflect the date on which Plaintiff served Defendant Hughes via U.S. Mail.