UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JEREMY BRYAN HALES, et al.,
    Plaintiffs,

v.    Case No.: 1:25cv58/RH/ZCB

JOHN COOK, et al.,
    Defendants.
_____/

## ORDER

This matter is before the Court on a *sua sponte* review of the record. Rule 16(b)(2) of the Federal Rules of Civil Procedure requires the Court to issue a scheduling order "within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared." Fed. R. Civ. P. 16(b)(2). In this case, the first Defendant to file a notice of appearance—David Helm—appeared in the case on March 22, 2025. (*See* Doc. 9). Thus, under Rule 16(b)(2), the 60-day deadline for the Court to issue a scheduling order has now come.

Importantly, however, the Court may wait and issue a scheduling order later in the case if there is "good cause for delay[.]" Fed. R. Civ. P. 16(b)(2). And "district courts enjoy broad discretion in deciding how best

1

to manage the cases before them." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997).

Although Defendant Helm appeared on March 22, 2025, Plaintiff subsequently filed an amended complaint on April 28, 2025. (*See* Doc. 35). Accordingly, the Defendants who had appeared by the filing of the amended complaint had until at least May 12, 2025, to respond to the amended complaint. *See* Fed. R. Civ. P. 15(a)(3) (providing at least fourteen days to respond to an amended complaint). All those Defendants have since requested (and received) extensions of their respective deadlines to respond to the amended complaint.[1] And according to the docket, at least five Defendants in this case have yet to be served.[2] Thus, the Court is awaiting responses to Plaintiff's amended complaint from all ten Defendants.

Given these issues, especially the lack of responses to the amended complaint and the fact that numerous parties have yet to be served, the

---

[1] *See* Doc. 41 (Hughes); Doc. 42 (Matzkin); Doc. 45 (Preston and Cook); Doc. 48 (Helm).
[2] The Defendants who appear to remain unserved are: (1) Defendant Weeks; (2) Defendant Keszey; (3) Defendant Teschendorf; (4) Defendant Raymond; and (5) Defendant Luthmann. (*See* Doc. 35 at 4-5). Patti Plummer, named as a Defendant in the initial complaint (Doc. 1 at 1, 4), is not named as a Defendant in the amended complaint.

Court finds good cause under Fed. R. Civ. P. 16(b)(2) to delay issuing a scheduling order.[3]

Accordingly, it is **ORDERED** that the Court finds good cause under Fed. R. Civ. P. 16(b)(2) to delay issuing a scheduling order in this case until further notice.

**IT IS SO ORDERED.**  This the 21st day of May 2025.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

---

[3] *See Encarnacion v. Fin. Corp. of Am.*, No. 2:17-CV-566-FTM-38CM, 2018 WL 3860124, at *3 n.1 (M.D. Fla. June 8, 2018) (finding good cause to delay issuing a scheduling order for "various preliminary issues"); *see also Andrews v. McPherson*, No. 1:24-00162-JB-N, 2024 WL 3307308, at *1 n.3 (S.D. Ala. June 7, 2024) (finding good cause to delay entry of a scheduling order pending resolution of other preliminary issues).