UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

Case No.: 1:25-cv-00058-RH-MJF

ELEPHANT SHOE, LLC, d/b/a WHAT THE HALE$, and
JEREMY B. HALES, Plaintiffs,

v.

MARLA HUGHES, Defendant.

/

## DEFENDANT MARLA HUGHES' MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Marla Hughes ("Defendant") respectfully moves to dismiss Plaintiffs' Amended Complaint for failure to state a claim upon which relief can be granted.

In support, Defendant states as follows:

## I. INTRODUCTION

The Amended Complaint is fatally deficient as to all claims asserted against Marla Hughes. Plaintiffs, which are public figures, reach conclusions without evidence and get facts and timelines wrong. The claims against Hughes rest on conclusions about Hughes' mindset, assumed conversations and conspiracies without evidence to support such conclusions.

FILED USDC FLND GV
MAY 29 '25 AM 10:56



## II. FACTS

According to the Amended Complaint, Marla Hughes is alleged to have emailed unnamed persons and that those emails subsequently became public. Further, the plaintiffs declare Hughes accused Jeremy Hales of posting daily YouTube videos containing slurs and falsehoods about Preston, even when such videos were unrelated to Otter Creek (Am. Compl. ¶ 140). Plaintiffs further allege that Hughes claimed Hales sent his followers to harass Otter Creek residents and involved state agencies and the IRS, making additional accusations against Hales, such as child and animal abuse (id. ¶ 141). The Complaint also asserts that Hughes contacted YouTube in the fall of 2023 and made false statements in an attempt to have Hales' channel removed (id. ¶ 143). Plaintiffs accuse Hughes of being part of what they call the "Anti [What The Hales] Media Ecosystem" and of coordinating with others in a "Malicious Conspiracy to Harm Hales" (id. ¶¶ 142, 165-172). Lastly, Hughes is alleged to have conspired with other defendants to commit defamation, false advertising, and tortious interference (id. ¶¶ 243-248). This is a mish mash of partial truths and outright falsehoods.

## III. LEGAL STANDARD

Dismissal under Federal Rule of Civil Procedure 12(b)(6) is appropriate when the complaint fails to state a claim upon which relief can be granted. To survive

dismissal, a complaint must allege facts that, if accepted as true, "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Legal conclusions and conclusory factual allegations are insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## IV. ARGUMENT

### A. The Defamation Claims Lack Factual and Legal Sufficiency

Plaintiffs' defamation claims against Hughes fail because the Complaint does not allege any specific false statement of fact made by Hughes about Plaintiffs that is both verifiable and defamatory. The referenced allegations (¶¶ 140-141) concern statements that are either protected opinion, rhetorical hyperbole, or are so vague as to be non-actionable. Descriptions of YouTube videos as containing "slurs and lies" or accusations of sending "followers to harass people" are not concrete, verifiable statements of fact, but rather subjective characterizations and opinions. The law is clear that statements of opinion, particularly on matters of public interest, are protected under the First Amendment and are not actionable as defamation. See *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 20 (1990). Further, the Complaint does not allege facts showing actual malice, falsity, or special damages as required by Florida law for defamation claims. See *Jews for Jesus, Inc. v. Rapp*, 997 So. 2d 1098, 1106 (Fla. 2008).

**B. The Lanham Act and FDUTPA Claims Are Not Plausibly Pled**

Plaintiffs' allegations do not state a viable claim under the Lanham Act or the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"). There are no allegations that Hughes made any statements in commercial advertising or promotion, nor that any such statements were likely to mislead consumers or materially affect purchasing decisions, as required for a Lanham Act claim. See *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 132 (2014). Similarly, the Complaint is devoid of allegations that Hughes was engaged in "trade or commerce" under FDUTPA or that Plaintiffs suffered actual damages as a result of Hughes's alleged conduct. See *Rollins, Inc. v. Butland*, 951 So. 2d 860, 869 (Fla. 2d DCA 2006).

**C. The Tortious Interference and Conspiracy Claims Are Not Supported by Facts or Evidence**

To state a claim for tortious interference under Florida law, Plaintiffs must allege (1) the existence of a business relationship, (2) knowledge of that relationship by the defendant, (3) intentional and unjustified interference by the defendant, and (4) resulting damage. See *Ethan Allen, Inc. v. Georgetown Manor, Inc.*, 647 So. 2d 812, 814 (Fla. 1994). Plaintiffs do not identify any specific business relationship with which Hughes interfered, nor do they allege facts showing intentional or unjustified conduct. Instead, the Complaint relies on vague assertions of "coordination" and

"conspiracy," without factual detail. Civil conspiracy also requires an actionable underlying tort, which is absent here, and cannot be based on mere conclusory allegations. See *Raimi v. Furlong*, 702 So. 2d 1273, 1284 (Fla. 3d DCA 1997); *Twombly*, 550 U.S. at 556-57.

### D. The Complaint Is an Impermissible Shotgun Pleading

The Amended Complaint is a textbook example of a shotgun pleading, as it indiscriminately incorporates all preceding allegations into every count and fails to separate each cause of action into a different count as required by Federal Rule of Civil Procedure 8(a)(2). The Eleventh Circuit has repeatedly held that such pleadings are deficient and warrant dismissal. See *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015). Plaintiffs' failure to cure this defect, even after amendment, supports dismissal with prejudice. See *Jackson v. Bank of America, N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018).

### E. Plaintiffs Fail to State a Claim Upon Which Relief Can Be Granted

The Complaint's reliance on conclusory and ambiguous allegations, rather than specific facts supporting each element of the asserted claims, renders it insufficient under both federal and Florida law. See *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678; *Baron v. City of Hollywood*, 313 So. 3d 763, 765 (Fla. 4th DCA 2021). Plaintiffs have not pled any actionable conduct by Hughes with the required particularity.

### F. Dismissal With Prejudice Is Warranted

Given that Plaintiffs have already been given an opportunity to amend and have failed to cure these deficiencies, dismissal with prejudice is appropriate. See *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001); *Jackson*, 898 F.3d at 1358.

## V. CONCLUSION

For the foregoing reasons, Defendant Marla Hughes respectfully requests that this Court dismiss Plaintiffs' Amended Complaint in its entirety, with prejudice.

WHEREFORE, Defendant Marla Hughes respectfully requests that this Court:

1. Dismiss Plaintiffs' Amended Complaint with prejudice;

2. Award Defendant her costs and attorneys' fees incurred;

3. In the alternative, strike any irrelevant or immaterial allegations directed at Defendant Hughes and require Plaintiffs to provide a more definite statement pursuant to Federal Rule of Civil Procedure 12(e), as the allegations against Defendant are so vague and ambiguous that Defendant cannot reasonably prepare a response;

4. Grant such other and further relief as the Court deems just and proper.

## CERTIFICATE OF WORD LIMIT

Pursuant to Rule 7.1(F), N.D. Fla. Loc. R., the undersigned counsel hereby certifies that the foregoing motion contains 1,253 words.

/s/ Marla Hughes
Marla Hughes, Pro Se

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via CM/ECF System and Electronic Mail on this 28th day of May, 2025, to all parties of record in the above-referenced case.

Respectfully submitted,

/s/ Marla Hughes
Marla Hughes, Pro Se
7350 128th Lane
Bronson Florida 32621
blndndngrus@gmail.com
352-219-6011

Marla Hughes                    05/29/25