UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

JEREMY B. HALES,  : Civil Action No.:

: 1:25-CV-00058-RH-MJF

Plaintiff, :

v. :

:

LYNETTE MICHELLE LACEY ALEXIS PRESTON :
Et al, :

:

Defendants :

## Defendant John Cook's Motion To Dismiss

Defendant John Cook moves pursuant to FRCP 12(b)(6) to dismiss the sole count against him, Count Nine for Civil Conspiracy, for failure to state a claim.

## Memorandum In Support of Moton To Dismiss

Federal Rule 12(b)(6) requires dismissal when a complaint fails to state a claim upon which relief can be granted.

"Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." In determining whether to dismiss under Rule 12(b)(6), a court accepts the factual allegations in the complaint as true and construes them in a light most favorable to the non-moving party. See United Techs. Corp. v. Mazer , 556 F.3d 1260, 1269 (11th Cir. 2009). Nonetheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal , 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Furthermore, "[t]o survive a motion to dismiss, a complaint

must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Generally, in deciding a motion to dismiss, "[t]he scope of the review must be limited to the four corners of the complaint." St. George v. Pinellas Cty., 285 F.3d 1334, 1337 (11th Cir. 2002).

The only claim against me is civil conspiracy, count 9. The only factual allegations against me are paragraphs 98-110. They are titled, "Cook's Act and Cook's Furtherance of Weeks' Scheme." They all occurred in May to September, 2023, one year before Weeks is alleged to have created a "scheme," except paragraph 108 which alleged I "enlisted other co-Defendants in this case to join the Malicious Conspiracy To Harm HALES." Count 9, paragraphs 233-240, consist of nothing but conclusory allegations with no underlying facts to support that I made any agreement with any of the co-defendants or acted in concert with any of them to harm the plaintiff. In paragraph 239 it says I "agreed to launch a campaign to damage HALES," but there are no underlying factual allegations to establish any such agreement.

**This is a harassment lawsuit. Hales is using me and these lawsuits to create YouTube stories for profit. I ask that the court review paragraph 98-110, and 233-240, and will see there are no <u>facts</u> alleged against me constituting an agreement to join any conspiracy.**

## Conclusion

The plaintiff has failed to state a claim against me. I therefore should be dismissed form this lawsuit as a defendant.

_/s/ John Cook_  6-9-25
John Cook, pro se

jmcook987@gmail.com
P.O. Box 27 Otter Creek Fl 32683