UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JEREMY BRYAN HALES, et al.,
    Plaintiffs,

vs.                                          Case No.: 1:25cv58/RH/ZCB

JOHN COOK, et al.,
    Defendants.
_____/

## ORDER

This matter is before the Court on Plaintiffs' "Motion for Leave to Amend Complaint – To Substitute Party" (Doc. 63). Defendants Matzkin and Helm do not oppose the motion. (*Id.* at 3). Defendants Hughes, Cook, Preston, and Lee have responded in opposition. (Docs. 66, 67, 68, 71). For the reasons below, the motion will be granted.

### I.    Background

This litigation began on February 23, 2025, when Plaintiff Hales filed a complaint against ten people: (1) Lynette Preston; (2) John Cook; (3) Bruce Matzkin; (4) Lisa Lee; (5) Marla Hughes; (6) Patti Plummer; (7) David Helm; (8) Robert Keszey; (9) David Teschendorft; and (10) John Doe a/k/a "RAY BONECRUSHER." (Doc. 1 at 1-4).

1

On April 9, 2025, the Court granted Defendant Helm's "Motion for More Definite Statement" (Doc. 16) and ordered Plaintiff Hales to file an amended complaint within twenty-one days. (Doc. 17). Plaintiffs[1] filed an amended complaint on April 28, 2025. (Doc. 35). The amended complaint dropped Patti Plummer as a Defendant, added Richard Luthmann as Defendant, and left the other nine Defendants unchanged. (*Id.* at 1-5). Plaintiffs' amended complaint contains sixteen counts including claims for malicious prosecution, tortious inference with business relationships, civil conspiracy, statutory sexual cyberharassment and deceptive trade practices under Florida law, and false advertising under the Lanham Act. (*Id.* at 47-71). Several Defendants have moved to dismiss the amended complaint for failure to state a claim. (*See* Docs. 52, 53, 55, 61).

Plaintiffs now seek to file a second amended complaint to substitute Raymond G. Bonebrake, Jr. as a party Defendant in place of John Doe a/k/a RAY BONECRUSHER. (Doc. 63 at 1). Plaintiffs state that their ongoing investigation revealed Mr. Bonebrake's correct identity. (*Id.* at

---

[1] Elephant Shoe, LLC, also joined the suit as a second Plaintiff. (Doc. 35 at 1-3).

2). Aside from substituting party names,[2] the proposed second amended complaint lists the same counts and otherwise appears identical to the amended complaint. (*Compare* Docs. 35 to 35-3, *with* Doc. 63-1 to 63-4).

## II.   Discussion

Rule 15(a) of the Federal Rules of Civil Procedure governs pre-trial amendments to the complaint. The twenty-one-day deadline for amending the complaint without Court approval has come and gone. *See* Fed. R. Civ. P. 15(a)(1)(A)-(B) (allowing amendment without court approval if filed no later than twenty-one days after service or the filing of a responsive pleading or Rule 12(b) or (e) motion). Plaintiffs, therefore, may amend the complaint "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Because several Defendants have not consented, Plaintiffs require the Court's leave to file a second amended complaint. A court "should freely give leave when justice so requires." *Id*. Leave to amend "is not an automatic right." *Reese v. Herbert*, 527 F.3d 1253, 1263 (11th Cir. 2008) (cleaned up). Instead, the "decision whether to grant leave to

---

[2] In addition to substituting Mr. Bonebrake for Defendant John Doe, the proposed second amended complaint clarifies that Defendant Lisa Weeks is actually named Lisa Lee. (*See* Doc. 63-1 at 1; Doc. 57).

amend a complaint is within the sole discretion of the district court." *Laurie v. Alabama Ct. of Crim. Appeals*, 256 F.3d 1266, 1274 (11th Cir. 2001); *see also Forbus v. Sears Roebuck & Co.*, 30 F.3d 1402, 1405 (11th Cir. 1994) ("District courts have broad discretion to grant or deny leave to amend."). But "[u]nless a substantial reason exists to deny leave to amend, the discretion of the District Court is not broad enough to permit denial." *Fla. Evergreen Foliage v. E.I. DuPont De Nemours & Co.*, 470 F.3d 1036, 1041 (11th Cir. 2006).

Of the potential grounds on which leave can be granted or denied, "[p]erhaps the most important factor . . . and the most frequent reason for denying leave to amend is that the opposing party will be prejudiced if the movant is permitted to alter his pleading." *Dannebrog Rederis AS v. M/Y True Dream*, 146 F. Supp. 2d 1307, 1313 (S.D. Fla. 2001) (quoting 6 Charles Alan Wright et al., Fed. Prac. & Proc. § 1487 (Civil 2d 1990)); *see also Cowart v. Metro. Life Ins. Co.*, 444 F. Supp. 2d 1282, 1295 (M.D. Ga. 2006) (explaining that "the most important factor to consider in deciding whether to grant or deny leave to amend is prejudice to the opposing party"). Courts typically find undue prejudice "when the amendment unfairly affects the defendants in terms of preparing their

defense to the amendment." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1208 (10th Cir. 2006).

