UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION
Case No.: 1:25-cv-00058-RH-MJF

ELEPHANT SHOE, LLC, an Ohio Limited Liability Company
d/b/a WHAT THE HALE$, and JEREMY B. HALES,

    Plaintiffs,

v.

LYNETTE MICHELLE LACY ALEXIS PRESTON
JOHN COOK, BRUCE P. MATZKIN, LISA LEE,
MARLA HUGHES, DAVID C. HELM, ROBERT J. KESZEY,
DAVID MICHAEL TESCHENDORF, RAYMOND G. BONEBRAKE, JR,
and RICHARD LUTHMANN,

    Defendants.
_____/

## RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UNDER RULE 12(B)(6) (Doc. 61)

Defendant John Cook ("COOK") has filed a motion to dismiss Count Nine of the Amended Complaint, which alleges civil conspiracy, for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Doc. 61).

The Amended Complaint alleges that COOK participated in a conspiracy to harm the plaintiffs and that COOK enlisted other co-defendants to join the conspiracy.

COOK argues that the allegations in the Amended Complaint are conclusory and lack factual support to establish an agreement or concerted action. COOK asserts

that the Amended Complaint fails to allege any underlying facts to support the existence of an agreement or overt acts in furtherance of the conspiracy.

## **MEMORANDUM IN OPPOSITION TO DEFENDANT COOK'S MOTION TO DISMISS**

Plaintiffs respectfully submit this memorandum in opposition to COOK's Motion to Dismiss Count Nine of the Amended Complaint, which alleges civil conspiracy. Under Florida law, a civil conspiracy requires specific elements, all of which have been adequately alleged in the Amended Complaint. Defendant COOK's motion mischaracterizes the allegations and improperly seeks dismissal despite the Amended Complaint's compliance with the pleading standards set forth in Federal Rule of Civil Procedure 8(a) and relevant case law.

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must state a claim that is plausible on its face. *Alan v. Wells Fargo Bank, N.A.*, 604 Fed. Appx. 863 (11th Cir. 2015), *Davis v. City of Apopka*, 734 Fed. Appx. 616 (11th Cir. 2018) . A claim is plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ramirez v. Paradies Shops, Ltd. Liab. Co.,* 69 F.4th 1213 (11th Cir. 2023), *Thomason v. One West Bank, FSB*, 596 F. App'x 736 (11th Cir. 2014). Conclusory allegations and legal conclusions unsupported by factual allegations are insufficient. However, the court must accept all factual allegations as true and construe them in the light most favorable to the plaintiff.

# ARGUMENT

## I. The Amended Complaint Adequately Alleges The Elements Of Civil Conspiracy Under Florida Law

Under Florida law, a civil conspiracy requires: (1) an agreement between two or more parties; (2) to do an unlawful act or to do a lawful act by unlawful means; (3) the doing of some overt act in furtherance of the conspiracy; and (4) damage to the plaintiff as a result of the acts done under the conspiracy. *Eagletech Communs., Inc. v. Bryn Mawr Inv. Group, Inc.*, 79 So. 3d 855 (Fla. 4th DCA 2012), *EMI Sun Vill., Inc. v. Catledge*, 779 Fed. Appx. 627 (11th Cir. 2019). "[I]n pleading conspiracy, the plaintiff must further identify an actionable underlying tort or wrong." *Id*. This is because "[t]here is no freestanding cause of action in Florida for 'civil conspiracy.'" *Tejera v. Lincoln Lending Servs., LLC*, 271 So. 3d 97, 103 (Fla. 3rd DCA 2019). Rather, "[t]he conspiracy is merely the vehicle by which the underlying tort was committed, and the allegations of conspiracy permit the plaintiff to hold each conspirator jointly liable for the actions of the coconspirators." *Id*.

### Agreement Between Two or More Parties

The Amended Complaint alleges that Defendant COOK agreed with other co-defendants to harm the Plaintiffs. Specifically, paragraph 239 of the Amended Complaint states that COOK agreed to launch a campaign to damage Hales. While COOK argues that this allegation is conclusory, Florida law permits the use of circumstantial evidence to establish the existence of an agreement in a conspiracy

case. Circumstantial evidence is often necessary because direct evidence of an agreement is typically in the possession of the conspirators. This means that the existence of a conspiracy and an individual's participation in it may be inferred from circumstantial evidence. *Northwestern National Insurance Co. v. General Electric Credit Corp.*, 362 So.2d 120 (Fla. 3d DCA 1978), cert. denied, 370 So.2d 459 (Fla. 1979); *See In re Chira*, 353 B.R. 693, 732 (Bankr. S.D. Fla. 2006) (citation omitted), aff'd, 378 B.R. 698 (S.D. Fla. 2007), aff'd, 567 F.3d 1307 (11th Cir. 2009) (agreement to engage in a civil conspiracy "need not be expressed in words and may be implied and understood to exist from the conduct itself"). Moreover, under Florida law "[e]ach coconspirator need not act to further a conspiracy" but "need only know of the scheme and assist in it in some way to be held responsible for all of the acts of his coconspirators." *Otto Candies, LLC v. Citigroup Inc.*, 30 Fla. L. Weekly Fed. C2182 (U.S. 11th Cir. May 8, 2025) (citation omitted).

