UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JEREMY BRYAN HALES, et al.,
Plaintiffs,

v.

Case No.: 1:25cv58/RH/ZCB

JOHN COOK, et al.,
Defendants.
/

### DEFENDANT LEE'S MOTION TO DISMISS 2ND AMENDED COMPLAINT; MOTION TO STRIKE ALLEGATIONS THAT LACK STANDING; IN THE ALTERNATIVE MOTION FOR MORE DEFINITE STATEMENT

COMES NOW, Defendant Lee respectfully submits the Defendant Lee's Motion to Dismiss 2nd amended complaint and additional motions in support, pursuant to Federal Rule of Civil Procedure 12(b)(6), addressing [doc# 76] and states as follows:

### INTRODUCTION

This lawsuit is not a genuine pursuit of justice—it is yet another episode in Jeremy Hales' ongoing campaign to manufacture controversy, cultivate outrage, and monetize conflict for the benefit of his YouTube channel. Hales, a self-styled content creator, has made a practice of instigating public disputes, recording selectively edited encounters, and then casting himself as the perennial victim before a large and devoted online audience. His pattern is clear: provoke, record, and then profit—

FILED USDC FLND GV
JUN 26 '25 PM 12:10

using the legal process as a mere backdrop for generating attention and financial support.

The Defendants in this case are not malicious conspirators; they are independent online commentators and critics who, like Hales himself, participate in the robust and often heated public discourse that thrives on social media platforms. Their statements, cited in Hales' Amended Complaint, are plainly matters of opinion, satire, or rhetorical hyperbole—well within the norms of the YouTube community and First Amendment protections. Hales' true motive is not to vindicate his reputation, but to silence criticism, control the narrative, and stoke the outrage that drives clicks and donations from his online following.

Recent events underscore this pattern. When a retired attorney and mother of four merely gave an interview to someone critical of Hales, she became the target of a coordinated harassment campaign by Hales and his followers—prompted and celebrated on his channel. When she responded with satirical content exposing the truth, Hales spun the story, presenting himself as the aggrieved party and again mobilizing his audience against her.

The litigation before this Court is no different. Hales has weaponized the court system, turning legal filings into fodder for his videos, all while soliciting and receiving tens of thousands of dollars in donations under the guise of defending

himself from "attacks." This is not the conduct of a wronged individual seeking justice—it is the calculated strategy of a digital provocateur exploiting the legal system for views, influence, and profit.

For these reasons, the Court should view Hales' claims with the skepticism warranted when the legal process is conscripted as a stage prop for online entertainment, rather than a forum for the resolution of legitimate grievances.

## FACTS & ARGUMENT

## ARGUMENT 1: PARAGRAPHS 50–53 FAIL TO STATE A CLAIM AND SHOULD BE DISMISSED

Plaintiff's allegations in Paragraphs 50–53—regarding LEE's alleged solicitation of donations and purported personal enrichment—are irrelevant and non-actionable as a matter of law. These paragraphs do not allege any facts showing that Plaintiff HALES, either individually or through any business entity, suffered a legally cognizable injury as a direct result of LEE's alleged conduct concerning donations from unrelated third parties.

### 1. No Standing Under Florida or Federal Law

To establish standing in Florida, a plaintiff must demonstrate an actual or imminent injury that is concrete and particularized, and that the injury is fairly traceable to the defendant's conduct. See *Sosa v. Safeway Premium Fin. Co.*, 73 So. 3d 91, 116 (Fla. 2011); *Meyer v. City of Alachua*, 365 So. 3d 424, 426 (Fla. 1st DCA 2023)

("Standing requires a direct and articulable stake in the outcome of a controversy.").

Federal law similarly requires that a plaintiff allege an "injury in fact," causation, and redressability. See *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992).

Here, Plaintiff fails to allege any actual injury to himself (or his business) resulting from LEE's alleged donation activities. The allegations relate solely to purported misrepresentations to third-party donors, not to Plaintiff. Plaintiff does not and cannot assert the legal rights or interests of those third parties. See *Warth v. Seldin*, 422 U.S. 490, 499 (1975) (plaintiff "cannot rest his claim to relief on the legal rights or interests of third parties").

