UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

JEREMY B. HALES,                        Civil Action No.:
                                             1:25-CV-00058-RH-MJF
        Plaintiff,
v.

LYNETTE MICHELLE LACEY ALEXIS PRESTON
Et al,

        Defendants

### Defendant Michelle Preston's Motion To Dismiss

Defendant Michelle Preston moves pursuant to FRCP 12(b)(6) to dismiss Count One and Count Eight for failure to state a claim.

### Memorandum In Support of Moton To Dismiss

Federal Rule 12(b)(6) requires dismissal when a complaint fails to state a claim upon which relief can be granted.

"Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." In determining whether to dismiss under Rule 12(b)(6), a court accepts the factual allegations in the complaint as true and construes them in a light most favorable to the non-moving party. See United Techs. Corp. v. Mazer , 556 F.3d 1260, 1269 (11th Cir. 2009). Nonetheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal , 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

Furthermore, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Id. (quoting Bell Atl. Corp. v. Twombly , 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Generally, in deciding a motion to dismiss, "[t]he scope of the review must be limited to the four corners of the complaint." St. George v. Pinellas Cty. , 285 F.3d 1334, 1337 (11th Cir. 2002).

The allegations do not establish any agreement between me and the other defendants to do any unlawful act. At most, the defendants "conspired" to exercise their Free Speech, which is not actionable. Therefore, the conspiracy claim in Count Eight fails as a matter of law.

Count One is based on my state court TRO case which was voluntarily dismissed without prejudice. I was granted a TRO but my lawyer, Atty. Josh Silverman, met with Hales and his lawyer Shochet in court on September 5, 2024, and Silverman advised me to dismiss it. He failed to obtain a release, which is why Hales is able to file Count One. I can bring a TRO case again based on Hales' stalking of me, which the Court has been made aware of in the other case with a lot of video links and screenshots. It is absurd that he can try to sue me for obtaining and then dismissing a TRO.

*/s/ Michelle Preston*
Michelle Preston, pro se
ltsashellofaday03@gmail.com
PO. Box 27  Otter Creek FL 32683

## CERTIFICATION

On June 24, 2025, a copy of the foregoing was emailed to counsel of record for the plaintiff:

Randall Shochet, Esq
Shochet Law Group
Attorneys for Jeremy B. Hales
409 N. Main Street Trenton, FL 32693
attorneys@counsel.insure

*[signature]*
Michelle Preston
PO Box 27
Otter Creek FL. 32683
June 24 2025

L. Preston
Po Box 27
Otter Creek FL. 32683

United States District Court for The Northern District of Florida
Gainesville division
401 SE First ave
Gainesville, FL. 32601

CHECKED JUN 3 0 2025



FIRST-CLASS
ZIP 32683
02 7H
0001316787
US POSTAGE PITNEY BOWES
$ 001.77⁰
JUN 25 2025

