UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JEREMY BRYAN HALES,
    Plaintiff,

vs.                                             Case No.: 1:25cv58/RH/ZCB

JOHN COOK, et al.,
    Defendants.
                                   /

## ORDER

Presently before the Court is Plaintiffs' "Motion for Entry of Default" against Defendant Lynette Preston. (Doc. 81). For the reasons below, Plaintiffs' motion is denied.

Defendant Lynette Preston was personally served with Plaintiffs' complaint on March 25, 2025. (*See* Doc. 20). On June 17, 2025, Plaintiffs were granted leave to file a second amended complaint. (Doc. 74). Defendant Preston was ordered to respond to the second amended complaint within seven days of it being filed by Plaintiffs. (*Id.*).

The second amended complaint was filed on June 18, 2025. (Doc. 76). Accordingly, Defendant Preston's response to the second amended complaint was due by June 25, 2025. On June 27, 2025, Plaintiffs filed a "Motion for Entry of Default" asserting that Defendant Preston had failed

1

to respond to the second amended complaint and seeking entry of default under Fed. R. Civ. P. 55(a). (Doc. 81). On June 30, 2025, Defendant Preston's response to the second amended complaint was docketed. (*See* Doc. 83). The response certifies that it was emailed to Plaintiffs' counsel on June 24, 2025, and—per the postmark—mailed to the Court for filing on June 25, 2025. (*Id.* at 3-4).

Defendant Preston's response was not received by the Court until after the June 25, 2025, deadline.[1] Plaintiffs argue that they have been prejudiced by this. (Doc. 81 at 3).

Although the Clerk had yet to enter a default before Defendant Preston's response was filed, the Court will apply the standard that governs setting aside a default because if the Court were to grant Plaintiffs' motion and enter a default, Defendant Preston would inevitably move the Court to set aside the default. A district court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). Good cause warrants a case-by-case analysis, including consideration of the

---

[1] *See Jacobs v. Clayton Cnty. Solic. Gen. Off.*, 685 F. App'x 824, 826-827 (11th Cir. 2017) (acknowledging that the mailbox rule "has not been extended to [non-prisoner] *pro se* litigants" and stating that a pleading is "filed" when it is delivered to a clerk or judge, not when it is delivered to the post office for mailing) (citing Fed. R. Civ. P. 5(d)(2)).

following: "(a) whether the default was culpable or willful; (b) whether setting it aside would prejudice the adversary, (c) whether the defaulting party presents a meritorious defense; (d) whether there was significant financial loss to the defaulting party; and (e) whether the defaulting party acted promptly to correct the default." *SEC v. Johnson*, 436 F. App'x 939, 945 (11th Cir. 2011) (citation omitted). Defaults are generally disfavored, as "there is a strong policy of determining cases on their merits." *In re Worldwide Web Sys.*, 328 F.3d 1291, 1295 (11th Cir. 2003).

The Court finds that Defendant Preston's failure to ensure the response was filed (as opposed to postmarked) by June 25, 2025, was neither willful nor culpable. Defendant Preston certifies that she emailed her response to Plaintiff's counsel on June 24, 2025, and the postmark on her filing indicates it was mailed to the Court on June 25, 2025. (Doc. 83 at 3-4). This is not a case where weeks or months passed without a response. The Court also is not convinced that any prejudice has been caused to Plaintiffs. Accordingly, it is **ORDERED** that Plaintiffs' "Motion for Entry of Default" (Doc. 81) is **DENIED**. Plaintiffs' response to Defendant Preston's motion to dismiss (Doc. 83) is due **on or before July 15, 2025**.

**DONE AND ORDERED** this 1st day of July 2025.

/s/ *Zachary C. Bolitho*

Zachary C. Bolitho
United States Magistrate Judge