UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JEREMY BRYAN HALES, et al.,
    Plaintiffs,

v.                                                Case No.: 1:25cv58/RH/ZCB

JOHN COOK, et al.,
    Defendants.
    _____/

## ORDER TO SHOW CAUSE

The initial complaint in this case was filed on February 23, 2025. (Doc. 1). Among others, the initial complaint names as Defendants: (1) Robert J. Keszey; (2) David Michael Teschendorf; and (3) John Doe a/k/a Ray Bonecrusher.[1] (Doc. 1 at 1-2). On April 28, 2025, Plaintiffs filed an amended complaint including these same three Defendants (and others), while additionally naming Richard Luthmann as a Defendant. (Doc. 35 at 1-2). And on June 18, 2025, Plaintiffs filed a second amended complaint, again naming the four aforementioned Defendants (and others). (Doc. 76 at 1-2).

---

[1] The John Doe Defendant was identified in the second amended complaint as Raymond G. Bonebrake, Jr. (*See* Doc. 74).

1

According to the docket, summonses have been issued for these four Defendants. (Doc. 6 (Keszey and Teschendorf); Doc. 37 (Luthmann); Doc. 78 (Bonebrake)). But no proof of service has been filed regarding these four Defendants. *See* Fed. R. Civ. P. 4(*l*) ("Unless service is waived, proof of service must be made to the court."). And none of them have entered an appearance in this case or otherwise responded. As for the two Defendants who were named in the initial complaint[2]—Keszey and Teschendorf—more than 90 days has passed since the initial complaint was filed. Thus, Plaintiffs must show cause why their claims against Defendants Keszey and Teschendorf should not be dismissed under Fed. R. Civ. P. 4(m) for failure to effect timely service.

Under Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R.

---

[2] When the second amended complaint clarified that the John Doe Defendant was Raymond G. Bonebrake, Jr., that "constitute[d] the addition of a new party." *Lindley v. City of Birmingham*, 452 F. App'x 878, 880 n.3 (11th Cir. 2011). And Defendant Luthmann was first named in the first amended complaint that was filed on April 28, 2025. (Doc. 35). Thus, the time for serving Defendants Bonebrake and Luthmann did not begin to run upon the filing of the initial complaint.

Civ. P. 4(m). Plaintiffs' initial complaint was filed on February 23, 2025. (Doc. 1). Defendants Keszey and Teschendorf were listed as Defendants in the initial complaint (Doc. 1 at 1-2), and more than 90 days have passed since the initial complaint was filed. Yet it appears that they have not been served.

It does not matter that Plaintiffs subsequently filed amended complaints naming these same Defendants; amended pleadings do not restart the 90-day service deadline for Defendants who were named in the initial complaint. *See Lindley*, 452 F. App'x at 880 ("Thus, when an amended complaint names a *new defendant*, a plaintiff has [90] days from the date on which the amended complaint is filed to serve *that* defendant with process.") (emphasis added); *see also Deppe v. Vetter*, No. 6:24cv2098-JSS-UAM, 2025 WL 523366, at *1 n.1 (M.D. Fla. Feb. 18, 2025) ("While Plaintiff has since filed an amended complaint, all of the Defendants who Plaintiff seeks more time to serve were named in the original complaint, and thus filing the amended complaint does not restart his time to serve them."); *Dahdouh v. Road Runner Moving & Storage, Inc.*, 20-CV-61936, 2021 WL 1617693, at *1 (S.D. Fla. Mar. 4, 2021) (recognizing that "the filing of an amended complaint does not toll

the Rule 4(m) service period and thereby provide an additional 90 days for service" on defendants named in the original complaint).

Accordingly, it is **ORDERED** that within **fourteen days** of the date of this Order, Plaintiffs must show cause why their claims against Defendants Keszey and Teschendorf should not be dismissed for failure to effect timely service under Fed. R. Civ. P. 4(m).

**DONE AND ORDERED** this 2nd day of July 2025.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge