UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JEREMY BRYAN HALES, et al.,
Plaintiffs,

v.

Case No.: 1:25cv58/RH/ZCB

JOHN COOK, et al.,
Defendants.

## MOTION FOR LEAVE TO FILE AN AMENDED MOTION TO DISMISS

COMES NOW, Defendant Lisa Lee, pursuant to FRCP 7(b), files this motion for leave to file an amended motion to dismiss, respectfully request that the Court grant leave to file an Amended Motion to Dismiss, addressing the correct operative claims and states:

1. On 6/26/25, Doc. 79, Defendant Lee filed her Motion to Dismiss. Defendant Lee files this Motion for Leave to file an Amended Motion to Dismiss, only one day after filing her original Motion to Dismiss. To date, no party or the Court has responded to her original Motion to Dismiss at the time of this filing.

2. On 2/23/25, the Plaintiff filed his Complaint, citing claims of Defamation

3. On 4/28/25, the Plaintiff Amended his Complaint, to remove all Defamation claims

4. On 5/10/25, Defendant Lee was served with the original Complaint that was filed on 2/23/25, citing the Defamation claims. The Plaintiff was never served



~ 1 ~

Defendant Lee with the Amended Complaint, as evidenced in the Certificate of Service [*See.* Exhibit A]

5. On 6/18/25, the Plaintiff was granted leave to amend and Plaintiff filed his 2nd Amended Complaint solely, premised on him adding a Defendant's name and not altering anything else in the Complaint.

6. Defendant Lee is a Pro Se Litigant, and has not been getting notice on court filing beyond the following: (1) Formal Service of the Original Complaint [filed 2/23/25] (2) Mailed Court Order Doc. 73 (3) Mailed Court Order Doc. 74

7. On June 27, 2025, Defendant Lee notified Plaintiff's counsel, Attorney Shocket, pursuant to Rule 7.1(B) of the Northern District of Florida's Federal Court procedures, to request whether Attorney Shocket would consent to Lee amending her Motion to Dismiss. This request came just one day after Defendant Lee filed her original Motion to Dismiss on June 26, 2025. [Exhibit E].

8. Despite receiving notice of Defendant Lee's intention to seek leave to amend, Attorney Shocket refused to consent and, on June 28, 2025, quickly filed a response to the original Motion to Dismiss the following day. This conduct was not only tactical and prejudicial to Defendant Lee, but also demonstrates Attorney Shocket's efforts to disadvantage a pro se litigant. Defendant Lee would request this Court to recognize Attorney Shocket's tactical maneuver created from Defendant Lee's good faith compliance with this Court required procedural rule 7.1 and not take this into consideration should Attorney Shocket argue it is prejudicial since he responded.

9. Defendant Lee submits this as further evidence that Attorney Shocket is intentionally failing to provide proper notice of filings in this case, denying Defendant Lee her due process rights.

10. Defendant Lee seeks to Amend her Motion to Dismiss to address the claims in the most recent 2nd Amended Complaint (doc.76). Defendant Lee incorrectly relied on the claims in the original Complaint (doc.1) that she was formally served on, which cited claims of Defamation. Upon discovering she relied on the incorrect Complaint, Defendant Lee promptly, sought to address the issue the following day.

11. Defendant Lee brings forth this request in good faith and no party will be prejudiced should this Court grant this request.

## MEMORANDUM IN SUPPORT

12. Under Rule 15(a)(2), leave to amend should be "freely" given "when justice so requires." Fed. R. Civ. P. 15(a)(2); *see Halliburton & Assocs., Inc. v. Henderson, Few & Co.*, 774 F.2d 441, 443 (11th Cir. 1985) ("[Rule 15(a)(2)] contemplates that leave shall be granted unless there is a substantial reason to deny it.").

13. Unless the opposing party can show prejudice, bad faith, or undue delay, a court should grant leave to file an amended pleading. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962).

14. Here, the Plaintiff(s) cannot show prejudice, bad faith or undue delay. This is because Defendant Lee filed her Motion to Dismiss on 6/26/25, Doc. 79, the day prior to following this Motion to Amend. No party or the Court has responded do this original Motion to Dismiss when Defendant Lee requested

consent to amend from Attorney Shocket. The Plaintiff timely and promptly seeks to amend prior to any party or the Court responding to her Motion to Amend filed on 6/26/25

15. Therefore, Defendant Lee, respectfully request that the Court grant her leave to file her Amended Motion to Dismiss, attached hereto at [Exhibit C].

**CERTIFICATE OF GOOD FAITH CONFERENCE; CONFERRED BUT UNABLE TO COMPLETELY RESOLVE ISSUES PRESENTED IN THE MOTION**

Pursuant to Local Rule 7.1, I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues. PLAINTIFF(S) denies consent to Defendant Lee's request to resolve this issue and this Court requires Leave of the Court to amend any Motion, pursuant to FRCP 7(b).

By: /s/ Lisa Lee
Lisa Lee, *Pro Se*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by electronically through the Clerk of Court using CM/ECF to all parties and the Defendant served the Plaintiff via Mail and email on this 27th day of June 2025, to:

SHOCHET LAW GROUP
Attorneys for Jeremy B. Hales

409 N. Main Street
Trenton, FL 32693
By: /s/ Randall Shochet
Randall Shochet, Esq.
FBN.: 959421
attorneys@counsel.insure

Respectfully submitted,

/s/ Lisa Lee
2518 Burnsed Blvd.
Ste. 338
The Villages, FL 32163
386-259-0598



