UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

Case No.: 1:25-cv-00058-RH-MJF

ELEPHANT SHOE, LLC, an Ohio Limited Liability Company
d/b/a WHAT THE HALE$,
and
JEREMY B. HALES,

      Plaintiffs,

v.

LYNETTE MICHELLE LACY ALEXIS PRESTON,
JOHN COOK, BRUCE P. MATZKIN, LISA LEE,
MARLA HUGHES, DAVID C. HELM, ROBERT J. KESZEY,
DAVID MICHAEL TESCHENDORF, RAYMOND G. BONEBRAKE, JR.
and RICHARD LUTHMANN,

      Defendants.

_____/

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT LEE'S MOTION FOR LEAVE TO FILE AN AMENDED MOTION TO DISMISS. (Doc. 87).

      Plaintiffs, Jeremy Bryan Hales and Elephant Shoe, LLC, respectfully submit this Response in Opposition to Defendant LISA LEE (hereinafter, "LEE")'s "Motion for Leave to File an Amended Motion to Dismiss." (Doc. 87).

      LEE filed her Motion to Dismiss under FRCP 12(b)(6) on June 26, 2025. (Doc. 79). LEE has now filed a "Motion for Leave to File an Amended Motion to Dismiss." (Doc. 87). In support, LEE makes the following representations to the Court:

- "On 5/10/25, Defendant Lee was served with the original Complaint that was filed on 2/23/25, citing Defamation claims." Doc. 87 at ¶ 4.

- The Plaintiff was never served Defendant Lee (sic) with the Amended Complaint." *Id.*

And as a result of never being served with the Amended Complaint: LEE represented the following to the Court:

- "Defendant Lee incorrectly relied on the claims in the original Complaint (doc.1) that she was formally served on, which cited claims of Defamation." Doc. 87 at ¶ 10.

LEE has made material misrepresentations to the Court – and HALES can prove it. As a result, LEE's Motion should be denied in its entirety.

## **MEMORANDUM**

### I.    **LEE WAS SERVED WITH THE AMENDED COMPLAINT (DOC. 35) AND NEVER THE ORIGINAL COMPLAINT.**

On May 6, 2025, the undersigned sent the Amended Complaint (Doc. 35) and its attachments (Doc. 35-1, 35-2, and 35-3) to Jared@accurateservegainesville.com – along with the Summons for LEE (labeled as SUMMONS WEEKS.pdf) – see email attached hereto as **Exhibit 1**.

On May 8, 2025, LEE was served with the Amended Complaint (Doc. 35) and its attachments (Doc. 35-1, 35-2, and 35-3) – along with the Summons for LEE

(labeled as SUMMONS WEEKS.pdf) – see Return of Service Affidavit documents

attached hereto as **Exhibit 2**. LEE was told this proof existed prior to filing the

current Motion for Leave, yet still persisted in filing this Motion, which should not

be well taken by the Court. The meet and confer email to LEE advised her of the

problem with arguing that she was not served with the Amended Complaint says:

> You can respond that we do not agree, especially the claim
> that you were not served with the amended complaint, **we
> have documentation that this process server never
> received anything but the amended complaint for you to be
> served**.
>
> Get Outlook for iOS
> _____
> **From:** Lisa Lee <lisa.lee.legal@gmail.com>
> **Sent:** Friday, June 27, 2025 2:10:37 PM
> **To:** Shochet Law Group <attorneys@counsel.insure>
> **Subject:** Re: Request for Consent to Amend Motion to Dismiss
>
> My grounds are found in the following attachment.
>
>
> On Fri, Jun 27, 2025 at 1:34 PM Shochet Law Group
> <attorneys@counsel.insure> wrote:
> What are your grounds?
> -- [1]

Under these circumstances, it was naturally assumed that that "ended the meet and

confer discussion" as to the potential reasons to seek a "second bite at the apple"

when *the grounds themselves are/were false and untrue*. Attached hereto ae **Exhibit**

**3** are the "grounds" referenced in the email string.

---

[1] See Doc. 87-4.

## II.   **LEE RELIED ON THE AMENDED COMPLAINT (Doc. 35) IN HER MOTION TO DISMISS (Doc. 79)**

In her Motion to Dismiss (Doc. 79), LEE refers to several numbered paragraphs of the Complaint, i.e., Paragraphs 50-53 (Doc. 79 at pages 3 and 5), Paragraphs 29, 30, 32, and 52 (Doc. 79 at page 5), Paragraphs 26, 27, 30, and 49-55 (Doc. 79 at pages 8 and 10).

Each of these paragraphs and the arguments made based on these paragraphs prove that LEE's motion (Doc. 79) who is based on the amended complaint, and not the Original Complaint (Doc. 1) as LEE represents to the Court. To conclude otherwise escapes all reality and common sense. This is because the paragraphs described and referenced match completely up to the Amended Complaint (Doc. 35) and not the Original Complaint (Doc. 1).

LEE's Motion regarding Paragraphs 50-53 states:

> Plaintiff's allegations in Paragraphs 50–53—regarding LEE's alleged solicitation of donations and purported personal enrichment—are irrelevant and non-actionable as a matter of law. These paragraphs do not allege any facts showing that Plaintiff HALES, either individually or through any business entity, suffered a legally cognizable injury as a direct result of LEE's alleged conduct concerning donations from unrelated third parties.

