UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

Case No.: 1:25-cv-00058-RH-MJF

ELEPHANT SHOE, LLC, an Ohio Limited Liability Company
d/b/a WHAT THE HALE$,
and
JEREMY B. HALES,

     Plaintiffs,

v.

LYNETTE MICHELLE LACY ALEXIS PRESTON,
JOHN COOK, BRUCE P. MATZKIN, LISA LEE,
MARLA HUGHES, DAVID C. HELM, ROBERT J. KESZEY,
DAVID MICHAEL TESCHENDORF, RAYMOND G. BONEBRAKE, JR.
and RICHARD LUTHMANN,

     Defendants.

_____/

## MEMORANDUM OF LAW IN SUPPORT OF GOOD CAUSE TO AVOID DISMISSAL UNDER FRCP 4(M)

Plaintiffs, Jeremy Bryan Hales and Elephant Shoe, LLC, respectfully submit this Memorandum of Law in Support of Good Cause to Avoid Dismissal Under Rule 4(m) regarding why Defendants KESZEY and TESCHENDORF should not be dismissed under Fed. R. Civ. P. 4(m) for failure to effect timely service. (Doc. 86). To begin, Defendants KESZEY (*as of July 15, 2025*) and BONEBRAKE, JR. (*as of*

*June 27, 2025*) have now been served. KESZEY's affidavit of service will be filed

after it is received.[1]

## I. Introduction

This memorandum addresses why the case against Defendants KESZEY and

TESCHENDORF should not be dismissed under Federal Rule of Civil Procedure

4(m) for failure to effect timely service. If service is not effectuated within 90 days,

the court -- on motion or on its own after notice to the plaintiff -- must either dismiss

the action without prejudice against that defendant or order that service be made

within a specified time. *Gilbert v. City of Pine Lake*, No. 19-12585, 2022 U.S. App.

LEXIS 10643, at *1 (11th Cir. Apr. 20, 2022). However, FRCP 4(m) also mandates

an extension of time for an appropriate period if the plaintiff shows good cause for

the failure to serve. *Whitlow v. Little It. Pizzeria*, No. 2:18-CV-194-RWS-JCF, 2019

U.S. Dist. LEXIS 249612, at *3 (N.D. Ga. Mar. 5, 2019).

Additionally, the court retains discretion to grant an extension even in the

absence of good cause.[2] This memorandum demonstrates that good cause exists in

this case and, alternatively, that equitable factors justify a discretionary extension.

---

[1] BONEBRAKE, JR.'s affidavit of service has now been filed.

[2] See *Lepone-Dempsey v. Carroll Cty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007):

> If the plaintiff fails to effect timely service on the defendant, "the court, upon motion or on its own initiative

## II. Good Cause Exists for the Delay in Service

Good cause under Rule 4(m) requires a showing of diligence by the plaintiff in attempting to effect service. *CSX Transp., Inc. v. Leggett (In re Leggett)*, 2010 Bankr. LEXIS 3281. Good cause may be found where the plaintiff has made reasonable efforts to serve the defendant but encountered obstacles, such as difficulty locating the defendant. *See Lepone-Dempsey v. Carroll County Comm'rs*, 476 F.3d at 1281, where the Eleventh Circuit emphasized that good cause exists when an external factor, such as reliance on faulty advice, prevents timely service.

---

after notice to the plaintiff, shall dismiss the action without prejudice . . . or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." Fed.R.Civ.P. 4(m). Good cause exists "only when some outside factor [,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Prisco v. Frank*, 929 F.2d 603, 604 (11th Cir. 1991) (per curiam) (discussing "good cause" under the former Rule 4(j)), superseded in part by rule as stated in *Horenkamp*, 402 F.3d at 1132 n.2. Even in the absence of good cause, a district court has the discretion to extend the time for service of process. *Horenkamp*, 402 F.3d at 1132; *see Henderson v. United States*, 517 U.S. 654, 663, 116 S. Ct. 1638, 1643, 134 L. Ed. 2d 880 (1996) (recognizing that in the 1993 amendments to the to the rules, courts have been accorded the discretion to enlarge the 120-day period even in the absence of showing good cause).

*Lepone-Dempsey v. Carroll Cty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007).

In *Kinsale Ins. Co. v. Ricknata LLC,* No. 8:22-cv-2160-MSS-MRM, 2023 U.S. Dist. LEXIS 211378 (M.D. Fla. Apr. 4, 2023*)*, the court found good cause to extend the time for service when the plaintiff documented reasonable efforts to locate and serve a defendant, including failed attempts by a process server and communications with an attorney refusing to accept service.[3]

In this case, the plaintiffs can demonstrate good cause for the delay because Plaintiffs' process, during failed attempts, encountered obstacles in attempting service of process on both KESZEY and TESCHENDORF.  Although KESZEY has now been served, the entrance to his residence is blocked by an obstacle - which is a large, gated fence. Previously, in a related case, KESZEY had to served in a public area – in Webster, Florida – at Swap-O-Rama's Webster Westside Flea Market:

> Received by Process Service of Gainesville, LLC on the 17th day of January 2025 at 10:22 am to be served on Robert J. Keszey, 4392 SW 52nd Terrace, Bushnell, FL 33513.
>
> I, Jody Raney, do hereby affirm that on the 27th day of January 2025 at 12:03 pm, I:
>
> INDIVIDUALLY/PERSONALLY served by delivering a true copy of the Subpoena Duces Tecum to Testify at a Deposition in a Civil Action and Witness Fee Check in the amount of $40.00 with the date and hour of service endorsed thereon by me, to: Robert J. Keszey at the address of: 516 NW 3rd Street, Webster, FL 33597, and

---

[3] The court granted an extension despite denying a motion for service by publication due to procedural deficiencies.

informed said person of the contents therein, in compliance with state statutes.

