UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JEREMY BRYAN HALES, et al.,
    Plaintiffs,

v.                                                          Case No.:  1:25cv58/RH/ZCB

JOHN COOK, et al.,
    Defendants.
_____/

# ORDER

    The Court recently explained that according to the docket Defendants Keszey and Teschendorf had not been served and the 90-day deadline for completing service had expired. (Doc. 86). Thus, the Court ordered Plaintiffs to show cause why their claims against these two Defendants should not be dismissed under Fed. R. Civ. P. 4(m). (*Id.*). Plaintiffs have now responded to the show cause order. (Doc. 96). For the reasons below, the order to show cause will be discharged and an extension of the service deadline granted.

## I.  Discussion

    Under Rule 4(m), if "a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that

1

defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).  The rule further provides that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  *Id.*  But "[e]ven in the absence of good cause, a district court has the discretion to extend the time for service of process." *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007)

In their response, Plaintiffs state that Defendant Keszey was served on July 15, 2025, which was after the 90-day service deadline expired. (Doc. 96 at 1).[1]  And Plaintiffs admit that Defendant Teschendorf has yet to be served.  (*Id.* at 5-6).  Because Defendants Keszey and Teschendorf were not served within the 90-day deadline under Rule 4(m), Plaintiffs must "show[] good cause for the failure" to effect timely service. Fed. R. Civ. P. 4(m).  Plaintiffs argue that good cause exists, and they seek an additional 45 days to effect service. (Doc. 96 at 7-8).

As to Defendant Keszey, Plaintiffs state that although he has now been served, several attempts at service were unsuccessful due to his

---

[1] No proof of service has been filed on the docket.  *See* Fed. R. Civ. P. 4(*l*)(1) ("Unless service is waived, proof of service must be made to the court.").  But Plaintiffs have said it is forthcoming.  (Doc. 96 at 2).

2

residence being blocked by a fence. (Doc. 96 at 4). Plaintiffs assert that they attempted to served Defendant Keszey at a public location where he was known to frequent but were again unsuccessful after being told Defendant Keszey no longer frequents these locations (*Id.* at 4-5). Plaintiffs state that a private investigative service was used to finally effect service on Defendant Keszey, who allegedly fled from the process server in a vehicle. (*Id.* at 5).

As to Defendant Teschendorf, Plaintiffs state that they have unsuccessfully attempted service four times. (*Id.*). Plaintiffs assert that private investigators have now located three other locations for Defendant Teschendorf. (*Id.*). Plaintiffs believe that Defendant Teschendorf will be served in the next 45 days. (*Id.* at 6).

Plaintiffs argue that good cause exists to avoid Rule 4(m) dismissals because they made diligent efforts to serve Defendants Keszey and Teschendorf and have been hindered by external factors. (*Id.* at 4-6). Alternatively, Plaintiffs argue that the Court has discretion to grant an extension of time for service and that discretion should be exercised here. (*Id.* at 7). Plaintiffs state that equitable factors supporting an extension of the service deadline include Plaintiffs' diligent efforts at service, Defendants' evasiveness, and a lack of prejudice caused by a non-

3

excessive delay in service. (*Id.*).

The Court finds good cause under Rule 4(m) to extend the service deadline as to these two Defendants. *See Kinsale Ins. Co. v. Ricknata LLC*, No. 8:22-CV-2160-MSS-MRM, 2023 WL 8171719, at *1-2 (M.D. Fla. Apr. 4, 2023) (granting an extension of the service deadline where the plaintiff had made diligent efforts to locate and serve a defendant); *see also* Fed. R. Civ. P. 4(m), Advisory Committee Note, 1993 Amendments (stating that "[r]elief may be justified . . . if the defendant is evading service"). Even in the absence of good cause, the apparent efforts by Defendants to evade service would likely justify the Court exercising its discretion under Rule 4(m) to grant Plaintiffs' extension. *See Horenkamp v. Van Winkle And Co.*, 402 F.3d 1129, 1132-33 (11th Cir. 2005) (noting that evading service "may justify the grant of an extension of time for service of process in the absence of good cause").

## II.   Conclusion

For the reasons above, the Court will grant Plaintiffs a 45-day extension of the service deadline. Accordingly, it is **ORDERED** that:

1. The Court's previous order to show cause (Doc. 86) is **DISCHARGED**.

2. The deadline to complete service as to Defendant Teschendorf

is extended by **45 days** from the date of this order.

    3.    The service of Defendant Keszey that purportedly occurred on July 15, 2025, will be deemed timely, assuming Plaintiffs provide valid proof of service as required by Fed. R. Civ. P. 4(*l*)(1).

**SO ORDERED** this 17th day of July 2025.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge