UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JEREMY BRYAN HALES, et al.,
Plaintiffs,

v.

Case No.: 1:25cv58/RH/ZCB

JOHN COOK, et al.,
Defendants

## DEFENDANT ROBERT KESZEY'S MOTION TO QUASH SERVICE OR IN THE ALTERNATIVE MOTION TO EXTEND TIME

Defendant, Robert Keszey ("Defendant"), Pro Se, respectfully moves this Court to quash the purported service of process and to dismiss the action for lack of personal jurisdiction, pursuant to Florida Rule of Civil Procedure 1.140(b), and as grounds states:

## I. INTRODUCTION

Plaintiff has failed to properly serve Defendant as required by Florida law. The process server's affidavit contains false statements, including the allegation that Defendant's daughter personally received the summons on July 15, 2025. This did not occur. Instead of affecting proper service, Plaintiff's agent engaged in improper conduct, including taping documents to a gate and making no personal contact with Defendant or his daughter. As a result, the Court lacks personal jurisdiction over Defendant, and this action must be dismissed or service quashed.

## II. FACTUAL BACKGROUND

The facts are set forth in detail in the attached Declaration of Robert Keszey (Exhibit A), incorporated herein by reference. In summary:

- On July 15, 2025, Defendant was pursued by an unknown vehicle after leaving his home. The vehicle's driver made no attempt to communicate or serve Defendant, despite multiple opportunities.

- The trailing vehicle was eventually stopped by law enforcement, who informed Defendant only after the fact that the driver claimed to be a process server. Defendant was never personally served.

- Later that evening, Defendant's daughter arrived home to find an unfamiliar vehicle in the driveway and legal papers taped and wrapped around the gate. She did not receive, accept, or otherwise come into possession of the summons or complaint. The process server never spoke with or approached Defendant's daughter.

- The server's affidavit falsely states that Defendant's daughter received the summons. This is categorically untrue and contradicted by both Defendant's sworn statement and the available evidence.

- At no time was Defendant personally served with the summons or complaint, as required by Florida law.

- Plaintiff has made misleading public statements and court filings asserting
- that service was completed, which is false.

## III. LEGAL ARGUMENT

A. Personal Service is Required

Florida law requires that service of process be made personally upon the defendant, or in a manner strictly authorized by statute. See Fla. Stat. § 48.031(1)(a); Shurman v. Atlantic Mortg. & Inv. Corp., 795 So. 2d 952, 954 (Fla. 2001) ("Strict compliance with the statutes governing service of process is essential.").

B. Leaving Papers on a Gate or Falsely Claiming Substitute Service is Not Valid Service

Service is not accomplished by merely leaving or taping documents to a gate, fence, or other location outside the presence of the defendant or a qualifying person. See Floyd v. Federal Nat'l Mortg. Ass'n, 704 So. 2d 1111, 1112 (Fla. 5th DCA 1998) ("There must be a delivery to the person to be served."). Substitute service on a resident family member may only be accomplished if that individual is at least 15 years old, resides at the defendant's usual place of abode, and receives the process. See Fla. Stat. § 48.031(1)(a).

Here, not only was no such delivery made to Defendant's daughter, but the process server's affidavit falsely states that she was personally served. This is directly contradicted by Defendant's sworn statement and the circumstances described.

C. Process Server's Affidavit is Contradicted by Evidence

A return of service that is impeached by clear and convincing evidence may be disregarded by the court. See Johnston v. Halliday, 516 So. 2d 84, 86 (Fla. 3d DCA 1987). Defendant's sworn statement (Exhibit A), police records, and his daughter's account demonstrate that the process server's affidavit is materially false and that no valid service occurred.

D. Plaintiff's Delay and Abuse of Process

Plaintiff waited until the last possible moment to attempt service, then misrepresented both the nature of the service attempt and the result, while simultaneously seeking further extensions. This pattern of delay and misinformation should not be rewarded by the Court.

## IV. CONCLUSION

Because Defendant was never properly served, and the process server's affidavit is demonstrably false, this Court lacks personal jurisdiction over him. The purported service should be quashed and the case dismissed as to Defendant Keszey.

In the alternative, should the Court determine that service was proper or require a responsive pleading before ruling on this motion, Defendant respectfully requests an extension of thirty (30) days from the date of the Court's order to file an answer or other responsive pleading to the Complaint. Good cause exists for such an extension, as Defendant has acted diligently and in good faith to challenge improper service and preserve his rights.

