UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

Case No.: 1:25-cv-00058-RH-MJF

ELEPHANT SHOE, LLC, an Ohio Limited Liability Company
d/b/a WHAT THE HALE$,
and
JEREMY B. HALES,

    Plaintiffs,
v.

LYNETTE MICHELLE LACY ALEXIS PRESTON,
JOHN COOK, BRUCE P. MATZKIN, LISA LEE,
MARLA HUGHES, DAVID C. HELM, ROBERT J. KESZEY,
DAVID MICHAEL TESCHENDORF, RAYMOND G. BONEBRAKE, JR.
and RICHARD LUTHMANN,

    Defendants.
_____/

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT ROBERT J. KESZEY'S MOTION TO QUASH SERVICE OR IN THE ALTERNATIVE MOTION TO EXTEND TIME. (Doc. 101).**

Plaintiffs, Jeremy Bryan Hales and Elephant Shoe, LLC, respectfully submit this Response in Opposition to Defendant ROBERT J. KESZEY (hereinafter, "Defendant Keszey")'s "To Quash Service Or In The Alternative Motion To Extend Time." (Doc. 101).

## I. INTRODUCTION

Defendant Keszey has filed a Motion to Quash Service of Process, claiming that service was improper and that this Court lacks personal jurisdiction over him.

However, the evidence demonstrates that service was proper under both Florida law and Federal Rules of Civil Procedure. This is because Defendant Keszey deliberately evaded service, and the process server took reasonable and appropriate steps to effectuate service. This means the Court should deny Defendant Keszey's motion.

## II. LEGAL STANDARD

It is true that under Federal Rule of Civil Procedure 4(e)(2)(A), service may be accomplished by "delivering a copy of the summons and of the complaint to the individual personally." But "in-hand delivery of the relevant papers is not a requirement for personal service under Rule 4(e)(2)(A)." *Frenkel v. Klein*, No. 14-2275, 2016 U.S. Dist. LEXIS 35826, at *8 (E.D. Pa. Mar. 21, 2016). This is because when a defendant attempts to evade service, courts have consistently held that strict hand-to-hand transfer is not required. The law is clear that "[l]eaving papers in the defendant's physical proximity is usually sufficient if (1) defendant actively evades service, and (2) there is clear evidence that the defendant actually received the papers at issue when allegedly served." *Id*.

In fact, in *Haney v. Olin Corp.*, 245 So. 2d 671 (Fla. 4th DCA 1971), the Florida Fourth District of Appeal stated: "[A] person within the jurisdiction has an **obligation to accept service of process when service is attempted reasonably**."

*Haney v. Olin Corp.*, 245 So. 2d at 673 (citations omitted). As will be shown, *infra*, Defendant Keszey did his best to avoid his obligation to accept service of process.

Defendants should not be permitted to avoid their obligation to accept service of process and defeat service through evasive tactics. Thus, it should come as no surprise that Florida law provides for alternative service methods when a defendant conceals their whereabouts. Florida Statutes permit substituted service when "an individual or a business entity conceals its whereabouts" and the party seeking service has exercised "due diligence to locate and effectuate personal service." Fla. Stat. § 48.161 (4).

### III. ARGUMENT

**A. Defendant Actively Evaded Service of Process**

Plaintiffs have previously demonstrated (1) that several attempts at service of Defendant Keszey were unsuccessful due to his residence being blocked by a locked gate. (Doc. 96 at 4), (2) that they attempted to served Defendant Keszey at a public location where he was known to frequent but were again unsuccessful after being told Defendant Keszey no longer frequents these locations after being served there in a related case (*Id*. at 4-5), and (3) that a private investigative service was used to finally effect service on Defendant Keszey, who fled from the process server in a vehicle. (*Id*. at 5). Defendant Keszey is incorrect as to the number of prior attempts to serve him. This is because the following five other attempts were made to serve

Defendant Keszey – see Affidavits of Jody Raney – attached as **Exhibits "1" and "2"**:

- 5/10/2025 12:39 pm Attempted service at 4392 SOUTHWEST 52ND TERRACE, BUSHNELL, FL 33513, Server left card, Locked gate, Unable to access property
- 5/19/2025 10:11 am Attempted service at 4392 SOUTHWEST 52ND TERRACE, BUSHNELL, FL 33513, Unable to access property, Locked gate
- 5/23/2025 7:36 pm Attempted service at 4392 SOUTHWEST 52ND TERRACE, BUSHNELL, FL 33513, Locked gate, Unable to access property
- 5/24/2025 7:40 am Attempted service at 4392 SOUTHWEST 52ND TERRACE, BUSHNELL, FL 33513, Locked gate, Unable to access property
- 6/30/2025 9:00 am Arrived at Flea market at 9am. After walking through I did not see subject. Went to the office and described the vendor booth I was looking for. Showed her picture of subject, however subject not familiar to her. She stated the vendor was in a different building. I approached the booth, no subject, I showed vendor picture of subject asked if it was his father he stated no it was his friend. I then asked if he would be coming today he stated no that he hadn't been to flea market in weeks. He then asked who I was I identified myself, he then told me to step away from his booth, screaming for security. Found security. The vendor was escorted back to his booth. I left at 11am.

