UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JEREMY BRYAN HALES, et al.,
    Plaintiffs,

vs.                                   Case No.:  1:25cv58/RH/ZCB

JOHN COOK, et al.,
    Defendants.
_____/

## ORDER

Before the Court is Defendant Robert Keszey's "Motion to Quash Service or in the Alternative Motion to Extend Time." (Doc. 101). Plaintiffs oppose the motion. (Doc. 103). The motion will be denied in part and granted in part.

Defendant Keszey argues that service was improper because (1) personal service is required; (2) leaving papers on a gate is not valid service; (3) the process server's affidavit is false; and (4) Plaintiffs have abused the judicial process in delaying service. (Doc. 101 at 3-4). Plaintiffs respond that service was proper because Defendant Keszey has been evading service. (Doc. 103 at 3-10).

"Under Rule 4(e), individual defendants may be served by following state service laws or by 'delivering a copy of the summons and of the

1

complaint to the individual personally,' 'leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there,' or 'delivering a copy of each to an agent authorized . . . to receive service of process.'" *Dixon v. Blanc*, 796 F. App'x 684, 687 (11th Cir. 2020).

Despite these requirements, a method known as "drop service" is proper "if a party being served attempts to avoid service, and the process server leaves the papers at a place from which such person can easily retrieve them and takes reasonable steps to call such delivery to the attention of the person to be served." *Wendel v. Int'l Real Estate News, LLC*, No. 19-21658-CIV, 2020 WL 5803510, at *3 (S.D. Fla. Aug. 10, 2020) (cleaned up), *adopted*, 2020 WL 5801077 (S.D. Fla. Sept. 29, 2020). And the "Court will not require a plaintiff to expend limitless resources in order to effect service upon a defendant who has actual notice of a suit and who intentionally evades service." *Lancaster v. Bottle Club, LLC*, No. 8:17-CV-634-T-33JSS, 2017 WL 4922855, at *2 (M.D. Fla. Oct. 31, 2017).

It appears that Defendant Keszey has attempted to evade service. The affidavits of the disinterested process servers confirm at least five attempts to serve process in May and June of 2025. (Doc. 103-1 at 1; Doc.

2

103-2 at 1). Four additional attempts were made in July of 2025. (Doc. 100 at 1-4). And the Court need not expound upon the obvious evasion efforts taken on July 15, 2025. (*See id.*; Doc. 101 at 6-7). Defendant Keszey does not dispute that the summons and complaint were left at the gate to his property (Doc. 101 at 6-7), and it is also clear that he has actual notice of the suit filed against him. Thus, quashing service is unwarranted here.[1]

For the reasons above, the Court finds that service was properly perfected against Defendant Keszey on July 15, 2025, as stated by the process server's affidavit (Doc. 100).[2] Defendant Keszey will, however,

---

[1] *See Frank Keevan & Son, Inc. v. Callier Steel Pipe & Tube, Inc.*, 107 F.R.D. 665, 671, 673 (S.D. Fla. 1985) (acknowledging that "[b]oth Florida and federal courts have held that actual notice of a complaint, coupled with good faith attempted service, may be sufficient to confer personal jurisdiction, especially when a defendant has acted to evade service of process" and finding "effective service in view of Roggio's knowledge of the action, his travel schedule, [and] the veil of secrecy with which he shrouded his whereabouts").

[2] *See Banco Latino, S.A.C.A. v. Gomez Lopez*, 53 F. Supp. 2d 1273, 1281 (S.D. Fla. 1999) (stating that "[n]otice of a complaint coupled with good faith attempted service is sufficient to confer jurisdiction where a party is evading service of process" and noting that "a defendant [should not] be able to defeat service merely by refusing to accept the papers"); *see also Chamberlain v. Integraclick, Inc.*, No. 4:10-CV-00477-SPM, 2011 WL 1456878, at *4 (N.D. Fla. Apr. 15, 2011) ("Where it is evident that Plaintiffs have tried to comply with every available means to provide Defendant with notice, that Defendant does have actual notice of suit, and that Defendant has been evading service, it seems futile to require

be granted the requested 30 days to respond to Plaintiffs' second amended complaint.

Accordingly, it is **ORDERED** that Defendant Keszey's "Motion to Quash Service or in the Alternative Motion to Extend Time" (Doc. 101) is **DENIED in part** to the extent it seeks to quash the service of process against him and **GRANTED in part** to the extent that Defendant Keszey must respond to Plaintiffs' second amended complaint (Doc. 76) within **30 days** of the date of this order.

**IT IS SO ORDERED.**  This the 14th day of August 2025.

*s/ Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

---

Plaintiffs to expend countless additional resources in order to effect service upon Defendants.").