UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JEREMY BRYAN HALES, et al.,
Plaintiffs,

v.

Case No.: 1:25cv58/RH/ZCB

RAYMOND G. BONEBRAKE, JR., Defendant.

/

**DEFENDANT RAYMOND G. BONEBRAKE, JR.'S MOTION TO DISMISS**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Raymond G. Bonebrake, Jr. ("Defendant") respectfully moves to dismiss the Complaint against him for failure to state a claim upon which relief can be granted. In support thereof, Defendant states as follows:

## I. INTRODUCTION

Plaintiffs' Complaint names Defendant as part of a broad group of alleged conspirators purportedly engaged in a "Malicious Conspiracy To Harm" Plaintiffs. However, the Complaint fails to plead any specific, actionable conduct by Defendant beyond vague assertions of association with other defendants and generalized defamatory statements made on his YouTube channel. The Complaint lacks the required factual specificity and fails to state viable claims against Defendant.



## II. LEGAL STANDARD

A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Conclusory allegations, labels, and legal conclusions without supporting facts are insufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

## III. ARGUMENT

A. Plaintiffs Lack Standing: Jeremy Hales Has No Individual Standing for Claims Belonging to Elephant Shoe, LLC

The Complaint asserts claims on behalf of both Elephant Shoe, LLC ("the Company") and Jeremy B. Hales individually. However, the damages and business interests alleged clearly belong to Elephant Shoe, LLC, the legal business entity. Jeremy Hales, as an individual, lacks standing to assert claims for harm to the business. See Rikos v. Procter & Gamble Co., 799 F.3d 497, 517 (6th Cir. 2015) ("[A] shareholder or owner generally may not bring a suit for injury to the corporation."); see also In re Bausch & Lomb Inc. Sec. Litig., 244 F. Supp. 2d 184, 191 (W.D.N.Y. 2003) ("An individual plaintiff lacks standing to bring claims that belong solely to the corporation.").

Without proper standing, claims brought by Mr. Hales individually related to business damage must be dismissed.

B. Plaintiffs Fail to State a Claim Against Defendant Because the Complaint Alleges Only Vague Group Association Without Specific Conduct

Plaintiffs' allegations against Defendant are limited to his operation of a YouTube

channel and generalized participation in a "conspiracy" by appearing on other defendants' channels and endorsing their content. These allegations fall short of the particularity required to state claims for defamation, civil conspiracy, or tortious interference.

To survive a motion to dismiss, a complaint must allege facts demonstrating each defendant's individual participation in the alleged wrongdoing. See Twombly, 550 U.S. at 556-57 (requiring allegations sufficient to raise a right to relief above the speculative level). Mere association with alleged co-conspirators is insufficient. See Iqbal, 556 U.S. at 676 ("[T]he complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."). See also Bell Atl. Corp., 550 U.S. at 556.

C. Defendant's Statements Are Protected Opinion and Non-Actionable Under the First Amendment

Plaintiffs' claims rest heavily on allegedly defamatory statements made on Defendant's YouTube channel. However, statements of opinion, rhetorical hyperbole, or loose, figurative language are protected speech under the First Amendment and are not actionable as defamation. See Milkovich v. Lorain Journal Co., 497 U.S. 1, 20 (1990); Letter Carriers v. Austin, 418 U.S. 264, 286 (1974) (statements that cannot reasonably be interpreted as stating actual facts are protected).

The Complaint's alleged statements such as Defendant "slobbering" or "tearing apart" Plaintiffs lack the specificity and factual content necessary to constitute defamatory statements of fact.

D. Plaintiffs Fail to Plead a Valid Civil Conspiracy Claim Against Defendant

A civil conspiracy claim requires allegations of an agreement between two or more persons to commit an unlawful act or to commit a lawful act by unlawful means, resulting in damages. See Horne v. Potter, 392 F. Supp. 2d 1280, 1298 (M.D. Fla. 2005). Plaintiffs' allegations are conclusory and do not identify the terms of any agreement or Defendant's role in it.

Claims based on "group pleading" or mere association with a conspiracy fail under Twombly and Iqbal. See Bell Atl. Corp., 550 U.S. at 565 n.10; Iqbal, 556 U.S. at 678.

E. Plaintiffs Fail to State a Claim for Tortious Interference Because They Do Not Allege Specific Interference by Defendant

To establish tortious interference, Plaintiffs must allege intentional and unjustified interference with a specific business relationship by the defendant. See J.J. Gumberg Co. v. J.J. Gumberg Co. Inc., 868 F. Supp. 2d 1326, 1338 (M.D. Fla. 2012). The Complaint does not identify any particular business relationships Defendant interfered with nor how.

IV. CONCLUSION

For the foregoing reasons, Defendant respectfully requests this Court dismiss the Complaint against him with prejudice for failure to state a claim and for lack of standing.

Respectfully submitted,

S/ Raymond G. Bonebrake Jr.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

I certify this memorandum contains 906 words.

/s/ RAYMOND G. BONEBRAKE, JR.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished by email to the Plaintiff via email on this 16th day of July 2025, to:

SHOCHET LAW GROUP

Attorneys for Jeremy B. Hales

409 N. Main Street

Trenton, FL 32693

By: /s/ Randall Shochet

Randall Shochet, Esq.

FBN.: 959421

attorneys@counsel.insure

Respectfully submitted,

/s/ RAYMOND G. BONEBRAKE, JR.

Raymond G. Bonebrake Jr., pro se

103 West Sunset Drive

Box 265

New Sharon, IA 50207

rbonecrusher@gmail.com



