UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

Case No.: 1:25-cv-00058-RH-MJF

ELEPHANT SHOE, LLC, an Ohio Limited Liability Company
d/b/a WHAT THE HALE$,
and
JEREMY B. HALES,

Plaintiffs,

v.

LYNETTE MICHELLE LACY ALEXIS PRESTON,
JOHN COOK, BRUCE P. MATZKIN, LISA LEE,
MARLA HUGHES, DAVID C. HELM, ROBERT J. KESZEY,
DAVID MICHAEL TESCHENDORF, RAYMOND G. BONEBRAKE, JR.
and RICHARD LUTHMANN,

Defendants.
_____/

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT BONEBRAKE'S MOTION TO DISMISS (Doc. 107)

Plaintiffs, Jeremy B. Hales and Elephant Shoe, LLC, respectfully submit this Response in Opposition to Defendant BONEBRAKE, JR.'S (hereinafter, "BONEBRAKE")'s Motion to Dismiss the Complaint (hereinafter, "Complaint").

Plaintiffs respectfully request that this Court deny BONEBRAKE's Motion. This is because BONEBRAKE's motion fails to demonstrate that Plaintiffs' claims are legally insufficient under the applicable standards for a Rule 12(b)(6) motion to dismiss. As demonstrated below, Plaintiffs' claims are well-pleaded and supported by sufficient factual allegations to survive a motion to dismiss.

When evaluating motions to dismiss or similar procedural challenges, courts must apply the appropriate pleading standards. Under federal pleading standards, which are instructive in Florida courts, a party is required to set forth a plausible showing of entitlement to relief pursuant to a cognizable theory of recovery. *United States EEOC v. Center One, LLC*, No. 2:19cv1242 (W.D. Pa. Sep. 30, 2020).

> Importantly, a plaintiff is not required at the pleading stage to identify facts to establish each and every element of a claim. The applicable federal pleading standards require a party to set forth a plausible showing of entitlement to relief pursuant to a cognizable theory of recovery. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 212-213 (3d Cir. 2009) ("It is axiomatic that the standards for dismissing claims under Federal Rule of Civil Procedure 12(b)(6) and granting judgment under either Federal Rule of Civil Procedure 50 or Federal Rule of Civil Procedure 56 are vastly different.").

*United States EEOC v. Ctr. One, LLC*, No. 2:19cv1242,, at *2 (W.D. Pa. Sep. 30, 2020).

BONEBRAKE's Motion improperly attempts to impose heightened pleading standards that exceed what is required under applicable law. The 11th Circuit has consistently emphasized that at the pleading stage, a complaint must meet the federal pleading standards by setting forth a plausible claim for relief under a cognizable legal theory. The court has clarified that a truncated assessment of recoverable damages or entitlement to relief is <u>*not appropriate*</u> at this stage, as the focus is on whether the allegations, taken as true, plausibly establish a claim.

In *Galette v. Goodell*, 2023 U.S. App. LEXIS 29727 (11th Cir. Nov. 8, 2023), the 11th Circuit Court of Appeals held that under Fed. R. Civ. P. 8(a)(2) and 12(b)(6), a complaint need only contain sufficient factual matter to state a plausible claim for relief. This aligns with the principle that courts should not engage in a detailed assessment of recoverable damages at the pleading stage, as the focus is on whether the allegations plausibly establish a claim.

To the extent that BONEBRAKE's Motion seeks dismissal based on alleged pleading deficiencies, it fails to recognize that the standards for dismissing claims under Rule 12(b)(6) and granting judgment under Rules 50 or 56 are vastly different

This distinction is critical because a motion to dismiss is not the appropriate vehicle for challenging the sufficiency of evidence, which is properly addressed at summary judgment or trial.

