IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION
Case No. 1:25-cv-00058-RH-ZCB

ELEPHANT SHOE, LLC, an Ohio Limited Liability Company d/b/a WHAT THE HALE$, and JEREMY B. HALES,

Plaintiff,

v.

ROBERT J. KESZEY, et al.,

Defendants.

/

## DEFENDANT ROBERT J. KESZEY'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Defendant Robert J. Keszey ("Keszey"), Pro se, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss all claims asserted against him in Plaintiff's Amended Complaint (the "Complaint"). In support, Keszey states as follows:

## INTRODUCTION

Plaintiff's Complaint is a sprawling narrative that attempts to transform online disputes and commentary into actionable federal and state law claims. The



allegations against Keszey are, at best, vague and conclusory. Plaintiff fails to state a claim upon which relief can be granted because (1) the statements attributed to Keszey are non-actionable opinion and/or true; (2) Plaintiff's conspiracy allegations are impermissibly conclusory and unsupported by specific facts; and (3) Plaintiff fails to plead essential elements of its statutory and tort claims. The Complaint should be dismissed in its entirety as against Keszey.

**ARGUMENT**

### I.  STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

### II.  PLAINTIFF FAILS TO STATE A CLAIM FOR DEFAMATION OR FALSE ADVERTISING

Plaintiff alleges that Keszey made certain statements in a YouTube livestream, such as "All Hales does is bully people" and commentary regarding business dealings with a third party. These statements are classic examples of non-actionable opinion and rhetorical hyperbole. See Milkovich v. Lorain Journal Co., 497 U.S. 1, 20 (1990); Horsley v. Rivera, 292 F.3d 695, 701 (11th Cir. 2002). The First Amendment protects such opinions, particularly in the context of online discourse

and social media.

Additionally, Plaintiff fails to plead with particularity any false or misleading statement of fact made by Keszey in "commercial advertising or promotion" as required by the Lanham Act, 15 U.S.C. § 1125(a). The alleged statements are not commercial speech, nor are they likely to influence purchasing decisions within the meaning of the statute.

### III. PLAINTIFF FAILS TO STATE A CLAIM UNDER THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT (FDUTPA)

To state a FDUTPA claim, Plaintiff must allege (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages. See Virgilio v. Ryland Group, Inc., 680 F.3d 1329, 1338 (11th Cir. 2012). Plaintiff's conclusory allegations that Keszey engaged in a "scheme to enrich himself at the expense of consumers and Hales" are unsupported by factual allegations. Plaintiff fails to identify any deceptive act by Keszey directed at consumers, nor any causal link between such an act and alleged damages.

### IV. PLAINTIFF FAILS TO STATE A CLAIM FOR TORTIOUS INTERFERENCE

A claim for tortious interference requires allegations of (1) the existence of a business relationship; (2) knowledge of the relationship; (3) intentional and unjustified interference; and (4) resulting damage. See Ethan Allen, Inc. v.

Georgetown Manor, Inc., 647 So. 2d 812, 814 (Fla. 1994). Plaintiff does not identify any specific business relationship with which Keszey interfered, nor any conduct by Keszey that was unjustified or outside the scope of protected free speech.

### V. PLAINTIFF FAILS TO STATE A CLAIM FOR CIVIL CONSPIRACY

To state a claim for civil conspiracy under Florida law, Plaintiff must allege an agreement between two or more parties to accomplish an unlawful act or a lawful act by unlawful means, and overt acts in furtherance of the conspiracy. See Charles v. Fla. Foreclosure Placement Ctr., LLC, 988 So. 2d 1157, 1159 (Fla. 3d DCA 2008). Plaintiff's conspiracy allegations are wholly conclusory, reciting only that "Defendants agreed" to harm Plaintiff, without any factual basis for an agreement or concerted action by Keszey. Mere parallel conduct or participation in online discussions is insufficient.

### VI. LEAVE TO AMEND SHOULD BE DENIED AS FUTILE

Given the fundamental deficiencies and the protected nature of the alleged conduct, any amendment would be futile.

## CONCLUSION

For the foregoing reasons, the Complaint should be dismissed in its entirety as against Defendant Keszey.

Respectfully submitted,

Robert J. Keszey, Pro Se
4392 SW 52ND TERRACE
BUSHNELL, FL 33513

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

I certify this memorandum contains 795 words.

Robert J. Keszey, Pro Se

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th *day of September*, 2025, a true and correct copy of the foregoing was served on Plaintiff's counsel of record via USPS.

_____
Robert J. Keszey, Pro Se


SHOCHET LAW GROUP
Attorneys for Jeremy B. Hales
409 N. Main Street
Trenton, FL 32693
Randall Shochet, Esq.
FBN.: 959421
attorneys@counsel.insure

PRESS FIRMLY TO SEAL

PRESS FIRMLY TO SEAL

PRIORITY MAIL
FLAT RATE ENVELOPE
POSTAGE REQUIRED

UNITED STATES POSTAL SERVICE

PRIORITY MAIL

Retail
US POSTAGE PAID
$11.00
Origin: 33513
09/12/25
1112300140-11

PRIORITY MAIL®

0 Lb 2.50 Oz
RDC 03

EXPECTED DELIVERY DAY: 09/15/25

C001

SHIP TO:
STE 243
401 SE 1ST AVE
GAINESVILLE FL 32601-6895

USPS TRACKING® #

9505 5141 6141 5255 6772 07

To schedule free Package Pickup, scan the QR code.

USPS.COM/PICKUP

PRIORITY MAIL
UNITED STATES POSTAL SERVICE
VISIT US AT USPS.COM
ORDER FREE SUPPLIES ONLINE

FROM:
Keszey
4392 SW 52nd Terr
Bushnell Fl 33513

TO:
United States Clerks Office
401 SE 1st Ave Ste 243
Gainesville fl 32601

Label 228, March 2016    FOR DOMESTIC AND INTERNATIONAL USE