UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

Case No.: 1:25-cv-00058-RH-MJF

ELEPHANT SHOE, LLC, an Ohio Limited Liability Company
d/b/a WHAT THE HALE$,
and
JEREMY B. HALES,

    Plaintiffs,
v.

LYNETTE MICHELLE LACY ALEXIS PRESTON,
JOHN COOK, BRUCE P. MATZKIN, LISA LEE,
MARLA HUGHES, DAVID C. HELM, ROBERT J. KESZEY,
DAVID MICHAEL TESCHENDORF, RAYMOND G. BONEBRAKE, JR.
and RICHARD LUTHMANN,

    Defendants.
_____/

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT KESZEY'S MOTION TO DISMISS (Doc. 110)

Plaintiffs, Jeremy B. Hales and Elephant Shoe, LLC, respectfully submit this Response in Opposition to Defendant KESZEY (hereinafter, "KESZEY")'s Motion to Dismiss the Second Amended Complaint (hereinafter, "Complaint").

Plaintiffs respectfully request that this Court deny KESZEY's Motion. This is because KESZEY's motion fails to demonstrate that Plaintiffs' claims are legally insufficient under the applicable standards for a Rule 12(b)(6) motion to dismiss. As demonstrated below, Plaintiffs' claims are well-pleaded and supported by sufficient factual allegations to survive a motion to dismiss.'

When evaluating motions to dismiss or similar procedural challenges, courts must apply the appropriate pleading standards. Under federal pleading standards, which are instructive in Florida courts, a party is required to set forth a plausible showing of entitlement to relief pursuant to a cognizable theory of recovery. *United States EEOC v. Center One, LLC*, No. 2:19cv1242 (W.D. Pa. Sep. 30, 2020).

> Importantly, a plaintiff is not required at the pleading stage to identify facts to establish each and every element of a claim. The applicable federal pleading standards require a party to set forth a plausible showing of entitlement to relief pursuant to a cognizable theory of recovery. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 212-213 (3d Cir. 2009) ("It is axiomatic that the standards for dismissing claims under Federal Rule of Civil Procedure 12(b)(6) and granting judgment under either Federal Rule of Civil Procedure 50 or Federal Rule of Civil Procedure 56 are vastly different.").

*United States EEOC v. Ctr. One, LLC*, No. 2:19cv1242,, at *2 (W.D. Pa. Sep. 30, 2020).

KESZEY's Motion improperly attempts to impose heightened pleading standards that exceed what is required under applicable law. The 11th Circuit has consistently emphasized that at the pleading stage, a complaint must meet the federal pleading standards by setting forth a plausible claim for relief under a cognizable legal theory. The court has clarified that a truncated assessment of recoverable damages or entitlement to relief is <u>*not appropriate*</u> at this stage, as the focus is on whether the allegations, taken as true, plausibly establish a claim. For example, in

*Galette v. Goodell*, 2023 U.S. App. LEXIS 29727 (11th Cir. Nov. 8, 2023), the 11th Circuit Court of Appeals held that under Fed. R. Civ. P. 8(a)(2) and 12(b)(6), a complaint need only contain sufficient factual matter to state a plausible claim for relief. This aligns with the principle that courts should not engage in a detailed assessment of recoverable damages at the pleading stage, as the focus is on whether the allegations plausibly establish a claim.

To the extent that KESZEY's Motion seeks dismissal based on alleged pleading deficiencies, it fails to recognize that the standards for dismissing claims under Rule 12(b)(6) and granting judgment under Rules 50 or 56 are vastly different

This distinction is critical because a motion to dismiss is not the appropriate vehicle for challenging the sufficiency of evidence, which is properly addressed at summary judgment or trial.

