UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

Case No.: 1:25-cv-00058-RH-MJF

ELEPHANT SHOE, LLC, an Ohio Limited Liability Company
d/b/a WHAT THE HALE$,
and
JEREMY B. HALES,

    Plaintiffs,
v.

LYNETTE MICHELLE LACY ALEXIS PRESTON,
JOHN COOK, BRUCE P. MATZKIN, LISA LEE,
MARLA HUGHES, DAVID C. HELM, ROBERT J. KESZEY,
DAVID MICHAEL TESCHENDORF, RAYMOND G. BONEBRAKE, JR.
and RICHARD LUTHMANN,

    Defendants.
_____/

## MOTION TO DECLARE VALID SERVICE OF PROCESS AND ENTRY OF DEFAULT AND OTHER RELIEF

Plaintiffs Jeremy B. Hales and Elephant Shoe, LLC d/b/a WHAT THE HALE$, by and through the undersigned counsel, hereby respectfully move this Court to declare that service of process upon Defendant RICHARD LUTHMANN was valid and effective pursuant to Rule 4(e) of the Federal Rules of Civil Procedure, and pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, enter a default against Defendant RICHARD LUTHMANN (hereinafter, "LUTHMANN") for failure to plead or otherwise defend this action. This Motion is based on the following grounds and authority:

## **4199 LOS ALTOS COURT, NAPLES, FL.**

1. In Case No. 2:23-cv-01218-JES-KCD, in the U.S. District Court Middle District of Florida (Ft. Myers), LUTHMANN identified himself as a Movant, Pro Se, (1) as shown in the Docket (a copy being attached hereto as **Exhibit 1**), (2) as shown in an Objection filed by LUTHMANN in the case on February 11, 2025 (a copy being attached hereto as **Exhibit 2**), and (3) as shown in a recent Motion filed in the case by LUTHMANN on August 26, 2025 (a copy being attached hereto as **Exhibit 3**), all where LUTHMANN listed his address as 4199 Los Altos Court, Naples, FL. See **Exhibit 1**, **Exhibit 2**, and **Exhibit 3.**

2. Yet, on May 9, 2025, at 12:53 PM, Elvis Durity, licensed Process Server attempted to serve LUTHMANN at the address he provided to Federal Court - 4199 Los Altos Court, Naples, FL 34109 – with the result stating, "Server attempted - the subject is unknown; The subject does not reside at this address." See **Exhibit 4**.

3. Moreover, on FIVE further occasions (August 7, 8, 11, 12, and 16, 2025), licensed Process Server Shawn Lowdermilk attempted to serve LUTHMANN at the address he provided to Federal Court - 4199 Los Altos Court, Naples, FL 34109 – with the following results (See **Exhibit 5**):

    - 8/7/2025 2:25 pm Attempted service at 4199 LOS ALTOS COURT, NAPLES, FL 34109 NO ANSWER AT THE DOOR AND NO CARS. THE HURRICANE

SHUTTERS ARE UP ALL OVER THE HOUSE. THERE WAS NO ANSWER AT THE NEIGHBOR.

- 8/8/2025 1:58 pm Attempted service at 4199 LOS ALTOS COURT, NAPLES, FL 34109 NO ANSWER AT THE DOOR AND NO CHANGE. THERE WAS NO ANSWER AT THE NEIGHBOR.

- 8/11/2025 4:07 pm Attempted Service at 4199 LOS ALTOS COURT. NAPLES, FL 34109. No answer at the door and no cars. The server left a card.

- 8/12/2025 4:38 pm Attempted service at 4199 LOS ALTOS COURT, NAPLES, FL 34109. No answer at the door. ***The note is gone*** **and both trash cans are out**.

- 8/15/2025 7:54 pm Attempted service at 4199 LOS ALTOS COURT, NAPLES, FL 34109. No answer at the door. The trash can is out.

- 8/16/2025 7:55 am Attempted service at 4199 LOS ALTOS COURT, NAPLES, FL 34109. No answer at the door and no change. There was no answer at the neighbor.

