UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JEREMY BRYAN HALES, et al.,
    Plaintiffs,

vs.                                        Case No.: 1:25cv58/RH/ZCB

JOHN COOK, et al.,
    Defendants.
_____/

## ORDER

This matter is before the Court on Plaintiffs' "Motion for Expenses Incurred in Making Service and Attorney's Fees Pursuant to Rule 4(d) of the Federal Rules of Civil Procedure" (Doc. 134) and Defendant Teschendorf's response in opposition (Doc. 139). For the reasons below, Plaintiffs' motion is denied.

## I. Discussion

In lieu of service, "the plaintiff may mail the defendant a waiver of service of summons and allow the defendant 30 days to return the waiver." *Albert v. Am. Fam. Ins. Co.*, No. 24-12598, 2025 WL 1951867, at *1 (11th Cir. July 16, 2025). Defendants are not required to waive service "and if they do not, the plaintiff must effect personal service." *Phillips v. Life Prop. Mgmt. Servs., LLC*, No. 24-12598, 2021 WL

1

5444921, at *1 (11th Cir. Nov. 22, 2021).

"Rule 4(d)(1) sets forth the requirements to request a waiver of service[.]" *Cambpell v. OPD*, No. 6:24cv2313, 2025 WL 3294963, at *9 (M.D. Fla. Nov. 26, 2025). For individuals, the notice and request must: (A) be in writing and addressed to the individual defendant; (B) name the court where the complaint was filed; (C) be accompanied by a copy of the complaint, two copies of the waiver form appended to Rule 4, and a prepaid means for returning the form; (D) inform the defendant, using the form appended to Rule 4, of the consequences of waiving and not waiving service; (E) state the date when the request is sent; (F) give the defendant a reasonable time of at least thirty days after the request was sent to return the waiver; and (G) be sent by first-class mail or other reliable means. Fed. R. Civ. P. 4(d)(1). The "procedural requirements of Rule 4(d)(1)" are a "condition precedent to a demand for costs for refusal to waive service." *Davies v. Scott*, 2015 WL 13310012, at *2 (M.D. Fla. Apr. 14, 2015).

Defendant Teschendorf first argues that Plaintiffs did not comply with Rule 4(d)(1)(C) because they have not shown that a prepaid means for returning the waiver was sent with the request. (Doc. 139 at 3, 5). The Court rejects that argument. Although Plaintiffs have not submitted

2

the prepaid FedEx label itself, the Court credits Plaintiffs' claim that the label was sent with the waiver request. The request and waiver specifically reference the FedEx label being sent. (Doc. 134-1 at 1-4). And the email request references an attachment titled "2025-08-17T16_54_59_DTFedEx-Shipping-Label.pdf." (*Id.* at 1). The Court finds Plaintiffs have satisfied Rule 4(d)(1)(C).

The Court now turns to Defendant Teschendorf's argument that he had good cause for failing to return the waiver documents because he never received them. (Doc. 139 at 5-6). Under Rule 4(d)(2), the defendant should be ordered to pay the plaintiff's reasonable costs and fees in perfecting service if the defendant failed, without good cause, to sign and return the waiver request. The "most obvious illustration of good cause would be never having received" the waiver documents. 4A Wright & Miller's Fed. Prac. & Proc. § 1092.1 (4th ed. 2015); *see also* Fed. R. Civ. P. 4(d) advisory committee's note to 1993 amendments (stating that a circumstance where good cause would exist is if the defendant "did not receive" the request to waive service). The determination of whether good cause exists rests within the Court's considerable discretion. *Saxena v. Allen*, No. 1:22-cv-01769, 2024 WL 964817, at *2-3 (D. Colo. Mar. 6, 2024).

