IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ELEPHANT SHOE, LLC et al.,

    Plaintiffs,

v.                                             CASE NO. 1:25cv58-RH-ZCB

JOHN COOK et al.,

    Defendants.

_____/

## ORDER DENYING THE MOTION TO
## DISQUALIFY THE MAGISTRATE JUDGE

    The plaintiffs have moved to disqualify the magistrate judge based on rulings in this case and comments on the record in a hearing in a related case.

    Under the statute governing judicial disqualification, 28 U.S.C. § 455, bias requiring disqualification "must arise from an extrajudicial source, except in the rare case 'where such pervasive bias and prejudice is shown by otherwise judicial conduct as would constitute bias against a party.' " *Giles v. Garwood*, 853 F.2d 876, 878 (11th Cir. 1988) (quoting *Davis v. Bd. of Sch. Comm'rs*, 517 F.2d 1044, 1051 (5th Cir.1975)). Unless a party can show pervasive bias, "a judge's rulings in

the same or a related case are not a sufficient basis for recusal." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000).

The plaintiffs have alleged no facts suggesting the magistrate judge is biased. Far from it. Judges are sometimes called on to rule against one side or the other, sometimes both, and are sometimes called on to rein in inappropriate litigation conduct, sometimes by one side or the other, sometimes both. When the plaintiffs disagree with a ruling by the magistrate judge, they can seek review by me, and when they disagree with my rulings, they can appeal to the United States Court of Appeals for the Eleventh Circuit. But rulings the plaintiffs disagree with will result not from bias but from careful, principled analysis of the law and facts. That is all the magistrate judge has done here.

IT IS ORDERED:

The motion to disqualify the magistrate judge, ECF No. 166, is denied.

SO ORDERED on March 12, 2026.

s/Robert L. Hinkle<br>
United States District Judge

Case No. 1:25cv58-RH-ZCB