IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ELEPHANT SHOE, LLC et al.,

    Plaintiffs,

v.                                          CASE NO. 1:25cv58-RH-ZCB

JOHN COOK et al.,

    Defendants.

_____/

ORDER DISMISSING THE SECOND
AMENDED COMPLAINT AND
GRANTING LEAVE TO AMEND FURTHER

       This case is another chapter—at least the third lawsuit in this court—in what is, at bottom, a war of words. *See* N.D. Fla. Cases No. 1:24cv45 & 1:25cv290. The plaintiffs—an individual and his company—allege the defendants have said unfavorable, untrue things about them. Unfavorable, untrue statements sometimes give rise to a claim for defamation. Here, though, the plaintiffs now assert only other claims, not defamation.

       The case is before the court on eight defendants' motions to dismiss, the magistrate judge's report and recommendation concluding the motions should be

granted, ECF No. 161, and the plaintiffs' objections, ECF No. 165. I have reviewed de novo the issues raised by the objections.

As relevant here, the plaintiffs have asserted statutory claims under the Florida Deceptive and Unfair Trade Practices Act and the federal Lanham Act. They have asserted Florida common-law claims for tortious interference with business relationships and civil conspiracy. The claims are unfounded for the reasons set out in the report and recommendation, which is adopted as the court's opinion, with the following additions.

FDUTPA claims are not limited to sales of products or services. As cases cited in the report and recommendation recognize, actual damages caused by a deceptive sale of a product or service are calculated as the value of the product or service as it should have been less the value as delivered. Substantial authority suggests these are the *only* damages recoverable under FDUTPA, even in other contexts. *See, e.g.*, *Ounjian v. Globoforce, Inc.*, 89 F.4th 852, 860–61 (11th Cir. 2023) (citing *Smith v. 2001 S. Dixie Highway, Inc.*, 872 So. 2d 992, 994 (Fla. 4th DCA 2004)). But this does not foreclose a claim for injunctive relief.

The plaintiffs have asked for leave to amend further if—as now has happened—the motions to dismiss are granted. This order grants leave to amend. The plaintiffs should note well: a third amended complaint that is equally rambling and unfocused is likely to meet the same fate as the second amended complaint.

And the plaintiffs may wish to consider the report and recommendation's conclusion that attorney's fees should be awarded to the defendant David C. Helm. Awarding fees is not yet appropriate, but a further amendment against Mr. Helm will almost surely increase his attorney's fees.

Any further attempt to state a FDUTPA claim should allege clearly and succinctly who was deceived, how they were deceived, specifically what damages the plaintiffs suffered as a result, and specifically what the plaintiffs say should be enjoined. Or, if the plaintiffs attempt to state a FDUTPA claim based on a practice they say was unfair but not deceptive, they should allege clearly and succinctly what practice was unfair, what damages the plaintiffs suffered as a result, and specifically what the plaintiffs say should be enjoined. Any attempt to state a tortious-interference claim should state clearly and succinctly which relationship between which plaintiff and which other person or class of persons was interfered with and how. Any attempt to state a civil-conspiracy claim should clearly and succinctly allege facts showing more than independent action or conscious parallelism. A complaint that runs longer than 20 pages is not likely to be "short and plain" as required by Federal Rule of Civil Procedure 8. The plaintiffs should not expect more than one more chance.

Because the report and recommendation already analyzes the substantive issues likely to be presented by any motion to dismiss a third amended complaint,

this order directs the clerk to refer any such motion directly to me, not to the magistrate judge, thus conserving judicial resources.

    IT IS ORDERED:

    1. The report and recommendation is accepted except that leave to amend further is granted and attorney's fees are not yet awarded in Mr. Helm's favor.

    2. The pertinent motions to dismiss, ECF Nos. 52, 53, 55, 61, 106, 107, 110, and 127, are granted.

    3. All claims are dismissed against the defendants John Cook, Bruce P. Marzkin, Lisa Lee, Marla Hughes, David C. Helm, Robert J. Keszey, David Michael Teschendorf, and Raymond G. Bonebrake, Jr.

    4. The plaintiffs may file a third amended complaint by April 2, 2026.

    5. I do *not* direct the entry of judgment under Federal Rule of Civil Procedure 54(b).

    6. The case is remanded to the magistrate judge for further handling, but the clerk should refer any motion to dismiss a third amended complaint directly to me, not to the magistrate judge.

    SO ORDERED on March 11, 2026.

                           s/Robert L. Hinkle
                            United States District Judge