Here, other than correcting names, the proposed second amended complaint appears identical to the currently operative amended complaint. Such minor and non-substantive changes to the operative complaint do not "unfairly affect[] the Defendants in terms of preparing their defense to the amendment." *Minter*, 451 F.3d at 1208. In fact, there is no indication that the allegations in the proposed second amended complaint "arise out of a subject matter different from what was set forth in the [amended] complaint [or] raise significant new factual issues." *Id*. Rather, the proposed second amended complaint simply corrects names of individuals who are listed as Defendants in this case. Thus, Defendants have not shown that they will be unfairly prejudiced if Plaintiffs are granted leave to file the proposed second amended complaint. *See Childers v. Indep. Sch. Dist. No. 1 of Bryan Cnty., State of Okl.*, 676 F.2d 1338, 1343 (10th Cir. 1982) (stating that a district court's refusal to grant leave to amend "is particularly egregious . . . [when] the subject matter of the amendment was already alleged in the [prior] complaint[s]").

"[P]rejudice to the nonmoving party is not the only factor courts consider" when determining whether to allow leave to amend. *In re Engle Cases*, 767 F.3d 1082, 1119 (11th Cir. 2014). "Undue delay may [also] clearly support" denying leave to amend. *Id.* at 1109. Defendants do not argue, and the Court does not find any undue delay to support denying Plaintiffs leave to amend. Given the early stage of the proceedings, Defendants have not shown that "[a]llowing [Plaintiffs] to amend [the] complaint . . . would delay the litigation[.]" *Lover v. D.C.*, 248 F.R.D. 319, 322 (D.D.C. 2008). Nor have Defendants shown that the minor amendments would put them "to added expense and the burden of a more complicated and lengthy trial[.]" *Dannebrog Rederi AS*, 146 F. Supp. 2d at 1315. Accordingly, the Court finds no undue delay to justify denying leave to amend.

Lastly, the opposing Defendants argue that this case is a frivolous example of "lawfare" (Doc. 66 at 1) and they claim the allegations against Mr. Bonebrake are based on "false allegations" and "lies" (Docs. 67, 68). Despite Defendants' claims that the allegations are false and contrived, at this stage, the Court is required to assume the allegations in the complaint are true. *Otto Candies, LLC v. Citigroup Inc.*, 137 F.4th 1158,

1172 (11th Cir. 2025). This is not the time for the Court to decide the merits of the dispute. The extremely narrow issue before the Court today is simply whether Plaintiffs can file an amended complaint to correct names. Given this minor correction and the fact that the proposed second amended complaint makes no substantive changes to the operative complaint, the motion to amend will be granted.[3] Fed. R. Civ. P. 15(a)(2); *see Lee v. Sec. Check, LLC*, No. 3:09cv421-J-12TEM, 2009 WL 2044687, at *2-3 (M.D. Fla. July 10, 2009) (granting leave to amend complaint where the proposed amended complaint "seeks to change the name of Defendant Pizza Hut of Florida, Inc. to Pizza Hut of America, Inc. as a

---

[3] The second amended complaint supersedes all prior complaints and will become the operative pleading in this case. *See Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007). Ordinarily, this would moot the pending motions to dismiss the previously-filed amended complaint. Because the second amended complaint only changes the names of Defendant Bonebrake and Defendant Lee, the substantive issues raised in the pending motions to dismiss (Docs. 52, 53, 55, 61) are applicable to the second amended complaint. Thus, the Court will exercise its discretion to consider the pending motions to dismiss as motions to dismiss the second amended complaint. *See LeFevre v. L. Partners, Ltd.*, No. 1:04cv3819, 2005 WL 8155150, at *1 (N.D. Ga. Apr. 5, 2005) (stating that "[b]ecause the substantive allegations of plaintiff's amended complaint remain unchanged, the court will treat [the defendant's] motion to dismiss as a motion to dismiss the amended complaint"); *see also Dirden v. Benjamin Wade Gentry*, No. 3:23cv4689, 2024 WL 479216, at *1 n.1 (N.D. Fla. Jan. 19, 2024) (same).

properly named defendant in this action").

### III.   Conclusion

For the reasons above, it is **ORDERED** that:

1. Plaintiffs' "Motion for Leave to Amend Complaint – to Substitute Party" (Doc. 63) is **GRANTED**.

2. Within **two days** of the date of this order, Plaintiffs must re-file the second amended complaint (Docs. 63-1 to 63-4) in a separate docket entry. *See* N.D. Fla. Loc. R. 15.1(B) (requiring a proposed amended complaint to be separately docketed from a motion to amend).

3. Defendants Preston and Lee must respond to the second amended complaint within **seven days** of it being re-filed by Plaintiffs.[4]

4. The pending motions to dismiss the amended complaint (Docs. 52, 53, 55, and 61) will be considered as motions to dismiss the second amended complaint.

**IT IS SO ORDERED.**  This the 17th day of June 2025.

*s/ Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

---

[4] Defendant Preston's response to the amended complaint (Doc. 35) was previously due on June 18, 2025. (*See* Doc. 64). Defendant Lee's response to the amended complaint (Doc. 35) was previously due on June 24, 2025. (*See* Doc. 57).