### Unlawful Act or Lawful Act by Unlawful Means and Overt Act in Furtherance of the Conspiracy

In Count 9 of the Amended Complaint, the Plaintiffs reference in detail three underlying actionable unlawful acts or lawful acts by unlawful means – (1) Violations Of Florida's Deceptive And Unfair Trade Practices Act, Fla. Stat. § 501.201, Et Seq. (2) False Advertising Under The Lanham Act, 15 U.S.C. § 1125(A), and (3) The Tort Of Tortious Interference With Advantageous Business Relationships. See ¶¶ 23-55; 98-110; and 165-172.

The Amended Complaint demonstrates that COOK engaged in a conspiracy with all Defendants to commit (1) Violations Of Florida's Deceptive And Unfair Trade Practices Act, Fla. Stat. § 501.201, Et Seq. (2) False Advertising Under The Lanham Act, 15 U.S.C. § 1125(A), and (3) The Tort Of Tortious Interference With Advantageous Business Relationships. The Amended Complaint alleges a continuous course of conduct by COOK and the co-defendants, which culminated in harm to the Plaintiffs.

To begin, the alleged scheme is unlawful:

- Fla. Stat. § 501.204 (1) states:

    > Unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful.

Violations of Florida's Deceptive And Unfair Trade Practices Act can result in civil penalties, including fines and attorney's fees. In some cases, penalties can reach $10,000 per violation. Fla. Stat. § 501.2075.

- 15 U.S.C. § 1125(a) - Section 43(a) of the Lanham Act - provides a cause of action for false advertising and unfair competition.

- The Tort Of Tortious Interference With Advantageous Business Relationships is an underlying actionable tort.

Secondly, the plaintiffs suffered injuries - damages totaling over $5 million in losses.

Third, the agreement between COOK and Defendants is evident and can be inferred from circumstantial evidence in the Amended Complaint:[1]

- WEEKS agreed to launch a campaign to damage HALES, as evidenced by WEEKS' actions ¶ 215 – as outlined in ¶¶ 24-55.

- WEEKS was chosen by PRESTON to be PRESTON's "podcast" or "PR person" as part of the Anti [What The Hales] Media Ecosystem – the Malicious Conspiracy To Harm Hales. ¶ 25.

- All the other Defendants have appeared on WEEKS' online platform channel as part of WEEK's scheme between June, 2024 to date – at least once. ¶ 54.

- Since May, 2023 to date, PRESTON solicits money publicly, via Facebook, marketing, and via GoFundMe projects, receiving money from consumers, and from WEEKS, claiming she is indigent while withholding her true income (including operating a flea market shop) from federal/state governments and

---

[1] To determine whether a plaintiff has adequately alleged conspiratorial agreement, courts consider factors including (1) "[p]roof that the [defendant] committed an act which furthered the purpose of the conspiracy," *see, e.g., Koch v. Royal Wine Merchs., Ltd.*, 907 F. Supp. 2d 1332, 1347 (S.D. Fla. 2012) (citation omitted); (2) the defendant's knowledge of the conspiracy's objective, *see, e.g., In re Palm Beach Fin. Partners, L.P.*, 517 B.R. 310, 344-45 (Bankr. S.D. Fla. 2013; (3) the defendant's association with alleged co-conspirators, *see, e.g., Burger v. Hartley*, 896 F. Supp. 2d 1157, 1169-70 (S.D. Fla. 2012); and (4) the defendant's incentives to participate in the conspiracy, *see, e.g., Koch v. Koch Indus., Inc.*, 2 F. Supp. 2d 1385, 1387 (D. Kan. 1998).

consumers; she further fails to declare her income from donations to her 501 (c)(3) charity. ¶ 96.

- COOK, upon believing WEEKS was giving a great deal of money to himself and to PRESTON, suggested – during a WEEKS livestream – that they all "go on a cruise" together. ¶ 109.

- On or about November 15, 2024, HELM appeared on a WEEKS YouTube livestream and stated – regarding the false signs about Mr. Jeremy Hales (See ¶ 65) - "I saw a picture of JERM planting the signs himself." ¶ 121.

- HELM also invited MATZKIN to appear with him on HELM's YouTube channel, and MATZKIN did so in 2024, thus displaying their relationship as joint tortfeasors and co-conspirators for all the world to see. ¶ 130.

- In a 2024 YouTube livestream on WEEKS business platform - KESZEY makes false statements about HALES and Mr. HALES. ¶¶ 146-147.

- MATZKIN appeared with KESZEY with WEEKS on her YouTube channel in 2024. ¶ 147.

- TESCHENDORF has appeared online (on his and others' YouTube channels) with MATZKIN, WEEKS, KESZEY, and RAYMOND. ¶ 153.

- RAYMOND recommends viewers to watch the YouTube channels of TESCHENDORF, WEEKS, KESZEY, and LUTHMANN, and RAYMOND

has appeared online (on others' YouTube channels) with TESCHENDORF, WEEKS, and KESZEY. ¶ 160.

- MATZKIN, HELM, WEEKS, PRESTON, COOK, LUTHMANN and HUGHES personally post to a "hate group" designed to damage the reputation of HALES and Mr. HALES and where comments from all Defendants are posted in this hate group including, without limitation, links to false YouTube videos and pages about HALES and Mr. HALES. ¶¶ 165-168.

Florida law recognizes that a civil conspiracy must be based on an independent wrong or tort that would constitute a cause of action if committed by one person. *Kee v. National Reserve Life Ins. Co.*, 918 F.2d 1538 (11th Cir. 1990); *Raimi v. Furlong*, 702 So. 2d 1273 (Fla. 3rd DCA 1997). The Amended Complaint sufficiently alleges such underlying tortious conduct.

The above shows the execution of some overt act in pursuance of the conspiracy; financial incentives to participate in the conspiracy; COOK's degree of knowledge of the conspiracy's objective; acts committed in furtherance of the conspiracy; and close association with the Defendants.

## Damages

The Amended Complaint alleges that the Plaintiffs suffered damages as a result of the conspiracy, including harm to reputation and financial losses. These

allegations are sufficient to satisfy the damages element of a civil conspiracy claim under Florida law.

## II. The Amended Complaint Meets the Plausibility Standard Under Federal Rule of Civil Procedure 8(a).

The Amended Complaint contains sufficient factual allegations to state a plausible claim for relief. The allegations are not mere threadbare recitals of the elements of a cause of action but include specific facts regarding COOK's participation in the conspiracy. For example, the Amended Complaint alleges that COOK enlisted other co-defendants to join the conspiracy and agreed to harm the Plaintiffs. These allegations, when taken as true, allow the court to draw the reasonable inference that COOK is liable for the alleged misconduct. *See Eckart v. Allstate Northbrook Indem. Co.*, 2023 U.S. App. LEXIS 33076 (11th Cir. Dec. 14, 2023).

## III. General Allegations Of Conspiracy Are Not Inadequate When Supported By Specific Facts

While general allegations of conspiracy are insufficient under Florida law, the Amended Complaint in this case includes clear, positive, and specific allegations of COOK's participation in the conspiracy. *Yoo Hoo of Florida Corp. v. Catroneo*, 175 So. 2d 220 (Fla. 3rd DCA 1965).

Florida courts have held that a complaint must set forth specific allegations of civil conspiracy, and the Amended Complaint here meets that standard.

## CONCLUSION

For the reasons state above, the Court should deny in full COOK's Motion to Dismiss. Should the Court grant the motion on any ground, however, it should do so without prejudice and afford Plaintiffs an opportunity to amend to address any perceived defect. *See Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988).

Respectfully submitted,

SHOCHET LAW GROUP
Attorneys for Plaintiffs
409 N. Main Street
Trenton, FL 32693

By: **/s/ *Randall Shochet***
Randall ("Randy") Shochet, Esq.
FBN.: 959421
attorneys@counsel.insure

## SERVICE LIST

Cameron L. Atkinson, Esq.
Atkinson Law, LLC
Attorney For MATZKIN
1000 Lafayette Blvd., Fl. 11
Bridgeport, CT 06604
catkinson@atkinsonlawfirm.com

Lynette Michelle Lacy Alexis Preston, pro se

John Cook, pro se

Marla Hughes, pro se

Lisa Lee, pro se

Christopher Joseph Gage, Esq.
Banker Lopez Gassler PA
Attorney for HELM
501 E KENNEDY BLVD, STE 1700
TAMPA, FL 33602
service-cgage@bankerlopez.com