## 2. No Cognizable Claim Based on Irrelevant Conduct

The alleged conduct—soliciting and retaining donations from others for personal use—does not state a claim for relief by Plaintiff. Whether or not LEE misrepresented the purpose of donations to other individuals is not actionable by Plaintiff, as he is not the alleged victim. See *Estate of McCall v. United States*, 134 So. 3d 894, 903 (Fla. 2014) ("To maintain a cause of action, the plaintiff must have suffered a legally cognizable injury.").

### 3. No Causal Link to Plaintiff's Claims

Plaintiff's complaint is rooted in alleged defamation and business torts. The donation paragraphs do not assert any facts tying LEE's fundraising activities to reputational or business harm suffered by Plaintiff, nor do they show any causal link. Allegations that LEE failed to account for donation funds or "enriched herself" are wholly unrelated to any cognizable injury to Plaintiff.

## CONCLUSION

For the foregoing reasons, all claims and allegations asserted in Paragraphs 50–53 should be dismissed with prejudice pursuant to Fla. R. Civ. P. 1.140(b)(6) and Fed. R. Civ. P. 12(b)(6), as Plaintiff lacks standing and the allegations are irrelevant and immaterial to any claim for relief.

## ARGUMENT 2: ALLEGED STATEMENTS ARE NON-ACTIONABLE OPINION OR LACK REQUIRED DEFAMATION ELEMENTS

Plaintiff's Second Amended Complaint cites numerous statements by LEE (Paragraphs 29, 30, 32, 52), yet fails to state a legally sufficient claim for defamation under Florida or federal law.

### 1. Non-Actionable Opinion and Rhetorical Hyperbole

Florida law distinguishes between actionable statements of fact and non-actionable opinions or rhetorical hyperbole. Only false statements of fact, not opinions, may

be the basis for a defamation claim. See *Horsley v. Feldt*, 304 F.3d 1125, 1131

(11th Cir. 2002); *From v. Tallahassee Democrat, Inc.*, 400 So. 2d 52, 57 (Fla. 1st

DCA 1981). Statements such as "he's shady," "he's obsessed with men's penises,"

"he's always talking about people's penises," and "he's scamming them out of

their money" are, by their language and context, non-verifiable and constitute

opinion or rhetorical hyperbole. See *Milkovich v. Lorain Journal Co.*, 497 U.S. 1,

20 (1990) (opinion statements are protected if they cannot be proven true or false).

## 2. Reliance on Public or Third-Party Information

A defamation action requires that the defendant made a false statement of fact,

knowing it was false or with reckless disregard for the truth (*New York Times Co.

v. Sullivan*, 376 U.S. 254, 279–80 (1964)). Here, Plaintiff alleges no facts showing

LEE possessed or was presented with contradictory evidence regarding the

veracity of statements made on her channel. Absent factual allegations that LEE

knew the statements were false, or that she acted with reckless disregard, Plaintiff

fails to plead actual malice as required for public figures or matters of public

concern. See *Smith v. Cuban Am. Nat'l Found., 731 So. 2d 702, 705 (Fla. 3d DCA

1999).*

## 3. No Plausible Allegation of Actual Malice or Reckless Disregard

To survive dismissal, Plaintiff must plead facts showing LEE published the alleged

statements with actual malice—knowledge of falsity or reckless disregard for the

truth. See *Harte-Hanks Commc'ns v. Connaughton*, 491 U.S. 657, 688 (1989);

*Dockery v. Fla. Democratic Party, 799 So. 2d 291, 293 (Fla. 2d DCA 2001)*. The

complaint does not allege LEE was in receipt of proof contradicting her statements,

nor any facts showing she deliberately ignored the truth. Mere conclusory

allegations of "malicious conspiracy" are legally insufficient. See *Ibarra v. Florida

Department of Agriculture & Consumer Services*, 202 So. 3d 889, 893 (Fla. 3d

DCA 2016).


### 4. Statements Based on Disclosed Facts or Public Controversy Are Not Defamation

Statements expressing viewpoints on a public controversy, or based on disclosed

facts already circulating in the public domain, are protected under the First

Amendment and Florida law. See *Hay v. Independent Newspapers, Inc.*, 450 So.

2d 293, 295 (Fla. 2d DCA 1984) ("Fair comment on a matter of public concern is

protected.").


### CONCLUSION

Because the statements Plaintiff challenges are non-actionable opinions, rhetorical

hyperbole, or are based on public/third-party information, and because Plaintiff

fails to plead actual malice or facts showing LEE knew the statements were false,

the Complaint does not state a claim for defamation. Dismissal is warranted under

Fla. R. Civ. P. 1.140(b)(6) and Fed. R. Civ. P. 12(b)(6).

## ARGUMENT 3: PARAGRAPHS 26, 27, 30, 49–55 ARE CONCLUSORY, UNSPECIFIC, AND FAIL TO STATE A CLAIM

Plaintiff's Second Amended Complaint contains numerous allegations (Paragraphs 26, 27, 30, 49–55) that are wholly conclusory and lack the factual specificity required to state a plausible claim for relief under Florida and federal pleading standards.

### 1. Conclusory Allegations Are Insufficient as a Matter of Law

Both Florida and federal courts require that complaints set forth facts, not bare legal conclusions or vague assertions. See *Iglesia Cristiana La Casa Del Señor, Inc. v. L.M.*, 783 So. 2d 353, 356 (Fla. 3d DCA 2001) ("A complaint must allege ultimate facts, not mere conclusions of law."); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (a plaintiff's obligation is to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do").

Plaintiff's repeated references to "false or misleading statements," "attacking HALES and Mr. HALES," "malicious conspiracy," "schemes," and "false pretenses" are not accompanied by any facts identifying the specific statements at issue, their context, dates, or manner of publication. Such allegations are precisely

the sort of threadbare recitals and "naked assertions" rejected by *Twombly* and

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).


## 2. Lack of Specificity Fails to Provide Fair Notice

Under Florida Rule of Civil Procedure 1.110(b)(2) and Federal Rule of Civil

Procedure 8(a)(2), a complaint must provide a "short and plain statement of the

ultimate facts showing that the pleader is entitled to relief." By failing to identify

the specific allegedly false statements or conduct, Plaintiff deprives Defendant

LEE of fair notice and the ability to respond meaningfully. See *Gannett Florida*

*Corp. v. Montesano*, 308 So. 2d 599, 600 (Fla. 1st DCA 1975) (defamation claim

must allege "the particular words" complained of); *Hopper v. City of Pasco*, 348 F.

App'x 525, 527 (11th Cir. 2009).


## 3. No Cognizable Claim Without Factual Support

Mere allegations that LEE engaged in "schemes," "malicious conspiracy," or

"false pretenses," without detailed factual support, amount to legal conclusions, not

actionable claims. See *Papasan v. Allain*, 478 U.S. 265, 286 (1986) ("Although for

the purposes of this motion to dismiss we must take all the factual allegations...as

true, we are not bound to accept as true a legal conclusion couched as a factual

allegation.").

**CONCLUSION**

Because Paragraphs 26, 27, 30, and 49–55 of the Second Amended Complaint are conclusory, lack factual specificity, and fail to give Defendant fair notice of the claims asserted, they fail to state a claim upon which relief can be granted and must be dismissed as a matter of law. See Fla. R. Civ. P. 1.140(b)(6); Fed. R. Civ. P. 12(b)(6).

## ARGUMENT 4 : FAILURE TO SERVE PRE-SUIT NOTICE OR DEMAND FOR RETRACTION BARS DEFAMATION CLAIMS

Plaintiff HALES' Second Amended Complaint is fatally defective because it fails to allege, and Plaintiff did not provide, the requisite written notice and opportunity to retract the allegedly false statements, as mandated by both Florida statute and federal law governing procedural sufficiency.

### 1. Florida Law Requires Pre-Suit Notice and Opportunity to Retract

Under Florida's Defamation Retraction Statute, a plaintiff must serve written notice identifying the alleged defamatory statements with particularity and provide the defendant a reasonable opportunity to retract or correct the statements before seeking damages:

"Before any civil action is brought for publication or broadcast, in a newspaper, periodical, or other medium, of a libel or slander, the plaintiff shall, at least 5 days before instituting such action, serve notice in writing on the defendant, specifying

the article or broadcast and the statements therein which he or she alleges to be false and defamatory."

— § 770.01, Fla. Stat.

Failure to comply with § 770.01 requires dismissal of the defamation claim. *See Orlando Sports Stadium, Inc. v. Sentinel Star Co.*, 316 So. 2d 607, 610 (Fla. 4th DCA 1975) ("Compliance with the statute is a condition precedent to the right to maintain an action."); *Ross v. Gore*, 48 So. 2d 412, 415 (Fla. 1950).

## 2. Federal Law Recognizes State Notice and Retraction Statutes in Diversity Cases

Federal courts sitting in diversity apply state substantive law, including procedural preconditions like Florida's notice and retraction requirements. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). Federal courts in Florida routinely dismiss defamation claims where the plaintiff fails to plead compliance with Fla. Stat. § 770.01. *See Morsani v. Major League Baseball*, 663 So. 2d 653, 655 (Fla. 2d DCA 1995); *Morra v. News-Press Publ'g Co.*, 713 F. Supp. 2d 1261, 1265 (M.D. Fla. 2010).

## 3. Plaintiff Has Not Alleged Service of Notice or Compliance With § 770.01

Plaintiff's Complaint contains no allegation that written notice specifying the

allegedly false statements was ever served on LEE prior to filing suit, nor that LEE was afforded the opportunity to retract or correct the record. This failure precludes any claim for damages arising from the statements at issue.

## CONCLUSION

Because Plaintiff failed to comply with the mandatory notice and retraction provisions of § 770.01, Florida Statutes, and has not pled such compliance, all defamation claims—and all claims for damages arising from the alleged publication of false statements—must be dismissed as a matter of law.

## ARGUMENT 5: PLAINTIFF FAILS TO STATE A CLAIM FOR TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

### I. Elements of Tortious Interference in Florida

To state a cause of action for tortious interference with a business relationship under Florida law, a plaintiff must allege:

1. The existence of a business relationship, not necessarily evidenced by an enforceable contract;

2. The defendant's knowledge of the business relationship;

3. The defendant's intentional and unjustified interference with the relationship

4. A loss or damage to the plaintiff as a result of the interference.

See *Tamiami Trail Tours, Inc. v. Cotton*, 463 So. 2d 1126, 1127 (Fla. 1985); *Ethan Allen, Inc. v. Georgetown Manor, Inc.*, 647 So. 2d 812, 814 (Fla. 1994).


## II. Application to Plaintiff's Allegations

Plaintiff's complaint fails to plead facts satisfying these elements:

1. **No Specific Business Relationship Identified**

   The complaint does not allege any specific business relationship or identify particular customers, contracts, or business opportunities with which LEE allegedly interfered. General references to "reputation and sales" or "business model and income" are insufficient. See *Ethan Allen*, 647 So. 2d at 814 ("An action for intentional interference with a business relationship requires a business relationship evidenced by an actual and identifiable understanding or agreement which in all probability would have been completed if the interference had not occurred.").


2. **No Allegations of Knowledge of Specific Relationship**

   There are no factual allegations establishing that LEE had knowledge of any specific business relationship between Plaintiff and any third party, as required by law. See *Ferguson Transp., Inc. v. North Am. Van Lines, Inc.*, 687 So. 2d 821, 821–22 (Fla. 1996).

3. **No Non-Privileged, Unjustified Interference**

The complaint's allegations focus on LEE's publication of statements online and on YouTube. Criticism, negative commentary, and even allegedly false statements do not, without more, constitute actionable interference— especially where (as here) the conduct is not directed at inducing a third party to terminate a relationship, but is instead aimed at a broad, undifferentiated public audience. See *GNB, Inc. v. United Danco Batteries, Inc.*, 627 So. 2d 492, 494 (Fla. 2d DCA 1993).

Additionally, statements made in the context of public commentary or opinion are generally privileged absent clear malice or intent to directly disrupt a specific relationship.

4. **No Causal Connection to Actual Damages**

Plaintiff fails to allege facts showing a direct causal link between LEE's conduct and any specific lost sale, lost customer, or business damage. Mere conclusory allegations of "damage to reputation and sales" are insufficient. See *Coach Servs., Inc. v. 777 Lucky Accessories, Inc.*, 752 F. Supp. 2d 1271, 1282 (S.D. Fla. 2010) (dismissing claim for failure to allege specific relationships and damages).

### III. Federal Law Consistent—No Plausible Claim Stated

Federal courts applying Florida law require a plaintiff to plead "sufficient facts to state a plausible claim for relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Twombly*, 550 U.S. at 555. Here, Plaintiff's allegations are conclusory, lack specificity, and do not provide the factual basis necessary to support a claim for tortious interference with business relations.

### CONCLUSION

Plaintiff's complaint fails to allege facts sufficient to state a claim for tortious interference with business relations under Florida or federal law. Dismissal pursuant to Fla. R. Civ. P. 1.140(b)(6) and Fed. R. Civ. P. 12(b)(6) is therefore warranted.

### ARGUMENT 6: PLAINTIFF LACKS STANDING UNDER FDUTPA AND FAILS TO STATE A CLAIM UNDER THE LANHAM ACT

### I. Plaintiff Lacks Standing Under Florida's Deceptive and Unfair Trade Practices Act (FDUTPA)

To bring a claim under FDUTPA, a plaintiff must be an "aggrieved consumer" or a person or entity who has been harmed as a consumer by an unfair or deceptive act or practice. Fla. Stat. § 501.211(2). Courts have repeatedly held that business competitors and non-consumers lack standing to assert FDUTPA claims unless they are able to allege that they themselves purchased or received goods or services

as a consumer. See *Caribbean Cruise Line, Inc. v. Better Bus. Bureau of Palm Beach Cnty., Inc.*, 169 So. 3d 164, 167 (Fla. 4th DCA 2015) ("A competitor is not a consumer and thus cannot sue under FDUTPA unless it can allege that it was aggrieved as a consumer."); *Leon v. Tapas & Tintos, Inc.*, 51 F. Supp. 3d 1290, 1297 (S.D. Fla. 2014).

Here, HALES does not allege that he is a consumer of any product or service offered by LEE, nor that he purchased or received anything in commerce from LEE. Instead, he alleges only business and reputational harm resulting from LEE's statements and further describes LEE as a business competitor. Such allegations do not establish standing under FDUTPA, and the claim must be dismissed. See *Fla. Power & Light Co. v. City of Dania Beach*, 19 So. 3d 1009, 1015 (Fla. 2009); *Kertesz v. Net Transactions, Ltd.*, 635 F. Supp. 2d 1339, 1349 (S.D. Fla. 2009).

## II. Plaintiff Fails to State a Claim for False Advertising Under the Lanham Act (15 U.S.C. § 1125(a))

The Lanham Act's false advertising provisions require that the plaintiff be a business competitor who has suffered commercial or competitive harm as a result of the defendant's advertising or promotion. To state a claim, a plaintiff must allege:

1. The defendant made a false or misleading statement of fact in commercial advertising or promotion about its own or another's product;

2. The statement actually deceived or had the tendency to deceive a substantial segment of its audience;

3. The deception is material, in that it is likely to influence purchasing decisions;

4. The defendant caused the false statement to enter interstate commerce;

5. The plaintiff has been or is likely to be injured as a result, either by direct diversion of sales or by a lessening of the goodwill associated with its products.

See *Duty Free Americas, Inc. v. Estee Lauder Companies, Inc.*, 797 F.3d 1248, 1277 (11th Cir. 2015); *Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc.*, 299 F.3d 1242, 1247 (11th Cir. 2002).

Plaintiff's allegations do not satisfy these elements. There are no factual allegations that LEE made any false or misleading statement in "commercial advertising or promotion" about the characteristics or qualities of HALES' goods or services. General criticisms, personal attacks, or negative commentary on YouTube do not constitute "commercial advertising or promotion" within the meaning of the Lanham Act. See *Porous Media Corp. v. Pall Corp.*, 173 F.3d 1109, 1121 (8th Cir. 1999); *Seven-Up Co. v. Coca-Cola Co.*, 86 F.3d 1379, 1384 (5th Cir. 1996).

Moreover, HALES fails to allege facts showing actual or likely injury in the form of lost sales or goodwill directly tied to any actionable advertising or promotional activity by LEE. The Complaint merely recites legal conclusions and does not provide the factual specificity required by *Twombly* and *Iqbal*.

**CONCLUSION**

Because Plaintiff is not a consumer and lacks standing under FDUTPA, and because Plaintiff fails to plead the requisite elements of a false advertising claim under the Lanham Act, both claims must be dismissed. See Fla. R. Civ. P. 1.140(b)(6); Fed. R. Civ. P. 12(b)(6).

## ARGUMENT 7: FAILURE TO STATE A CLAIM FOR CIVIL CONSPIRACY — NO UNDERLYING TORT

### I. Civil Conspiracy Requires an Actionable Underlying Tort

Under Florida law, civil conspiracy is not an independent cause of action; it must be based on the commission of an underlying tort or wrong. See *Alhassid v. Bank of America, N.A.*, 60 F. Supp. 3d 1302, 1326 (S.D. Fla. 2014); *American United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1067 (11th Cir. 2007) ("[A] claim for civil conspiracy fails if the underlying independent tort has not been adequately pled."); *Raimi v. Furlong*, 702 So. 2d 1273, 1284 (Fla. 3d DCA 1997).

To state a claim for civil conspiracy, a plaintiff must allege:

1. An agreement between two or more parties;

2. To do an unlawful act or a lawful act by unlawful means;

3. The doing of some overt act in pursuance of the conspiracy; and

4. Damage to plaintiff as a result of the acts done under the conspiracy.

See *Walters v. Blankenship, 931 So. 2d 137, 140 (Fla. 5th DCA 2006)*.

## II. No Actionable Underlying Tort is Pled

Plaintiff's civil conspiracy claim is predicated on alleged violations of (1)

FDUTPA, (2) the Lanham Act, and (3) tortious interference with business

relations. (4) Defamation As detailed in prior arguments:

- **FDUTPA:** HALES is not a consumer of LEE's services or products and has

  no standing under FDUTPA. See *Caribbean Cruise Line, Inc. v. Better Bus.*

  *Bureau of Palm Beach Cnty., Inc.*, 169 So. 3d 164, 167 (Fla. 4th DCA

  2015).

- **Lanham Act:** The complaint does not sufficiently allege false or misleading

  commercial advertising or promotion, nor direct competitive harm as

  required by *Duty Free Americas, Inc. v. Estee Lauder Companies, Inc.*, 797

  F.3d 1248, 1277 (11th Cir. 2015).

- **Tortious Interference:** The complaint fails to identify a specific business

  relationship, knowledge thereof, or direct unjustified interference as required

  by *Ethan Allen, Inc. v. Georgetown Manor, Inc.*, 647 So. 2d 812, 814 (Fla.

1994).

- **Defamation:** The complaint fails to meet criteria for defamation.

## III. Civil Conspiracy Fails Without Underlying Tort

Where a plaintiff cannot demonstrate the existence of an actionable underlying tort, the conspiracy claim must be dismissed. See *American United Life Ins. Co. v. Martinez*, 480 F.3d at 1067; *Kanter v. Newman*, 654 So. 2d 1267, 1271 (Fla. 4th DCA 1995) ("A conspiracy claim must fail if the underlying tort or wrong fails to state a cause of action.").

## CONCLUSION

Because Plaintiff cannot establish any viable claim for FDUTPA, Lanham Act false advertising, or tortious interference, the civil conspiracy claim must also be dismissed as a matter of law. See Fla. R. Civ. P. 1.140(b)(6); Fed. R. Civ. P. 12(b)(6).

## ADDITIONAL ARGUMENTS IN FAVOR OF DEFENDANT LEE

1. **Plaintiff's Claims Target Protected Speech and Online Commentary**

The factual allegations against LEE concern her participation in public commentary, criticism, and online discussion—activities that are at the core of what the First Amendment protects. As highlighted, statements such as "Jeremy

Hales tortured [Preston] for content," references to Hales as "GERM," and remarks about "destroy[ing] lives using a virtual mob" are classic examples of opinion, rhetorical hyperbole, or non-actionable criticism. Florida and federal courts have repeatedly recognized that robust, even caustic, speech about public figures or online personalities is not actionable. *See* Milkovich v. Lorain Journal Co., 497 U.S. 1, 19–21 (1990); Stewart v. Sun Sentinel Co., 695 So. 2d 360, 363 (Fla. 4th DCA 1997).

2.  **Generalized and Conclusory Allegations Are Not Sufficient**

The Complaint relies on vague, conclusory, and generalized allegations—such as claims of a "malicious conspiracy," "scheme," or "campaign of public disparagement"—without specifying what statements were made, when, or showing how they are provably false. Such allegations do not meet the federal pleading standard set by Iqbal and Twombly and are insufficient to state a claim under Florida law. *See* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Jews for Jesus, Inc. v. Rapp, 997 So. 2d 1098, 1106 (Fla. 2008).

3.  **No Specific Unlawful Agreement or Overt Acts for Conspiracy**

To state a claim for civil conspiracy, Plaintiff must allege "an agreement to commit an independent tort" and specific overt acts in furtherance thereof. Merely participating in livestreams, posting on social media, or appearing on YouTube

channels—even in collaboration with others—is not sufficient to plead conspiracy under Florida law. *See* GE Real Estate Servs., Inc. v. Mandich Real Estate Advisors, Inc., 337 So. 3d 416, 420–21 (Fla. 3d DCA 2021); NAACP v. Claiborne Hardware Co., 458 U.S. 886, 925–26 (1982).

### 5. No Trade or Commerce Alleged Under FDUTPA

Plaintiff makes no allegations that LEE engaged in any trade or commerce with Plaintiff or that LEE's conduct was likely to mislead anyone acting reasonably under the circumstances. The Complaint fails to allege actual damages or any deceptive act or unfair practice as required by FDUTPA, and thus cannot state a claim. *See* Ounjian v. Globoforce, Inc., 89 F.4th 852, 861 (11th Cir. 2023).

### 6. No Commercial Advertising or Promotion Under the Lanham Act

The statements attributed to LEE do not constitute "commercial advertising or promotion" as required by the Lanham Act. There are no factual allegations that LEE made false or misleading statements in the context of promoting goods or services, nor any allegations of material deception or competitive injury. *See* Intertape Polymer Corp. v. Inspired Technologies, Inc., 725 F. Supp. 2d 1319, 1334 (S.D. Fla. 2010).

### 7. No Identifiable Business Relationship for Tortious Interference

The Complaint fails to identify with specificity any business relationship between Plaintiff and a third party with which LEE interfered. Generalized assertions about "reputation and sales" are insufficient. *See* Tamiami Trail Tours, Inc. v. Cotton, 463 So. 2d 1126, 1127 (Fla. 1985).

### 8. First Amendment and Online Context

The context of these statements is critical: YouTube and similar online platforms are forums for expressive, often exaggerated and contentious, opinion and commentary. Courts have long protected such forums as central to public discourse, and the Complaint's attempt to convert online criticism into tort liability is contrary to the First Amendment and Florida law.

### 9. Plaintiff's Motive and Pattern Undermine Claims

The document notes Plaintiff's pattern of provoking controversy for personal gain and using litigation as a tool for content and fundraising. This context further supports the view that the current action is an attempt to chill protected speech rather than to redress any actionable wrong.

WHEREFORE, Defendant Lee requests this Honorable Court to dismiss the following complaint with prejudice, in the alternative strike irrelevant and general conclusory allegations, all other remedies just under law.

Respectfully submitted,

*/s/ Lisa Lee*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

I certify this memorandum contains 4,655 words.

*/s/ Lisa Lee*

## CERTIFICATE OF SERVICE

I certify the foregoing document has been served via email on this 25th day of June, 2025.

*/s/ Lisa Lee*
2518 Burnsed Blvd. Ste. 338
The Villages, FL 32163
386-259-0598

SHOCHET LAW GROUP
Attorneys for Plaintiffs
409 N. Main Street
Trenton, FL 32693

Randall Shochet, Esq.
FBN.: 959421
attorneys@counsel.insure


Cameron L. Atkinson, Esq.Atkinson Law, LLC

Attorney For MATZKIN

1000 Lafayette Blvd., Fl. 11 Bridgeport, CT 06604

catkinson@atkinsonlawfirm.com


Lynette Michelle Lacy Alexis Preston, pro se

John Cook, pro se

Marla Hughes, pro se


Christopher Joseph Gage, Esq.

Banker Lopez Gassler PA

Attorney for HELM

501 E Kennedy blvd, Ste 1700

Tampa, FL 33602

service-cgage@bankerlopez.com