Doc. 79 at page 3. Such an argument could not have been made without seeing Paragraphs 50-53 of the amended complaint (Doc. 35). This is because Paragraphs 50-53 of the Original Complaint (Doc. 1) refer *only to Defendant HELM and do not*

*refer to Defendant LEE at all*, while Paragraphs 50-53 of the Amended Complaint (Doc. 35) refers to LEE and matches up with her complaints in her Motion to Dismiss about the "donations" she solicits.[2]

LEE's Motion regarding Paragraphs 26, 27, 29, 30, 32, and 49-55 also cannot withstand this analysis as these paragraphs match completely up to the Amended Complaint (Doc. 35) and not the Original Complaint (Doc. 1) when reading LEE's Motion (Doc. 79).

Paragraphs 26, 27, 29, 30, 32 and 49-55 in the Original Complaint also do not refer to LEE at all. Instead, they refer only to PRESTON, COOK, HELM, and MATZKIN. See Doc. 1 at paragraphs 26, 27, 29, 30, 32 and 49-55.

_____

[2]    50. WEEKS solicits cash from consumers who watch WEEKS' programming and misleads them to believe these donations are for charitable purposes (i.e., for PRESTON's child; to construct a home on PRESTON's property, etc.).

51. The soliciting of donations for this purpose from consumers who watch WEEKS has been quite effective, WEEKS has been able to raise at least $70,000 since August 2024, under the above false pretense. These are false pretenses because WEEKS has kept the great bulk of this money for herself and for her own personal use.

52. WEEKS fails to account for where the money raised by these consumers has been spent. In fact, on April 6, 2025, WEEKS said: [W]hat I was doing - it wasn't a fundraiser - it was it was not donations *because it was given to me to help me* it's not a donation it may have been called a donation or something or because that's what people actually you know think if they're doing something it's a donation.

53. In actuality, WEEKS' process and strategy (WEEKS' scheme") is nothing more than a scheme to enrich herself at the expense of consumers and HALES.

III.    **LEE WAS AWARE OF THE AMENDED COMPLAINT (Doc. 35) BECAUSE SHE FILED OPPOSTION FOR PLAINTIFFS MOTION TO FILE A SECOND AMENDED COMPLAINT SUBSTITUTING A JOHN DOE PARTY (DOC. 71).**

Plaintiffs' filed a Motion For Leave To Amend Complaint To Substitute Party which attached the proposed Second Amended Complaint. (Doc. 63 and its attachments). This was opposed by LEE. (Doc. 71). This shows that LEE was aware of both the Amended Complaint and the Second Amended Complaint when she filed Doc. 71 on June 17, 2025.

IV.    **LEE WAS AWARE OF THE AMENDED COMPLAINT (Doc. 35) BECAUSE SHE DID A BROADCAST ABOUT THE AMENDED COMPLAINT ON HER YOUTUBE CHANNEL.**

On April 28, 2025, LEE broadcast on her channel a livestream video titled "AMENDED COMPLAINT IS IN - NEW DEFENDANT ADDED LOL" – this broadcast is available at https://www.youtube.com/watch?v=wCFV5oFMTwI – during which LEE states, *inter alia*, "So anyhow, the amended complaint came in today and there's still 10. There's still 10. And they removed Patty Plummer and then they added Richard Luthman." This comment can be heard at the 01:25 minute mark and is further proof that LEE knew about the Amended Complaint prior to filing her Motion to Dismiss.

V.    **FRCP 15 (RELIED ON BY LEE) DOES NOT AUTHORIZE A "MOTION FOR LEAVE TO AMEND A MOTION."**

The Federal Rules of Civil Procedure (FRCP) do not authorize a "Motion for Leave to Amend a Motion." This is because the Rules only address amendments to *pleadings* rather than motions. FRCP 15 (relied on by LEE) governs amendments to *pleadings* and provides that a party may amend its *pleading* once as a matter of course within certain timeframes or with the court's leave, which should be freely given when justice so requires. However, this Rule does not extend to motions, as motions are not considered pleadings under FRCP 7(a).[3] Pleadings include complaints, answers, and other specified documents, while motions are procedural requests. FRCP 12(g)(2) also restricts successive motions to prevent piecemeal litigation such that Rule 12(h)(2) and Rule 15(a)(1) provide mechanisms to address certain defenses or objections later in the case in situations which do not apply here under these circumstances.

## **CONCLUSION**

LEE's Motion should certainly not be well taken by this Court because it is totally lacking in truth and merit. For the foregoing reasons, Plaintiffs respectfully request that the Court deny LEE's Motion in its entirety.

Respectfully submitted,

SHOCHET LAW GROUP
Attorneys for Plaintiffs
409 N. Main Street

---

[3] FRCP 7(b)(1) also does not address the amendment of motions.

Trenton, FL 32693
By: */s/ Randall Shochet*
Randall ("Randy") Shochet, Esq.
FBN.: 959421
attorneys@counsel.insure


### CERTIFICATE OF COMPLIANCE

I HEREBY CERTIFY that this document complies with the applicable word

count limit requirement of Local Rule 7.1. The word count is less than 3500 words.

It has been calculated by the word-processing system and excludes the content

authorized to be excluded under the Rule.

### SERVICE LIST

Cameron L. Atkinson, Esq.
Atkinson Law, LLC
Attorney For MATZKIN
1000 Lafayette Blvd., Fl. 11
Bridgeport, CT 06604
catkinson@atkinsonlawfirm.com

Christopher Joseph Gage, Esq.
Banker Lopez Gassler PA
Attorney for HELM
501 E KENNEDY BLVD, STE 1700
TAMPA, FL 33602
service-cgage@bankerlopez.com

Lynette Michelle Lacy Alexis Preston, pro se

John Cook, pro se

Marla Hughes, pro se

Lisa Lee, pro se