Additional Information pertaining to this Service:
1/20/2025 1:17 pm Attempted service at 4392 SW 52nd Terrace, Bushnell, FL 33513, **Server left card, Unable to access property, Locked gate.**

See **Exhibit 1.** When further such attempts in this matter were made at this previously successful location (where KESZEY was known to regularly frequent) Plaintiffs' process servers were told KESZEY no longer frequents these locations. After that, private investigative services were engaged and KESZEY was served just yesterday, but not after an evasive effort, including KESZEY fleeing from the process server in his SUV.

Regarding TESCHENDORF, four initial attempts were made at a location, known to belong to TESCHENDORF – by State Process Service, Inc. in Wauwatosa, Wisconsin. At each attempt, there was no answer, despite process server cards being left. See **Exhibit 2.** After that, private investigative services were engaged in this matter, and three other locations have now been located for TESCHENDORF, who, on his YouTube channel and on Defendant LEE's YouTube channel (just yesterday) can be seen taunting HALES that he (TESCHENDORF) has not been served, even though TESCHENDORF also has stated that he wants to be part of this litigation on TESCHENDORF's own YouTube channel. Recently, a

resident at a location known to belong to TESCHENDORF told the process server

that TESCHENDORF does not live there, and then quickly closed the door:

> COMPLETED BY
> Vincent Sammataro
> 6/26/2025 3:24 PM
>
> I received the within process on June 25, 2025, and that
> after due and diligent effort I have been unable to serve
> said person. The following itemization of the dates and
> times of attempts details the efforts required to effect
> service.
>
> Serve: DAVID MICHAEL TESCHENDORF
> Attempted at 3618 E Holmes Street Cudahy, WI 53110 On
> 6/25/2025 at 3:42 PM
>
> Results: doesn't live there per tenant, close door before he
> would give name.

See **Exhibit 3.** Without revealing confidential information, Plaintiffs have a high

level of confidence that TESCHENDORF will be served over the next 45 days if not

sooner. Thus, Plaintiffs have made diligent efforts to serve TESCHENDORF but

are/were hindered by factors beyond their control. Furthermore, if a plaintiff

encountered difficulties in locating the defendant despite reasonable efforts, this also

supports a finding of good cause. *See Gilder v. Charlie Daniels Racing, LLC,* No.

2:24cv217, 2025 U.S. Dist. LEXIS 75367 (E.D. Va. Mar. 7, 2025), *Velazquez v.

Lowery,* No. 3:21cv1831-MCR-HTC, 2022 U.S. Dist. LEXIS 107664 (N.D. Fla.

May 17, 2022) (where the court noted that good cause exists to extend the time for

service when reasonable efforts are being made to serve a defendant.).

## III. **Discretionary Extension is Also Warranted**

Even if the court finds that good cause has not been shown, it retains discretion to grant an extension of time for service. The Eleventh Circuit has recognized that courts may consider several equitable factors in deciding whether to grant a discretionary extension, including: (1) whether the statute of limitations would bar the plaintiff from refiling the action; (2) whether the defendant has been evading service; (3) whether the plaintiff has been diligent in attempting to serve the defendant; and (4) how far beyond the 90-day period service was ultimately effected. *Brown v. Hillsborough Area Reg'l Transit,* No. 8:08-CV-1465-T-33TBM, 2009 U.S. Dist. LEXIS 54594, at *7 (M.D. Fla. June 10, 2009).

Here, equitable factors weigh in favor of granting an extension. The plaintiffs have acted diligently in attempting to serve the defendants, as evidenced by their efforts to locate the defendants (who have been evading service) and comply with procedural requirements. There is also no indication that the defendants have been prejudiced by the delay in service, and the delay has not been excessive.

## IV. Conclusion

For the foregoing reasons, Plaintiffs respectfully request that the court find good cause for the delay in service and grant an extension of time under Rule 4(m) of 45 additional days in which to serve TESCHENDORF. Alternatively, Plaintiffs

request that the court exercise its discretion to grant the requested extension in which to serve TESCHENDORF based on equitable considerations. Plaintiffs have demonstrated diligence in attempting to serve the defendants and would suffer significant prejudice if the case were dismissed against them, while the defendants have not been prejudiced by the delay.

Respectfully submitted,

SHOCHET LAW GROUP
Attorneys for Plaintiffs
409 N. Main Street
Trenton, FL 32693
By*: /s/ Randall Shochet*
Randall ("Randy") Shochet, Esq.
FBN.: 959421
attorneys@counsel.insure

## CERTIFICATE OF COMPLIANCE

I HEREBY CERTIFY that this document complies with the applicable word count limit requirement of Local Rule 7.1. The word count is less than 1500 words. It has been calculated by the word-processing system and excludes the content authorized to be excluded under the Rule.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 16, 2025, I served on this day on all counsel of record, via email to the Service List below.

By: /s/ Randall Shochet
Randall Shochet, Esq.

## SERVICE LIST

Cameron L. Atkinson, Esq.
Atkinson Law, LLC
Attorney For MATZKIN
1000 Lafayette Blvd., Fl. 11
Bridgeport, CT 06604
catkinson@atkinsonlawfirm.com

Christopher Joseph Gage, Esq.
Banker Lopez Gassler PA
Attorney for HELM
501 E KENNEDY BLVD, STE 1700
TAMPA, FL 33602
service-cgage@bankerlopez.com

Lynette Michelle Lacy Alexis Preston, pro se

John Cook, pro se

Marla Hughes, pro se

Lisa Lee, pro se