WHEREFORE, Defendant respectfully requests that the Court quash service of process on Robert Keszey and dismiss this action for lack of personal jurisdiction; or, alternatively, grant Defendant a thirty (30) day extension of time to respond to the Complaint; and grant such further relief as the Court deems just and proper.

Respectfully submitted,

_____ 8/5/25
Robert Keszey, Pro Se
robbie@keszeybrothers.com
4392 SW 52nd Terrace
Bushnell, FL 33513

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on Plaintiff's counsel via USPS, this 5th *day of August*, 2025.

_____ 8/5/25
Robert Keszey, Pro Se

EXHIBIT A: Declaration of Robert Keszey

EXHIBIT B: Letter from Piper Keszey (Keszey's daughter)

# EXHIBIT A

## STATEMENT OF ROBERT KESZEY REGARDING IMPROPER SERVICE AND LACK OF PERSONAL JURISDICTION

I, Robert Keszey, submit this statement in support of my motion to quash for lack of personal jurisdiction due to improper service of process. The process server's affidavit is materially false, and the Plaintiff's service attempts were improper and did not comply with the requirements of Florida law. As such, I am not subject to the jurisdiction of this Court.

On July 15, 2025, I returned home from Miami after picking up my son for a hunting trip. As I left my driveway, I noticed a vehicle with dark tinted windows pulled abruptly behind me and proceed to tailgate my truck. The Plaintiff falsely states my vehicle is an SUV. The process server's affidavit falsely describes my vehicle as an F-150; in fact, I was driving my truck which is an F-250. The vehicle followed me closely, crossing multiple lanes of traffic, and made no attempt to communicate or signal their purpose at stop signs or traffic lights. There was absolutely no eye contact whatsoever.

Fearing for both my and my son's safety, I deliberately altered my route through Bushnell, Florida, making several turns to confirm that I was being followed. The trailing vehicle continued to pursue me. Concerned, I contacted the Sheriff's Department, who dispatched deputies and ultimately stopped the vehicle. At no point did the driver identify himself or attempt to serve me with any papers. After deputies contacted the trailing vehicle, I continued with my plans.

Approximately 20 minutes later, a deputy called to inform me that the person following me was attempting to serve legal papers and asked if I would return to the scene. Given that I was already on the turnpike and did not feel safe, I declined.

Later that evening, my daughter called me in distress. When she arrived home after dark, she found an unfamiliar vehicle parked in our driveway, blocking access. Legal papers had been taped and wrapped around our gate, preventing her from entering the property. My daughter was frightened and called me for help. I again

contacted the police, who arrived, ordered the individual to leave, and remained on site while my daughter safely entered the property. The property is both our home and an animal sanctuary; security and controlled access are essential, and any uninvited presence is a threat to both people and animals.

At no point was I personally handed any legal documents, nor was there any valid substitute service. The act of taping papers to our gate did not constitute proper service under Florida law, particularly as it caused a disturbance, prevented access, and left my family feeling unsafe in their own home.

Despite these facts, Plaintiff Jeremy Hales posted a video online, mocking me as "DODGIE ROBBIE" and falsely claiming I had been served simply because the police told him I was being followed by a process server. This is untrue, and no valid service occurred.

Furthermore, Plaintiff waited 144 days since filing the complaint, and 54 days after the initial 90-day service period expired, before making this aggressive and inappropriate attempt to serve me. Plaintiff's request for yet another extension is based on a misrepresentation to the Court that diligent attempts were made, when service was attempted only twice—on June 30 at a place that I was not present and July 15, 2025. Both times in response to an order to show cause. This pattern suggests that Plaintiff is using the service process for delay and harassment, rather than to properly prosecute this case.

For all the above reasons, the Court lacks personal jurisdiction over me, and the attempted service was invalid. I respectfully request that the Court quash the purported service and dismiss the action as to me.

On this 5th day of August 2025, I declare under penalty of perjury this statement is true to the best of my knowledge.

Robert Keszey, Pro Se

*[Notary seal: CHRISTY DENISE DEVINE, Notary Public - State of Florida, Commission # HH 528673, My Comm. Expires Sep 4, 2028, Bonded through National Notary Assn.]*

Sworn to me on August 5, 2025 by Robert Keszey who is personally known to me

8/5/2025

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JEREMY BRYAN HALES, et al.,
Plaintiffs,

v.

Case No.: 1:25cv58/RH/ZCB

ROBERT KESZEY,
Defendant.
_/

## AFFIDAVIT OF PIPER KESZEY

I, Piper Keszey being duly sworn, depose and state as follows:

1. My name is Piper Keszey, I am over eighteen (18) years old and competent to make this affidavit. I am the daughter of Defendant Robert Keszey.

2. On July 15, 2025, I arrived at our home located at 4392 SW 52nd Terrace Bushnell, FL 33513, after dark. As I approached, I observed an unfamiliar vehicle parked in our driveway.

3. I was unable to enter the property immediately because there was something wrapped around the gate. I did not remove the object from the gate at that time.

4. At no point did I speak with, approach, or receive any documents from the individual in the vehicle or anyone else on July 15, 2025.

5. I did not personally receive a summons or complaint relating to this case, nor did anyone attempt to hand me any legal papers.

6. I felt unsafe due to the unfamiliar vehicle and contacted my father, who then contacted law enforcement. The police arrived, instructed the individual to leave, and remained until I was able to access the property.


7. I have reviewed the process server's affidavit stating that I was personally handed the summons. This is false. I was never served with any legal documents on July 15, 2025, or at any other time.

8. I make this affidavit in support of my father's motion to quash service of process and to inform the Court that the process server's affidavit is incorrect.

_____   DATED: August 5th, 2025
Piper Keszey

Sworn to and subscribed before me this 5th day of August, 2025, by Piper Keszey who is personally known to me or who has produced as identification.
FL DL K200-661-04-592-0

Notary Public, State of Florida
My Commission Expires: _

CHRISTY DENISE DEVINE
Notary Public - State of Florida
Commission # HH 528673
My Comm. Expires Sep 4, 2028
Bonded through National Notary Assn.

   

Retail

U.S. POSTAGE PAID
PME
BUSHNELL, FL 33513
AUG 05, 2025

32601

$31.40

RDC 07

S2324N506008-11

# PRIORITY MAIL

**FOR DOMESTIC AND INTERNATIONAL USE**
LABEL HERE

**PRESS FIRMLY TO SEAL**   **PRESS FIRMLY TO** [SEAL]

**UNITED STATES POSTAL SERVICE** | **PRIORITY MAIL EXPRESS**



ER 144 642 465 US

CHECKED AUG 0 6 2025

**CUSTOMER USE ONLY**
FROM: (PLEASE PRINT)   PHONE (352) 457-3318
Robert Keszey
4392 SW 52nd Terr
Bushnell Fl 33513

**DELIVERY OPTIONS (Customer Use Only)**
☐ SIGNATURE REQUIRED
☐ No Saturday Delivery
☐ Sunday/Holiday Delivery Required

TO: (PLEASE PRINT)   PHONE ( )
United States Clerks office
401 SE 1st Ave
Ste. 243
Gainesville Fl 32601

ZIP + 4® (U.S. ADDRESSES ONLY)
3 2 6 0 1 - ___ ___ ___ ___

■ For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
■ $100.00 Insurance Included.

◀ PEEL FROM THIS CORNER

**ORIGIN (POSTAL SERVICE USE ONLY)**
☐ 1-Day  ☐ 2-Day  ☐ Military  ☐ DPO
PO ZIP Code: 33513
Scheduled Delivery Date: 8/7/25
Postage: $31.40
Date Accepted: 8/5/25
Scheduled Delivery Time: ☒ 6:00 PM
Insurance Fee: 
COD Fee: /
Time Accepted: 1058 ☒ PM
Return Receipt Fee: 
Live Animal Transportation Fee:
Special Handling/Fragile: 
Sunday/Holiday Premium Fee: 
Total Postage & Fees: 31.40
Weight: ☒ Flat Rate
Acceptance Employee Initials: CK



  

**UNITED STATES POSTAL SERVICE**

included for domestic destinations.
$100 of insurance
request.
APO/FPO/DPO and
or complete details.
For details regarding Mail Manual at
inations only.
CLARATION LABEL MAY BE REQUIRED.

LABEL 11-B, NOVEMBER 2023  PSN 7690-02-000-9996




**FLAT RATE ENVELOPE**
ONE RATE ■ ANY WEIGHT

To schedule free Package Pickup,
scan the QR code.



USPS.COM/PICKUP

**VISIT US AT USPS.COM®**
ORDER FREE SUPPLIES ONLINE



PS10001000006    EP13F October 2023
OD: 12 1/2 x 9 1/2

**GUARANTEED* ▪ TRACKED ▪ INSURED**

For Domestic shipments, the maximum weight is 70 lbs. For international shipments, the maximum weight is 20 lbs.