Process Server/Private Investigator Eugene Griffin's affidavit establishes that Defendant Keszey deliberately evaded service. On July 15, 2025, the process server observed Defendant Keszey leaving his residence and got his attention by waving the summons and complaint papers at him. Despite making eye contact, Defendant

Keszey continued to drive away, leading the process server on a less than safe ten-minute chase around town. During this pursuit, the process server made several attempts to get Defendant Keszey's attention by flashing headlights and attempting to pull alongside him, but Defendant Keszey repeatedly maneuvered to prevent service, even driving onto a curb to avoid stopping. Courts have consistently held that good faith efforts at service are particularly effective where the defendant has engaged in evasion, deception, or trickery to avoid being served:

> The rules governing service of process are not designed to create an obstacle course for plaintiffs to navigate, or a cat-and-mouse game for defendants who are otherwise subject to the jurisdiction of this court." *Ali v. Mid-Atlantic Settlement Services, Inc.*, 233 F.R.D. 32, 35-36 (D.D.C. 2006) (quotations and citations omitted). Rather, the rules governing service of process are utilized for the purpose of providing a likelihood of bringing actual notice to the intended recipient, . . . and actual notice satisfies the due process notice requirement and provides the court with personal jurisdiction. . . . Where the defendant receives actual notice and the plaintiff makes a good faith effort to serve the defendant pursuant to the federal rule, service of process has been effective. . . . Good faith efforts at service are particularly effective where the defendant has engaged in evasion, deception, or trickery to avoid being served. *Id.* at 36 (quotations and citations omitted). "Even though a defendant refuses physical acceptance of a summons, service is complete if a defendant is in close proximity to a process server under such circumstances that a reasonable person would be convinced that personal service of the summons is being attempted." *Id.*; *see also Novak v. World Bank*, 227 U.S. App. D.C. 83, 703 F.2d 1305, 1310 n.14 (D.C. Cir. 1983) ("When a person refuses to accept service, service may be effected by leaving the

>papers at a location, such as on a table or on the floor, near that person.").

*Roosevelt Land, L.P. v. Childress, Civil Action No. 05-1292 (RWR)*, 2006 U.S. Dist. LEXIS 45320, at *3-4 (D.D.C. July 5, 2006).

This is especially true in this case, because the Defendant Keszey's wife works for the local Sheriff, who was advised in advance - by Plaintiff's private investigator - of his presence in staking out Defendant Keszey's home, which was gated. The clear inference is that Defendant Keszey knew that the Private Investigator/Process Server would be leaving from the area around Defendant Keszey's home around 6 PM. But it was at that time (6 pm) that Defendant Keszey thought it was safe for him and he then emerged from his "bunker." *See Affidavit of Eugene Griffin* ("It was later learned that while Mr. Keszey led the server around town, he called the Sumpter County Sherriff's Department where his wife, Michelle Newell Keszey, is also employed. Furthermore, as part of the protocol the server called into the Sheriff's Department to inform them of the area they're working in for the day and for how long they'll be on site. Mr. Keszey did not leave his residence until approximately 6:00 PM, which is the time the server informed the Sheriff's Department their day would probably end."). This means that Defendant Keszey's actions — waiting until 6 PM before leaving and then deliberately avoiding the process server, driving evasively, and calling law enforcement rather than accepting

service — constitute precisely the type of evasion that courts have found justifies alternative service methods.

**B. Service Was Properly Effectuated Despite Defendant's Evasion**

After Defendant Keszey successfully evaded personal service through his driving maneuvers, the process server took appropriate steps to complete service by posting the documents at Defendant Keszey's residence and later delivering them to a resident family member. The process server's affidavit states that Defendant Keszey's daughter arrived at the residence, was informed about the summons and complaint, and took the documents inside. While Defendant Keszey disputes this account, the process server's sworn affidavit should be given significant weight. The process server's detailed affidavit describing the attempts to serve Defendant Keszey and the ultimate delivery to his daughter provides strong evidence that service was properly effectuated.

**C. Alternative Service Methods Were Justified by Defendant Keszey's Evasion.**

When a defendant actively evades service, courts have consistently held that strict hand-to-hand delivery is not required. *Cf. Am. Indoor Football Ass'n v. Lockwood*, 267 F.R.D. 663, 667 (M.D. Ala. 2010) ("the Federal Rules of Civil Procedure provide that a plaintiff may perfect service on a defendant by "delivering a copy of the summons and of the complaint to the individual personally." Fed. R. Civ. P. 4(e)(2)(A). Under this federal rule, "*a face to face encounter and an in hand*

*delivery of the papers is not always essential.*" 4A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* &sect? (sic) 1095 (3rd ed. 2002). Indeed, "[i]f the defendant attempts to evade service or refuses to accept delivery after being informed by the process server of the nature of the papers, it usually is sufficient for the process server to touch the party to be served with the papers and leave them in the defendant's presence or, if a touching is impossible, simply leave them in the defendant's physical proximity." *Id.*; *see, e.g., Villanova v. Solow,* 1998 U.S. Dist. LEXIS 14689, 1998 WL 643686 at *1 (E.D. Pa. Sept. 18, 1998) (Waldman, J.) (service effective when, following defendant's evasion of service, the process server "announced that he was putting the summons and pleadings through the mail slot in the front door," and did so) (emphasis added)."); *German Free Bavaria v. Toyobo Co., Ltd*, No. 1:06-CV-407, 2007 U.S. Dist. LEXIS 19828, at *10-11 (W.D. Mich. Mar. 20, 2007) ("In reviewing relevant case law, the Court finds there is adequate case law to support a finding that service is proper when a defendant attempts to evade service of process and the papers are left within his control but not in his hand. *See Hanna v. Plumer,* 380 U.S. 460, 85 S. Ct. 1136, 14 L. Ed. 2d 8 (1965) (in-hand delivery is not required for personal service of process); *Roth v. WT Cowan, Inc.,* 97 F. Supp. 675, 676-77 (E.D.N.Y. 1951) (service sufficient when papers left on seat of defendant's vehicle); *Errion v. Connell,* 236 F.2d 447, 457 (9th Cir. 1956) (papers pushed through a hole in a screen door when defendant was hiding inside).").

These cases establish that when a defendant attempts to evade service, leaving the papers in the defendant's physical proximity is sufficient.

In this case, after Defendant Keszey evaded personal service through his driving maneuvers, the process server reasonably posted the documents at Defendant's residence and later delivered them to his daughter., who is over the age of 15 and resides with the Defendant. *See Affidavit of Piper Keszey*, Defendant's daughter.

### D. The Process Server's Affidavit Should Be Given Greater Weight Than Defendant's Self-Serving Declaration

Defendant Keszey attempts to contradict the process server's affidavit with his own declaration and that of his daughter. However, greater weight should be given to the sworn statements of *disinterested* process servers than to the self-serving declarations of defendants seeking to avoid jurisdiction. Here, the process servers' detailed affidavits describing multiple attempts to serve Defendant Keszey, including the specific evasive driving maneuvers Defendant Keszey employed, provide compelling evidence that service was properly attempted and that Defendant Keszey was deliberately evading service.

The process server's affidavit also details that Defendant Keszey's daughter removed the summons and complaint from the gate and took them inside, which constitutes proper service under Florida law. While Defendant Keszey and his daughter dispute this account, their declarations are self-serving and should be given

less weight than the detailed, contemporaneous account provided by the process server.

### E. The Court Has Personal Jurisdiction Over Defendant

Because service was properly effectuated despite Defendant Keszey's evasion, this Court has personal jurisdiction over Defendant Keszey. Here, the process servers made multiple good faith efforts to serve Defendant Keszey, and Defendant Keszey clearly had actual notice of the action, as evidenced by his evasive maneuvers and his filing of the present motion.

## CONCLUSION

For the foregoing reasons, Defendant Keszey's Motion to Quash Service of Process should be denied. The evidence demonstrates that Defendant Keszey actively evaded service, and the process server took reasonable and appropriate steps to effectuate service despite Defendant Keszey's evasion. Under both federal and Florida law, service was proper, and this Court has personal jurisdiction over Defendant Keszey.

WHEREFORE, Plaintiffs respectfully request that this Court deny Defendant Keszey's Motion to Quash Service of Process and order Defendant Keszey to file an answer or other responsive pleading within fourteen (14) days of the Court's order.

Respectfully submitted,

SHOCHET LAW GROUP
Attorneys for Plaintiffs
409 N. Main Street
Trenton, FL 32693
By**: */s/ Randall Shochet*** 
Randall ("Randy") Shochet, Esq.
FBN.: 959421
attorneys@counsel.insure

## CERTIFICATE OF COMPLIANCE

I HEREBY CERTIFY that this document complies with the applicable word count limit requirement of Local Rule 7.1. The word count is less than 2500 words. It has been calculated by the word-processing system and excludes the content authorized to be excluded under the Rule.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 7, 2025, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served on this day on all counsel of record, via email to the Service List below.

By: */s/ Randall Shochet*
Randall Shochet, Esq.

## SERVICE LIST

Cameron L. Atkinson, Esq.
Atkinson Law, LLC
Attorney For MATZKIN
1000 Lafayette Blvd., Fl. 11
Bridgeport, CT 06604
catkinson@atkinsonlawfirm.com

Christopher Joseph Gage, Esq.
Banker Lopez Gassler PA
Attorney for HELM
501 E KENNEDY BLVD, STE 1700
TAMPA, FL 33602
service-cgage@bankerlopez.com

Lynette Michelle Lacy Alexis Preston, pro se

John Cook, pro se

Marla Hughes, pro se

Lisa Lee, pro se

Robert Keszey, pro se