## MEMORANDUM

- **The Complaint Clearly Distinguishes Between Claims Brought by Jeremy Hales Individually and Those Brought by Elephant Shoe, LLC**

The Complaint carefully distinguishes between the two Plaintiffs: Jeremy B. Hales as an individual (referred to as Mr. HALES) and Elephant Shoe, LLC (referred to as HALES). This distinction is maintained consistently throughout the Complaint, making it clear which claims belong to which Plaintiff.

The Complaint states that Plaintiff Elephant Shoe, LLC ('HALES') is an Ohio limited liability company with its principal place of business in Summit County,

Ohio and Plaintiff's owner-agent is Plaintiff Jeremy B. Hales (hereinafter, 'Mr. HALES') is an individual domiciled in Peninsula, Summit County, Ohio and is a citizen of Ohio. This clear delineation establishes that these are two separate legal entities bringing distinct claims.

- **Mr. HALES Has Only Asserted Individual Claims for Which He Has Standing**

Contrary to BONEBRAKE's assertion, Mr. Hales has not attempted to assert claims belonging to Elephant Shoe, LLC. The Complaint explicitly shows that Mr. HALES has brought only two individual claims:

COUNT 1 – MALICIOUS PROSECUTION (against PRESTON)

COUNT 16 – VIOLATION OF FLORIDA'S SEXUAL CYBERHARASSMENT LAW, FLA. STAT. § 784.049 (against LUTHMANN).

For Count 1, the Complaint specifically states: "Mr. HALES realleges and reincorporates the allegations contained in paragraphs 1 through 6, paragraphs 19 through 22, paragraphs 55 through 96, and paragraphs 165 through 172 above as if more fully set forth herein.". This count relates to PRESTON's alleged false accusations against Mr. HALES personally, including allegations that he raped [her] daughter and other defamatory statements on road signs. These allegations were directed at Mr. HALES as an individual, not at the business entity.

For Count 16, the Complaint again specifically states: "Mr. HALES realleges and reincorporates the allegations contained in paragraphs 1 through 6, paragraphs

19 through 54, paragraphs 162-169, and paragraphs 165 through 172 above as if more fully set forth herein.". This count relates to LUTHMANN's alleged sexual cyberharassment of Mr. HALES personally, including posting revenge porn of Mr. Hales. Florida law prohibits sexual cyberharassment which is defined as the publication of a sexually explicit image of a person that contains or conveys the personal identification information of the depicted person to an internet website without the depicted person's consent, for no legitimate purpose, with the intent of causing substantial emotional distress to the depicted person. These allegations clearly pertain to Mr. HALES as an individual, not to the business entity.

- **All Business-Related Claims Are Properly Brought by Elephant Shoe, LLC**

All other claims in the Complaint, including the civil conspiracy claims against BONEBRAKE and other defendants, are explicitly brought by Elephant Shoe, LLC (referred to as hales in the Complaint), not by Mr. HALES individually.

For example, COUNT 14 – CIVIL CONSPIRACY against RAYMOND (BONEBRAKE) begins with: "HALES realleges and reincorporates the allegations contained in paragraphs 1 through 6, paragraphs 19 through 54, paragraphs 155-161, and paragraphs 165 through 172 above as if more fully set forth herein." The use of "HALES" rather than "Mr. HALES" clearly indicates that this claim is brought by Elephant Shoe, LLC, not by Jeremy Hales individually.

This means that BONEBRAKE's argument that "Jeremy Hales, as an individual, lacks standing to assert claims for harm to the business" is based on a fundamental misreading of the Complaint by whoever read it. The Complaint does not attempt to have Mr. Hales assert claims for harm to the business. Rather, it carefully distinguishes between claims brought by Mr. Hales individually and those brought by Elephant Shoe, LLC.

The structure of the Complaint is consistent with Florida law, which allows a plaintiff to recover from both a business entity and an individual if there is a separate basis for liability as to each. Here, there are separate bases for liability: personal harm to Mr. Hales (malicious prosecution and sexual cyberharassment) and business harm to Elephant Shoe, LLC (civil conspiracy, tortious interference, etc.).

BONEBRAKE's argument that Jeremy Hales lacks standing for claims belonging to Elephant Shoe, LLC is without merit. The Complaint clearly distinguishes between claims brought by Mr. Hales individually and those brought by Elephant Shoe, LLC. Mr. Hales has only asserted individual claims for which he has standing, while Elephant Shoe, LLC has brought separate claims for business-related damages.

- **The Amended Complaint Does Not Contain A Defamation Claim Under Florida Jurisdiction**

BONEBRAKE's arguments regarding protected opinion and First Amendment defenses to defamation are entirely misplaced, as the Amended Complaint does not assert a cause of action for defamation under Florida law. This repeated fundamental misunderstanding of Plaintiffs' claims warrants dismissal of BONEBRAKE's arguments related to defamation.

In Florida, a prima facie defamation claim requires five specific elements: (1) publication; (2) falsity; (3) actor must act at least negligently on a matter concerning a private person; (4) actual damages; and (5) the statement must be defamatory *CNN, Inc. v. Black*, 374 So. 3d 811 (Fla. 4th DCA 2023). The Florida Supreme Court has consistently held that to sufficiently state a cause of action for defamation, a plaintiff must establish these five elements. *A Plus Accounting v. V.*, 2014 Fla. Cir. LEXIS 2229. When these elements are compared to other torts, the specific requirements for defamation become evident. *Jews for Jesus, Inc. v. Rapp*, 997 So. 2d 1098 (Fla. 2008).

A review of the Complaint reveals that Plaintiffs have not asserted a standalone cause of action for defamation against BONEBRAKE or any other defendant. While the Complaint alleges that BONEBRAKE made statements that could be characterized as defamatory in nature, these statements form the basis of other causes of action, specifically civil conspiracy and tortious interference with business relationships.

The civil conspiracy claim is based on an independent wrongful act that would constitute a cause of action if performed by only one person. As Florida courts have recognized, "the gist of a civil action for conspiracy is not conspiracy itself but the civil wrong which is done pursuant to the conspiracy and which results in damage to the plaintiff." *Balcor Property Management v. Ahronovitz*, 634 So. 2d 277 (Fla. 4th DCA 1994). The underlying civil wrongs alleged in the Complaint include tortious interference with business relationships and other claims, *not defamation*. Therefore, BONEBRAKE's extensive arguments regarding whether his statements constitute protected opinion under the First Amendment are irrelevant to the actual claims asserted in the Amended Complaint. This means the Court should disregard these arguments and focus on the actual causes of action pled by Plaintiffs.

- **Plaintiffs Have Sufficiently Alleged a Claim for Civil Conspiracy Against BONEBRAKE**

Plaintiffs' Complaint adequately alleges that BONEBRAKE participated in a civil conspiracy with the other defendants. Under Florida law, the elements of a civil conspiracy are: "(a) an agreement between two or more parties, (b) to do an unlawful act or to do a lawful act by unlawful means, (c) the doing of some overt act in pursuance of the conspiracy, and (d) damage to plaintiff as a result of the acts done under the conspiracy." *Eagletech Communications, Inc. v. Bryn Mawr Inv. Group*, Inc., 79 So.3d 855, 863 (Fla. 4th DCA 2012).

Florida courts have consistently held that a "conspirator need not take part in the planning, inception, or successful conclusion of a conspiracy. The conspirator need only know of the scheme and assist in it in some way to be held responsible for all the acts of his coconspirators.". Although threadbare, conclusory allegations will not survive dismissal, the existence of a conspiracy and an individual's participation in it may be inferred from circumstantial evidence.

The Complaint specifically alleges that BONEBRAKE made false statements about the plaintiffs that were presented in a way that implied clear factual accusations. These statements were made as part of what Plaintiffs describe as the malicious conspiracy to harm HALES. The Complaint further alleges that comments from all Defendants, including BONEBRAKE, were posted in a hate group that included links to false YouTube videos and pages about the Plaintiffs.

Plaintiffs' Complaint contains many paragraphs of factual allegations, including, without limitation, detailed allegations regarding BONEBRAKE's specific acts in paragraphs 1 through 6, paragraphs 19 through 55, paragraphs 155 through 161, and paragraphs 165 through 172. These allegations are more than sufficient to put BONEBRAKE on notice of the claims against him and the grounds upon which they rest and reasonably notify BONEBRAKE of his purported role in the scheme.

As Plaintiffs' underlying causes of action do not allege fraud, there is no heightened pleading standard, and the general plausibility standards of Rule 8(a) of the Federal Rules of Civil Procedure control the agreement element of the conspiracy claim. Moreover, even under Rule 9(b), a defendant's knowledge can be alleged generally—even if the cause of action involves fraud.

- **Plaintiffs Have Sufficiently Alleged the Underlying Torts**

The Complaint adequately alleges the underlying torts that form the basis of the conspiracy claim, including tortious interference with advantageous business relationships.

In Florida, the elements of tortious interference with a business relationship are: "(1) the existence of a business relationship, not necessarily evidenced by an enforceable contract; (2) knowledge of the relationship on the part of the defendant; (3) an intentional and unjustified interference with the relationship by the defendant; and (4) damages to the plaintiff as a result of the breach of the relationship." *Popular Bank v. R.C. Asesores Financieros*, 797 So. 2d 614 (Fla. 3rd DCA 2001).

In *Ferguson Transp. v. North Am. Van Lines*, 687 So. 2d 821 (Fla. 1996), the Florida Supreme Court clarified that the plaintiff must allege a business relationship with identifiable customers, not merely a general relationship with the public or prospective customers. Here, the Complaint identifies that the Plaintiffs had business

relationships with specific business entities - YouTube, Whatnot, Inc., and Facebook, as well as with the 736,000 subscribers to the What The Hales channel.

The Complaint further alleges that the Defendants, including BONEBRAKE, had knowledge of these relationships and intentionally and without justification interfered with them.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendant BONEBRAKE's Motion to Dismiss Plaintiffs' Second Amended Complaint. Plaintiffs' claims are well-pleaded and supported by sufficient factual allegations to survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. That said, should the Court grant BONEBRAKE's motion, it should do so without prejudice to afford Plaintiffs an opportunity to amend to address any perceived defect. *See Thomas v. Town of Davie,* 847 F.2d 771, 773 (11th Cir. 1988).

Respectfully submitted,

SHOCHET LAW GROUP
SHOCHET APPELLATE LLC
Attorneys for Plaintiffs
409 N. Main Street
Trenton, FL 32693

By*: /s/ Randall Shochet*
Randall ("Randy") Shochet, Esq.
FBN.: 959421
attorneys@counsel.insure

## CERTIFICATE OF COMPLIANCE

I HEREBY CERTIFY that this document complies with the applicable word count limit requirement of Local Rule 7.1. The word count is less than 3000 words. It has been calculated by the word-processing system and excludes the content authorized to be excluded under the Rule.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 2, 2025, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served on this day on all counsel of record, via email to the Service List below.

By: /s/ *Randall Shochet*

## SERVICE LIST

Cameron L. Atkinson, Esq.
Atkinson Law, LLC
Attorney For MATZKIN
1000 Lafayette Blvd., Fl. 11
Bridgeport, CT 06604
catkinson@atkinsonlawfirm.com

Christopher Joseph Gage, Esq.
Banker Lopez Gassler PA
Attorney for HELM
501 E KENNEDY BLVD, STE 1700
TAMPA, FL 33602
service-cgage@bankerlopez.com

Lynette Michelle Lacy Alexis Preston, pro se

John Cook, pro se

Marla Hughes, pro se

Lisa Lee, pro se

Robert J. Keszey, pro se

Raymond G. Bonebrake, Jr., pro se