## MEMORANDUM

- **Plaintiffs Have Sufficiently Alleged a Claim for Civil Conspiracy Against KESZEY**

Plaintiffs' Complaint adequately alleges that KESZEY participated in a civil conspiracy with the other defendants. Under Florida law, the elements of a civil conspiracy are: "(a) an agreement between two or more parties, (b) to do an unlawful act or to do a lawful act by unlawful means, (c) the doing of some overt act in pursuance of the conspiracy, and (d) damage to plaintiff as a result of the acts done

under the conspiracy." *Eagletech Communications, Inc. v. Bryn Mawr Inv. Group*, Inc., 79 So.3d 855, 863 (Fla. 4th DCA 2012).

Florida courts have consistently held that a "conspirator need not take part in the planning, inception, or successful conclusion of a conspiracy. The conspirator need only know of the scheme and assist in it in some way to be held responsible for all the acts of his coconspirators." Although threadbare, conclusory allegations will not survive dismissal, the existence of a conspiracy and an individual's participation in it may be inferred from circumstantial evidence.

The Complaint specifically alleges that KESZEY made false statements about Plaintiffs that were presented in a way that implied clear factual accusations. These statements were made as part of what Plaintiffs describe as the malicious conspiracy to harm HALES. The Complaint further alleges that comments from all Defendants, including KESZEY, are included in false YouTube videos and pages about the Plaintiffs, and were posted in a hate group that included links to these false YouTube videos and pages about the Plaintiffs.

Plaintiffs' Complaint contains many paragraphs of factual allegations, including, without limitation, detailed allegations regarding KESZEY's specific acts in paragraphs 1 through 6, paragraphs 19 through 55, paragraphs 145 through 149, and paragraphs 165 through 172. These allegations are more than sufficient to put

KESZEY on notice of the claims against him and the grounds upon which they rest and reasonably notify KESZEY of his purported role in the scheme.

As Plaintiffs' underlying causes of action do not allege fraud, there is no heightened pleading standard, and the general plausibility standards of Rule 8(a) of the Federal Rules of Civil Procedure control the agreement element of the conspiracy claim. Moreover, even under Rule 9(b), a defendant's knowledge can be alleged generally—even if the cause of action involves fraud.

- **Plaintiffs Have Sufficiently Alleged the Underlying Torts**

The Complaint adequately alleges the underlying torts that form the basis of the conspiracy claim, including, without limitation, tortious interference with advantageous business relationships.

In Florida, the elements of tortious interference with a business relationship are: "(1) the existence of a business relationship, not necessarily evidenced by an enforceable contract; (2) knowledge of the relationship on the part of the defendant; (3) an intentional and unjustified interference with the relationship by the defendant; and (4) damages to the plaintiff as a result of the breach of the relationship." *Popular Bank v. R.C. Asesores Financieros*, 797 So. 2d 614 (Fla. 3rd DCA 2001).

In *Ferguson Transp. v. North Am. Van Lines*, 687 So. 2d 821 (Fla. 1996), the Florida Supreme Court clarified that the plaintiff must allege a business relationship with identifiable customers, not merely a general relationship with the public or

prospective customers. Here, the Complaint identifies that the Plaintiffs had business relationships with specific business entities - YouTube, Whatnot, Inc., and Facebook, as well as with the 736,000 subscribers to the What The Hales channel.

The Complaint further alleges that the Defendants, including KESZEY, had knowledge of these relationships and intentionally and without justification interfered with them.

- **Plaintiffs Have Sufficiently Alleged A Claim Under The Florida Deceptive And Unfair Trade Practices Act (FDUTPA)**

KESZEY argues that Plaintiffs' FDUTPA claims should be dismissed for failure to meet heightened pleading standards. This argument mischaracterizes the nature of Plaintiffs' claims and misapplies the law regarding pleading standards for FDUTPA claims.

Federal district courts in Florida are split on whether the heightened pleading requirements of Rule 9(b) are applicable to FDUTPA claims. While some courts have applied Rule 9(b) to FDUTPA claims that sound in fraud, others have recognized that FDUTPA claims premised solely or primarily on unfair trade practices might not be subject to heightened pleading requirements.

Other courts have categorically held that Rule 9(b) does not apply to claims under FDUTPA because unlike fraud, a party asserting a deceptive trade practice claim need not show actual reliance on the representation or omission at issue. This

Court should join several decisions in holding that the requirements of Rule 9(b) categorically do not apply to claims under FDUTPA.

Even if this Court determines that Rule 9(b) applies to Plaintiffs' FDUTPA claims, the Complaint satisfies the heightened pleading standard. Rule 9(b) requires that "in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." However, "malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."

Plaintiffs' Complaint contains over 150 paragraphs of factual allegations, including detailed allegations regarding KESZEY's specific acts. These allegations are more than sufficient to put KESZEY on notice of the claims against him and the grounds upon which they rest and reasonably notify KESZEY of his purported role in the scheme.

In the context of allegedly false or misleading statements, "a plaintiff need not prove reliance on the [defendant's] allegedly false statement. but rather a plaintiff must simply prove that an objectively reasonable person would have been deceived." *Davis v. Angelcare USA, LLC*, 727 F. Supp. 3d 99. While this is a Connecticut decision, under the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), a plaintiff is also not required to prove reliance on the defendant's allegedly false or misleading statements. Instead, the standard is that a plaintiff must demonstrate that an objectively reasonable person would have been deceived by the defendant's

actions. This objective test is applied to determine whether the alleged practice was likely to mislead a consumer acting reasonably under the circumstances.

*In Haney v. Costa Del Mar Inc.,* 2019 Fla. Cir. LEXIS 17324; 2019 LX 42333, the court reiterated that FDUTPA employs an objective test to determine whether a practice was likely to deceive a consumer acting reasonably. The court cited *Carriuolo v. Gen. Motors Co.*, 823 F.3d 977, 983 (11th Cir. 2016), and *Davis v. Powertel, Inc.*, 776 So. 2d 971, 974 (Fla. 1st DCA 2000), to affirm that the question is not whether the plaintiff actually relied on the alleged deceptive practice but whether the practice was likely to deceive a reasonable consumer.

In *Marrache v. Bacardi U.S.A., Inc.,* 17 F.4th 1084 (11th Cir. 2021), the court applied the objective standard under FDUTPA, requiring the plaintiff to show that the alleged practice was likely to deceive a consumer acting reasonably in the same circumstances. The court cited *Carriuolo v. Gen. Motors Co., 823 F.3d 977, 983-84 (11th Cir. 2016), and Zlotnick v. Premier Sales Group, Inc., 480 F.3d 1281*, to support this standard. To establish an unfair practice, the plaintiff must show that it is "one that 'offends established public policy' and one that is 'immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.' *Id*. Moreover, to establish an unfair practice, the plaintiff must show that it is "one that 'offends established public policy' and one that is 'immoral, unethical, oppressive,

unscrupulous or substantially injurious to consumers.'" *Id.* at 1098. Such as the circumstances here.

In *Corrigan v. Walmart, Inc.*, 591 F. Supp. 3d 1291, *Co.* (S.D. Fla. 2022), the court explained that FDUTPA is designed to protect consumers from deceptive or unfair practices and employs an objective test to determine whether a practice is likely to mislead a reasonable consumer. The court cited *Dolphin LLC v. WCI Cmtys., Inc.*, 715 F.3d 1243, 715 F.3d 1243, 1250 (11th Cir. 2013), and *Rollins, Inc. v. Butland*, 951 So. 2d 860, 869 (Fla. 2d DCA 2006), to outline the elements of a FDUTPA claim, which include a deceptive act or unfair practice, causation, and actual damages. *Id.* Although FDUTPA does not explicitly define the term deception, the provisions of the Act are to be construed liberally. Fla. Stat. § 501.202. *Ibid*. Moreover, "[w]hen competitor businesses, rather than consumers, press a FDUTPA claim, "lost profits, lost revenue, reputation harm, and other damages commonly observed in business torts claims" <u>constitute actual damages</u> (Emphasis added)." *Trasco Wellness, Ltd. Liab. Co. v. Tampa Bay Spine & Sports Med., Ltd. Liab. Co.*, No. 8:23-cv-02536-WFJ-UAM, 2024 U.S. Dist. LEXIS 61892, at *8-9 (M.D. Fla. Apr. 4, 2024) (citations omitted).

- **Plaintiffs Have Sufficiently Alleged A Claim For Tortious Interference With Business Relationships**

In Florida, the essential elements of tortious interference with advantageous business relationships are: (1) the existence of a business relationship under which

the plaintiff has legal rights; (2) the defendant's knowledge of the relationship; (3) an intentional and unjustified interference with the relationship by the defendant; and (4) damage to the plaintiff as a result of the breach of the relationship.

Contrary to KESZEY's assertion, there is no requirement at the pleading stage for a complaint to identify the specific contracts and specific customers at issue. Florida law requires only that an identifiable contractual relationship be alleged. The Complaint identifies Plaintiffs' business relationships with customers, vendors, and platforms (such as YouTube and Whatnot, Inc.). The Complaint further alleges that KESZEY intentionally interfered with these relationships by making false statements and engaging in a coordinated campaign to harm Plaintiffs' business. These allegations are sufficient to state a claim for tortious interference.

- **Keszey's Arguments Regarding Protected Speech Are Misplaced**

KESZEY argues that the statements attributed to him are protected under the First Amendment. However, the Complaint alleges that KESZEY made false statements of fact about Plaintiffs' business practices and reputation. These statements are not protected speech because they are actionable under FDUTPA, the Lanham Act, and tortious interference law. Actionable false statements include: (1) commercial claims that are literally false as a factual matter; and (2) claims that may be literally true or ambiguous but which implicitly convey a false impression, are misleading in context, or likely to deceive consumers.

- **The Complaint Contains Sufficient Factual Specificity**

KESZEY contends that the Complaint contains conclusory allegations and lacks factual specificity. This argument is without merit. As discussed above, the Complaint provides detailed allegations, including specific statements made by KESZEY, the context in which they were made, and the harm caused to Plaintiffs.

Between the more relaxed pleading standards for this case, combined with over 150 paragraphs of factual allegations in the Complaint, Plaintiffs' allegations satisfy the pleading standards under Federal Rule of Civil Procedure 8(a).

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendant KESZEY's Motion to Dismiss Plaintiffs' Second Amended Complaint. Plaintiffs' claims are well-pleaded and supported by sufficient factual allegations to survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. That said, should the Court grant KESZEY's motion, it should do so without prejudice to afford Plaintiffs an opportunity to amend to address any perceived defect. *See Thomas v. Town of Davie,* 847 F.2d 771, 773 (11th Cir. 1988).

Respectfully submitted,

SHOCHET LAW GROUP
SHOCHET APPELLATE LLC
Attorneys for Plaintiffs
409 N. Main Street
Trenton, FL 32693

By*: /s/ Randall Shochet*
Randall ("Randy") Shochet, Esq.
FBN.: 959421
attorneys@counsel.insure

## CERTIFICATE OF COMPLIANCE

I HEREBY CERTIFY that this document complies with the applicable word count limit requirement of Local Rule 7.1. The word count is less than 3000 words. It has been calculated by the word-processing system and excludes the content authorized to be excluded under the Rule.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 19, 2025, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served on this day on all counsel of record, via email to the Service List below.

By: /s/ *Randall Shochet*

## SERVICE LIST

Cameron L. Atkinson, Esq.
Atkinson Law, LLC
Attorney For MATZKIN
1000 Lafayette Blvd., Fl. 11
Bridgeport, CT 06604
catkinson@atkinsonlawfirm.com

Christopher Joseph Gage, Esq.
Banker Lopez Gassler PA
Attorney for HELM
501 E KENNEDY BLVD, STE 1700
TAMPA, FL 33602
service-cgage@bankerlopez.com

Lynette Michelle Lacy Alexis Preston, pro se

John Cook, pro se

Marla Hughes, pro se

Lisa Lee, pro se

Robert J. Keszey, pro se

Raymond G. Bonebrake, Jr., pro se