### 338 SUGAR PINE LANE, NAPLES, FL

4. In Case No. 2:25-cv-00337-JLB-NPM, in the U.S. District Court Middle District of Florida (Ft. Myers), LUTHMANN is the Plaintiff, Pro Se, (1) as shown by the Complaint (a copy being attached hereto as **Exhibit 6**) signed by LUTHMANN on April 23, 2025, where LUTHMANN listed his address as 338 Sugar Pine Lane, Naples, FL 34108.

5. Yet, on June 16 2025, at 8:55 PM, Elvis Durity, licensed Process Server attempted to serve LUTHMANN at the 338 Sugar Pine address – with the result

stating, "Server attempted - Unable to make the contract at this time, no activity in the area." See **Exhibit 4**.

6. Moreover, on THREE further occasions (June 19, 2025, June 21 2025, and on August 12, 2025), licensed Process Servers Elvis Durity and Shawn Lowdermilk attempted to serve LUTHMANN at the 338 Sugar Pine address (See **Exhibits 4 and 5**) with the following results:

- 6/19/2025 at 11:43 PM, by Elvis Durity Loc: 338 Sugar Pine Drive, Naples, FL 34108 Attempted Service Thursday 19, June 2025: NO ANSWER THIS TIME WINDOW LOUVERS REMAIN IN CLOSE POSITION NO NOISE INSIDE. NO ACTIVITY INSIDE.

- 6/21/2025 at 05:07 PM, by Elvis Durity Loc: 338 Sugar Pine Drive, Naples, FL 34108 Attempted Service Sat 21, June 2025/11:53 hours NO ANSWER AT THIS TIME. WINDOW LOUVERS REMAINED CLOSED, NO LIGHT INSIDE, NO VEHICLE, NO RESPONSE AT NEIGHBOR.

- 8/12/2025 3:36 pm Attempted service at 338 Sugar Pine Lane, Naples, FL 34108 NO ANSWER AT THE DOOR. THE CARD IS STILL THERE. THE NEIGHBOR DOWNSTAIRS SAYS THAT NO ONE IS LIVING THERE. SHE SAYS THAT THE OWNER IS JIM AND HE IS OVER 80 YEARS OLD AND RESIDES UP NORTH DURING THE SUMMER.

7. On August 18, 2025, licensed Process Server Robert Goldsmith signed an Affidavit of Non-Service, which stated, *inter alia*:

> Between August 12, 2025, and August 15, 2025, I conducted a series of investigative efforts in good faith to

effectuate personal service on the defendant. My actions during that time included:

a.   Records and Database Searches: I conducted background checks and proprietary database searches to obtain the defendant's last known residential addresses, vehicle registration, mailing addresses, and known associates. These searches yielded multiple possible locations in Florida, primarily in Naples, Collier County.

b.   Physical Attempts at Service: I personally visited several addresses associated with the defendant, all of which were located in Naples, Collier County, Florida. At each location, I either observed no sign of occupancy or was informed by neighbors or occupants that the defendant had recently vacated or was not known at the location. No contact was made with the defendant during these visits.

c.   Surveillance Operations: Surveillance was conducted on two separate occasions at what was believed to be the defendant's primary residence. Over several hours, I observed the property but did not witness any individual matching the defendant's description.

d.   Open Source Intelligence (OSINT) Monitoring: Given the defendant's apparent online activity, *I monitored public podcast content and social media where the defendant has a known presence. During these broadcasts, the defendant made vague and evasive references to his location and circumstances, indicating knowledge of pending legal matters and suggesting a deliberate attempt to avoid being served.*

**Conclusion**: DESPITE DILIGENT EFFORTS AND MULTIPLE INVESTIGATIVE APPROACHES, I WAS UNABLE TO PERSONALLY SERVE THE DEFENDANT. BASED ON THE TOTALITY OF EVIDENCE, INCLUDING AVOIDANCE BEHAVIOR AND VAGUE STATEMENTS MADE PUBLICLY BY

THE DEFENDANT, I BELIEVE THE DEFENDANT IS INTENTIONALLY EVADING SERVICE.

**See Exhibit 7, Affidavit of Robert Goldsmith.**

8. Due to the above, Plaintiffs concur - LUTHMANN is deliberately evading service of process.

9. The Affidavit of Process Server, Eugene Griffin, is attached hereto as **Exhibit 8**, and has been filed with this Court, confirming that service was effectuated on August 4, 2025, at approximately 11:10 AM. (Doc. 112).

10. The Affidavit further indicates that LUTHMANN confirmed receipt of the served court documents ("100 pages") by posting about them (with his father) online in a YouTube video called "Unknown" by Dick & Volpe on August 5, 2025. The YouTube video, which features LUTHMANN with his father, constitutes an admission by LUTHMANN that he received actual notice of the lawsuit through the substitute service effectuated at his dwelling. https://www.youtube.com/watch?v=Z98T37TzT0Q. *Id.*

**This Is Not The Only Time That LUTHMANN Admitted That He Received Actual Notice Of The Lawsuit.**

11. Ironically, this is not the only time that LUTHMANN admitted that he received actual notice of the lawsuit. This is because Plaintiffs have knowledge that LUTHMANN regularly uses the email address - richard.luthmann@protonmail.com - for business and personal communications, as evidenced by Requests for waiver of

service pursuant to Federal Rules of Civil Procedure 4(d), were emailed and sent via USPS priority mail to LUTHMANN, the email was sent to richard.luthmann@protonmail.com – see **Exhibit 9** – and was responded to by LUTHMANN acknowledging receipt of the actual lawsuit, thus admitting for a second time that he received actual notice of the lawsuit.

12. This means there are valid grounds to find valid service process on LUTHMANN. Cf. *Frank Keevan & Son, Inc. v. Callier Steel Pipe & Tube, Inc.*, 107 F.R.D. 665, 671 (S.D. Fla. 1985) ("Courts have liberally construed Rule 4(d)(1) and found valid service of process when a defendant has actual notice of a lawsuit filed against him. *See Nowell v. Nowell,* 384 F.2d 951 (5th Cir. 1967), *cert. denied,* 390 U.S. 956, 19 L. Ed. 2d 1150, 88 S. Ct. 1053 (1968) (when defendant had actual notice of lawsuit, service of process left with defendant's apartment complex manager who resided in a different building than the defendant was effective); *Karlsson v. Rabinowitz,* 318 F.2d 666 (4th Cir. 1963) (service of process left at defendant's former residence was effective because defendant had actual knowledge of the suit). In such situations, notice of the pending lawsuit satisfies the due process of law requirement that a defendant receive fair notice of a proceeding against him and thus provides the court with in personam jurisdiction.").

13. LUTHMANN *even copied Magistrate Bolitho in the response to the Request for waiver of service* the same day the Request was sent on August 17, 2025.

That response again proves LUTHMANN has actual notice of this lawsuit filed against him (**Exhibit 10**) and there are valid grounds to find valid service process on LUTHMANN.

14. Under Federal Rule of Civil Procedure 4(d)(2), if a defendant located within the United States fails, without good cause, to sign and return a waiver of service requested by a plaintiff, the defendant becomes responsible for the costs of service. The rule requires that the defendant be given a reasonable time of at least 30 days after the request is sent to return the waiver if the request is sent within the United States. If the waiver is not returned within this 30-day period, the defendant may be held liable for the expenses incurred in making service and reasonable expenses, including attorney's fees, of any motion required to collect those service expenses. *See Rohde v. HKM Pinellas LLC*, No. 8:23-cv-829-WFJ-AAS,, at *3 (M.D. Fla. Oct. 26, 2023).

15. Plaintiffs hereby request for the attorney's fees and costs (after September 16, 2025) associated with effectuating service on LUTHMANN and for preparing this Motion.

16. Plaintiffs should not be required to incur excessive costs to effect service of process on defendants who are evading service. Plaintiffs request the court exercise discretion to extend the time for service, permit alternative methods of

service, or retroactively validate service attempts, particularly where a defendant such as LUTHMANN is actively avoiding service.

17. Pursuant to Rule 12(a)(1)(A)(i) of the Federal Rules of Civil Procedure, LUTHMANN was required to serve an answer or other responsive pleading within 21 days after being served with the summons and complaint.

18. More than 21 days have elapsed since LUTHMANN was served with the Summons and Complaint on August 4, 2025 and he has failed to answer or otherwise respond to the Complaint, and the time for doing so has expired.

19. LUTHMANN is not a minor, an incompetent person, or on active duty in the military service of the United States.

20. The above demonstrates that multiple prior attempts to serve LUTHMANN were unsuccessful, because LUTHMANN has been actively evading service of process.[1]

21. On August 4, 2025, Plaintiffs effectuated substitute service by leaving a copy of the Summons and Complaint at defendant's dwelling with his stepmother,

---

[1] "Even in the absence of good cause, a district court has the discretion to extend the time for service of process." *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007). As stated by this Court, "the apparent efforts by Defendants to evade service would likely justify the Court exercising its discretion under Rule 4(m) to grant Plaintiffs' extension. *See Horenkamp v. Van Winkle And Co.*, 402 F.3d 1129, 1132-33 (11th Cir. 2005) (noting that evading service "may justify the grant of an extension of time for service of process in the absence of good cause"). (Doc. 97).

a person of suitable age and discretion who resides there, in accordance with Federal Rule of Civil Procedure 4(e)(2)(B). (Doc. 112).

22.　LUTHMANN has denied living at his parent's home. Despite this denial, LUTHMANN has confirmed actual receipt of the court documents served on his parents on August 4, 2025. LUTHAMNN did this by posting about the summons and complaint served on his parents on August 4, 2025 by referring to "100 pages" of documents in a YouTube video titled "Unknown" by Dick & Volpe on August 5, 2025, the day after substitute service was made with his stepmother, as described *supra*.

23.　Federal Rule of Civil Procedure 4(e)(2)(B) explicitly authorizes service by "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there."

24.　LUTHMANN's pattern of evading service, combined with his public acknowledgment of receiving the court documents through the YouTube video and by his own email demonstrates that service was effective and that LUTHMANN has received actual notice of this lawsuit.

WHEREFORE, Plaintiffs respectfully request that this Court:

1. Declare that service of process upon Defendant LUTHMANN was valid and effective;

2. Find that LUTHMANN has received actual notice of this lawsuit;

3. Order that LUTHMANN's time to respond to the Complaint has begun to run from the date of substitute service and enter a clerical default against LUTHMANN pursuant to Rule 55(a) of the Federal Rules of Civil Procedure;

4. Order that LUTHMANN pay Plaintiffs for the attorney's fees and costs (after September 16, 2025) associated with effectuating service on LUTHMANN and for preparing this Motion; and

5. Grant such other and further relief as this Court deems just and proper, including granting additional time to serve, allowing service by email.

Respectfully submitted,

SHOCHET LAW GROUP
SHOCHET APPELLATE LLC
Attorneys for Plaintiffs
409 N. Main Street
Trenton, FL 32693

By**: */s/ Randall Shochet*** 
Randall ("Randy") Shochet, Esq.
FBN.: 959421
attorneys@counsel.insure

## CERTIFICATE OF COMPLIANCE

I HEREBY CERTIFY that this document complies with the applicable word count limit requirement of Local Rule 7.1. The word count is less than 3000 words. It has been calculated by the word-processing system and excludes the content authorized to be excluded under the Rule.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 29, 2025, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served on this day on all counsel of record, via email to the Service List below.

By: /s/ *Randall Shochet*

## SERVICE LIST

Cameron L. Atkinson, Esq.
Atkinson Law, LLC
Attorney For MATZKIN
1000 Lafayette Blvd., Fl. 11
Bridgeport, CT 06604
catkinson@atkinsonlawfirm.com

Christopher Joseph Gage, Esq.
Banker Lopez Gassler PA
Attorney for HELM
501 E KENNEDY BLVD, STE 1700
TAMPA, FL 33602
service-cgage@bankerlopez.com

Lynette Michelle Lacy Alexis Preston, pro se

John Cook, pro se

Marla Hughes, pro se

Lisa Lee, pro se

Robert J. Keszey, pro se

Raymond G. Bonebrake, Jr., pro se