Defendant Teschendorf argues good cause exists because he never

3

received the waiver documents. (Doc. 139 at 2). According to Defendant Teschendorf, the waiver documents were sent to his brother's residence where Defendant Teschendorf occasionally stays, but where he does not receive mail. (*Id.* at 5-6). Defendant Teschendorf denies ever receiving the waiver documents that were mailed to his brother's residence. Moreover, the documents submitted to the Court show that the mail package sent by Plaintiffs was "refused" and "returned to sender" by the U.S. Postal Service. (Doc. 134-2). Thus, the evidence before the Court does not show that Defendant Teschendorf received the mail package containing the waiver documents. *See Saxena*, 2024 WL 964817, at *3 (refusing to impose costs and fees under Rule 4(d) where the mail package containing the waiver documents had been "returned and marked by the Post Office as undeliverable").

Plaintiffs also contend that they sent the waiver documents to Defendant Teschendorf at the email address miltownsbest1@gmail.com.[1]

---

[1] There is an open question regarding whether email is a permissible method for sending waiver documents under Rule 4(d). *See Saxena*, 2024 WL 964817, at *3 (expressing skepticism that email is a reliable means of serving waiver documents under Rule 4(d)); *see also Davies v. Scott*, No. 6:15-cv-21, 2015 WL 13310012, at *2 n.5 (M.D. Fla. Apr. 14, 2015) (recognizing the issue but declining to address the argument regarding whether email is a reliable means for sending a waiver request under Rule 4(d)). The Court need not consider that question today because

But Defendant Teschendorf states that the email was sent to an address that he does not use for correspondence and, therefore, it went unread. (Doc. 139 at 5-6). Plaintiffs have not provided a "read receipt" or any other evidence contradicting Defendant Teschendorf's statement that he did not receive the email containing the waiver documents. *See Saxena*, 2024 WL 964817, at *4 (denying request for costs under Rule 4(d) where the plaintiff "does not point to any documentation in the record" showing that the defendant opened and read the emailed waiver documents).

At the end of the day, it is Plaintiffs' burden to show entitlement to costs and fees under Rule 4(d). *Flores v. Sch. Bd. of DeSoto Par.*, 116 F. App'x 504, 508 (5th Cir. 2004). And the Court finds that Plaintiffs "as movant[s], ha[ve] not adequately demonstrated entitlement to the relief sought" under Rule 4(d). *Polk Const. Corp. v. Covasa Const., L.L.C.*, No. 12-2970, 2013 WL 6184988, at *3 (E.D. La. Nov. 26, 2013). Defendant Teschendorf has plausibly asserted that he never received the waiver documents, Plaintiffs have failed to rebut that assertion, and the failure to receive waiver documents provides good cause. *See id.* at *2 (finding

---

assuming it is permissible to send waiver documents by email, Plaintiffs have failed to show that Defendant Teschendorf received an email containing the service documents in this case.

5

that the plaintiff failed to show entitlement to fees and costs under Rule 4(d) where the defendant stated that "it never received the waiver request, and [the plaintiff] does not offer sufficient evidence to the contrary"); *see also Clark v. Sheffield*, No. CV 317-025, 2018 WL 11726982, at *2 (S.D. Ga. Jan. 5, 2018) (declining to award fees under Rule 4(d) where defendant claimed he never received a waiver request, "Plaintiff provides nothing indicating [the defendant] received the request[,]" and "it is reasonable to believe [the defendant] never received a waiver request"). Accordingly, the Court finds that Plaintiffs are not entitled to fees and costs under Rule 4(d). *See Owens v. Benton*, 190 F. App'x 762, 764 (11th Cir. 2006) (finding no abuse of discretion in denying costs and fees where "it was unclear whether the appellees were actually served with the waiver of service of summons").

## II.   Conclusion

Accordingly, it is **ORDERED** that Plaintiffs' "Motion for Expenses Incurred in Making Service and Attorney's Fees Pursuant to Rule 4(d) of the Federal Rules of Civil Procedure" (Doc. 134) is **DENIED**.

**SO ORDERED.**  This the 24th day of February 2026.

*s/ Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge