UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| ELEPHANT SHOE, LLC, an Ohio Limited Liability Company d/b/a WHAT THE HALE$, and JEREMY B. HALES, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:25-cv-00058-RH-MJF |
| LYNETTE MICHELLE LACY ALEXIS PRESTON, JOHN COOK, BRUCE P. MATZKIN, LISA LEE, MARLA HUGHES, DAVID C. HELM, ROBERT J. KESZEY, DAVID MICHAEL TESCHENDORF, RAYMOND G. BONEBRAKE, JR., and RICHARD LUTHMANN, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## MOTION FOR RECONSIDERATION OF DOC. 175

Purported and palpable Defendant Richard A. Luthmann, Jr. ("Defendant" or "Luthmann"), a non-lawyer unskilled in the science of law and without the requisite capacity to be deemed learned in the law, having appearing *pro se* and specially for the limited purpose of contesting personal jurisdiction, hereby moves for reconsideration of the Court's March 12, 2026 order at Doc. 175, which lays an injunction against him.

### PRELIMINARY STATEMENT

Doc. 175 should be reconsidered and vacated, or at a minimum, substantially narrowed. The order expressly declares itself an "injunction," binds not only parties but also others in concert with them, and threatens contempt sanctions — "including fines or imprisonment." Yet the same order states: "I have read none of the emails; they have been intercepted by my staff and deleted." It then relies on second-hand characterizations—"I am told that their tone is completely

1

inappropriate"—to justify coercive relief, and closes with the warning that if the practice continues, "it will not end well for them." That is Kafkaesque. A contempt-backed injunction was entered against litigants based on communications the Court expressly says it never read.

Mr. Luthmann does not contend that a pro se litigant may disregard Local Rule 7.1. Nor does he claim a constitutional entitlement to lobby chambers by email. His point is narrower and stronger: once the Court transformed a local-practice issue into an injunction enforceable by contempt, due process attached in full. At that point, notice, an opportunity to be heard, and a record-based, narrowly tailored order were required. *Fed. R. Civ. P. 65(a)(1), (d)(1); Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 433 n.7 (1974); *Schmidt v. Lessard*, 414 U.S. 473, 476 (1974).

Those protections matter especially here. In the February 9, 2026, Rule 7.1(B) email, the Court says it did not read (attached as **Exhibit A**), Mr. Luthmann explained why he copied the Court and Clerk: to "preserve the integrity of the record and ensure transparency" in a case where represented parties could file instantaneously through CM/ECF while he, as a pro se litigant, could not. He expressly framed the practice as a good-faith effort to avoid one-sided "litigation content creation by ambush," not as defiance. Whether the Court ultimately agrees with that justification or not, it was entitled to reject it only after hearing it, not by entering an injunction first and process later.

## BACKGROUND

The relevant email was not a secret attempt to obtain ex parte relief. It was sent to opposing counsel under Local Rule 7.1(B), copied to the Clerk, and copied to chambers. It demanded the withdrawal of Doc. 158 and stated that, in the absence of agreement, Mr. Luthmann would file an

appropriate motion. In other words, the communication was served on the adversary, disclosed on its face, and tied to anticipated motion practice. It did not ask the Court to grant relief by email.

In that same email, Mr. Luthmann explained that he was copying the Court and Clerk "to preserve the integrity of the record and ensure transparency." He further explained that, as a pro se litigant, he could not file via CM/ECF absent leave, while represented parties could file immediately and without advance notice. He argued that this asymmetry created a structural due-process disadvantage and cited *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976), and *Fuentes v. Shevin*, 407 U.S. 67, 80–81 (1972), among other authorities.

Doc. 175 states that some defendants had developed a practice of copying the Court and magistrate judge on emails addressed to others; that Local Rule 7.1(M) "prohibits the practice"; that the Court read none of the emails because staff intercepted and deleted them; and that the Court had been told their tone was inappropriate. The order then entered an injunction forbidding all parties from sending a copy of "any letter or email" to the Court, the magistrate judge, or chambers, except when directly relevant to a pending motion and then only as an attachment to a filing on the docket. The order expressly threatens contempt, fines, and imprisonment.

## STANDARD

Because Doc. 175 is interlocutory, the Court may revise it at any time before entry of final judgment. *Fed. R. Civ. P. 54(b)*. Reconsideration is particularly appropriate where an interlocutory order rests on a clear legal error, fails to account for controlling law, or works manifest injustice.

Here, reconsideration is warranted because Doc. 175 is not a mere housekeeping directive. By its own terms, it is an injunction backed by contempt. As such, it must satisfy Rule 65 and the Due Process Clause. *Fed. R. Civ. P. 65(a)(1), (d)(1); Granny Goose*, 415 U.S. at 433 n.7; *Schmidt*, 414 U.S. at 476.

3

## ARGUMENT

**I.    Doc. 175 Is a True Injunction, So Rule 65 and Due Process Apply.**

The Court called Doc. 175 an "injunction." It did not merely strike a filing, admonish counsel, or direct future compliance with Local Rule 7.1. It expressly "prohibited and enjoined" conduct, bound nonparties in active concert, and threatened contempt sanctions, including imprisonment. That is classic injunctive relief. *See Fed. R. Civ. P. 65(d)(2).*

Because the order is injunctive, Rule 65(a)(1) required notice. And the notice contemplated by Rule 65 is not a technicality; it means a fair opportunity to oppose the injunction and to prepare a defense. *Granny Goose*, 415 U.S. at 433 n.7. Rule 65(d)(1) likewise requires that every injunction state the reasons why it issued, state its terms specifically, and describe the restrained acts in reasonable detail. *Schmidt*, 414 U.S. at 476, teaches why: the specificity requirement exists to prevent uncertainty, confusion, and contempt based on vague commands.

Doc. 175 falls short on both fronts. It was issued without prior notice or hearing, and it rests on reasoning that is not record-based: the Court expressly did not read the underlying communications. An injunction entered on that basis cannot be squared with Rule 65 or elementary due process.

**II.    The Order Violates Due Process Because It Was Entered Without Notice, Without a Hearing, and on Material the Court Concededly Did Not Read.**

"The fundamental requisite of due process of law is the opportunity to be heard." *Grannis v. Ordean*, 234 U.S. 385, 394 (1914). At a minimum, due process requires notice reasonably *calculated to apprise the affected party of the issue and a meaningful opportunity to respond. Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). The Supreme Court has repeatedly emphasized that the opportunity to be heard must come at a meaningful time and in a meaningful manner. *Mathews*, 424 U.S. at 333; *Fuentes*, 407 U.S. at 80–82.

Doc. 175 inverted that sequence. It imposed the sanction-backed restraint first and dispensed with process altogether. No order to show cause preceded it. No hearing preceded it. No adversarial submission preceded it. No sworn factual record preceded it. Worse still, the Court explicitly stated that it had "read none of the emails." The result is a coercive order based not on judicial review of the challenged material, but on staff interception and deletion, plus an unsworn report that the tone was "completely inappropriate."

That is not a sufficient predicate for an injunction. A federal court's inherent authority is powerful, but it must be exercised "with restraint and discretion," and when sanctions or coercive restraints are imposed, due process is required. *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764–67 (1980); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–50 (1991). Whatever the Court's concerns about copied emails, a litigant cannot be placed under threat of contempt and imprisonment based on unread communications and second-hand assessments of tone.

This point is decisive even if the Court ultimately concludes that copying chambers was improper under the Local Rules. Rule enforcement still must comport with due process. Mr. Luthmann was entitled to explain what the Court now acknowledges it never read: that the copied communication was a Rule 7.1(B) conferral email, served on opposing counsel, not a secret bid for ex parte adjudication; that he copied the Clerk as well as chambers; and that he did so, rightly or wrongly, to preserve a contemporaneous record in an environment where he lacked immediate CM/ECF access. A court may reject those explanations. It may not ignore them because it never read them.

### III.    The Order Is Overbroad and Not Narrowly Tailored, Especially Given the District's Paper-Filing Regime for Pro Se Litigants.

Mr. Luthmann does not argue that pro se parties are excused from procedural rules. They are not. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Nor does he dispute that Local Rule 7.1(A) forbids requesting judicial action by letter and that Local Rule 7.1(M) forbids sending letters directly to the judge. The critical point, however, is that Local Rule 7.1(M) itself identifies the narrower, ordinary solution: when correspondence is relevant to an issue being submitted, it "may be filed with the Clerk as an exhibit." N.D. Fla. Loc. R. 7.1(M). The rule thus points to filing through the Clerk, not to a contempt-backed injunction entered without hearing.

That matters because the District's procedures place pro se litigants at a practical filing disadvantage. Represented parties may file instantly through CM/ECF; pro se parties generally may not. Mr. Luthmann's February 9 email expressly raised that problem. He said he was copying the Court and Clerk "to preserve the integrity of the record and ensure transparency" in the face of that asymmetry. Again, the Court could reject that rationale. But it was required to evaluate it, not bypass it.

The First Amendment's Petition Clause protects access to courts as a form of petitioning the government for redress of grievances. *Borough of Duryea v. Guarnieri*, 564 U.S. 379, 387–88 (2011); *California Motor Transport Co. v. Trucking Unlimited*, 404 U.S. 508, 510–11 (1972). The Supreme Court has also recognized a constitutional right of access to courts rooted at least in part in the Petition Clause and Due Process Clause. *Christopher v. Harbury*, 536 U.S. 403, 415 n.12 (2002); *Boddie v. Connecticut*, 401 U.S. 371, 377–79 (1971).

To be clear, those cases do not create a free-floating right to email chambers. But they do require caution when a court fashions restrictions that burden a litigant's practical ability to preserve, present, and seek redress in pending litigation—especially a pro se litigant already denied

the same instantaneous filing mechanisms as represented counsel. Even filing restrictions aimed at genuinely abusive litigants must be narrowly tailored and may not altogether foreclose meaningful access to court. *Procup v. Strickland*, 792 F.2d 1069, 1074 (11th Cir. 1986) (en banc). If that is true for serial abusive filers, it is all the more true here, where the order was not preceded by findings of bad-faith litigation abuse after notice and hearing.

Several narrower alternatives were available. The Court could have: (1) admonished that copied communications to chambers are impermissible; (2) directed that any relevant correspondence be filed only with the Clerk as an exhibit to a motion, consistent with Local Rule 7.1(M); (3) directed that no substantive request for relief be made except by motion, consistent with Local Rule 7.1(A); or (4) considered a limited mechanism to mitigate the pro se timing disadvantage the February 9 email described. Instead, the Court chose the most coercive option first: a contempt-backed injunction. That choice was disproportionate and insufficiently tailored.

## IV.    The Order Also Raises Serious Concerns About Judicial Temperament and the Appearance of Justice.

This motion does not lightly invoke concerns about judicial temperament. Nor does it suggest that stern judicial language, standing alone, establishes bias. It ordinarily does not. *Liteky v. United States*, 510 U.S. 540, 555 (1994). But the law requires more than actual fairness; it also requires the appearance of fairness. "A fair trial in a fair tribunal is a basic requirement of due process." *In re Murchison*, 349 U.S. 133, 136 (1955). And "justice must satisfy the appearance of justice." *Offutt v. United States*, 348 U.S. 11, 14 (1954).

Measured against those standards, Doc. 175 is troubling. The Court announced that it had read none of the relevant emails. It relied on what it had been "told" about tone. It threatened contempt, fines, and imprisonment. And it added the unusually personal warning that if the practice continued, "it will not end well for them." Whatever the Court intended, that phrase does not read

7

as a neutral explanation of procedural requirements. It reads as a menace. Combined with the absence of any hearing and the admitted non-review of the underlying material, it creates an appearance problem that this Court should not ignore.

Reconsideration is therefore warranted not merely to correct a procedural defect, but to restore confidence that this issue will be handled through ordinary rule-based adjudication rather than through frustration expressed in injunctive form.

## V. At a Minimum, the Court Should Vacate the Existing Injunction and Replace It with a Narrow Clarification Consistent with the Local Rules.

The proper remedy is to vacate Doc. 175. But at a minimum, the Court should replace it with a narrower clarification that does three things.

First, it should make clear that no party may seek substantive judicial action by direct letter or email to chambers. That is already the substance of Local Rule 7.1(A).

Second, it should make clear that if correspondence is relevant to a pending issue, it may be filed with the Clerk as an exhibit to a motion or response, consistent with Local Rule 7.1(M), rather than copied to chambers.

Third, it should make clear that no contempt sanctions will be based on the current order, which was entered without notice and without review of the underlying communications, and that any future coercive relief will be considered only after notice and an opportunity to be heard.

That approach would cure the due-process defect, align the order with the Local Rules, and eliminate the overbreadth and appearance concerns discussed above.

**CONCLUSION**

For the foregoing reasons, Defendant Richard A. Luthmann, Jr., respectfully requests that the Court:

1. Reconsider Doc. 175 under Rule 54(b);

2. Vacate the injunction entered at Doc. 175;

3. Alternatively, modify Doc. 175 to provide only that no party may request judicial action by direct communication to chambers and that any relevant correspondence must be filed with the Clerk as an exhibit to a motion or response;

4. Specify that no contempt sanction may be predicated on the existing order; and

5. Grant such other and further relief as is just and proper.

Dated: March 13, 2026                           Respectfully submitted,

Richard A. Luthmann, Jr.
Pro Se Defendant (Special Appearance)
4199 Los Altos Court
Naples, Florida 34109
Tel: (239) 631-5957
Email: richard.luthmann@protonmail.com

## Local Rule 7.1(B) Certification

Defendant, acting pro se, attempted in good faith to resolve the issues raised herein by the parties (see **Exhibit B**). Plaintiffs have not responded.

Richard A. Luthmann, Jr.

## Certificate of Word Count – Local Rule 7.1(F)

I certify that this Motion, including all headings, footnotes, and quotations, contains **2,398 words,** excluding the case style, signature blocks, and certificates, in compliance with N.D. Fla. Local Rule 7.1(F). (Word count computed by the word-processing software.)

Richard A. Luthmann, Jr.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 13, 2026, I mailed the foregoing Motion to Strike with Declaration and Exhibits to:

Clerk of Court
United States Courthouse
401 SE First Ave.
Gainesville, FL 32601

Upon receipt, the Clerk of Court, using the CM/ECF system and other means, will send notification of such filing to all counsel of record and non-represented parties.

Richard A. Luthmann, Jr.

10

## Re: Local Rule 7.1(B) Notice – Demand to Withdraw Doc. 158 and Stipulate to Relief - Hales v. Preston et al. - 1:25-cv-00058-RH-ZCB

From    Richard A Luthmann <richard.luthmann@protonmail.com>

To      Shochet Law Group<attorneys@counsel.insure>

CC      Randall Shochet<rshochet@shochetlaw.com>, doreen@shochetlaw.com,
        Emma Degamo<edegamo@shochetlaw.com>, clerk@flnd.uscourts.gov, clerkofcourts@flnd.uscourts.gov,
        flnd_bolitho@flnd.uscourts.gov, flnd_hinkle@flnd.uscourts.gov

**EXHIBIT**

**A**

Date    Monday, February 9th, 2026 at 10:33 AM

Mr. Shochet,

Thank you for making your and your clients' views and position known. I trust we will hear all about it on YouTube ecosystems for the rest of the week.

Unless and until the federal courts provide a clearer or more effective mechanism to prevent "litigation content creation by ambush," *Pro Se* Defendant Luthmann will continue to copy the Court and the Clerk on Rule-required communications to preserve the integrity of the record and ensure transparency.

As a matter of Northern District of Florida local practice, pro se litigants are not permitted to file through CM/ECF absent express leave of court and must instead file by paper, while represented parties may file instantaneously and without advance notice. *See* N.D. Fla. CM/ECF Administrative Procedures § I(A), § II(B) (restricting electronic filing to attorneys admitted to the bar of the Court unless otherwise authorized). This places the *Pro Se* Defendant at a structural due-process disadvantage relative to represented parties who may instantaneously file pleadings, affidavits, and exhibits without notice.

Courts have long recognized that due process requires a meaningful opportunity to be heard and to respond, not merely the formal availability of a response after the damage is done. *See Mathews v. Eldridge*, 424 U.S. 319, 333 (1976); *Fuentes v. Shevin*, 407 U.S. 67, 80–81 (1972). This case illustrates how unethical litigation tactics can exploit that imbalance: Plaintiffs' counsel files salacious and demonstrably false materials via CM/ECF without advance notice, while the pro se Defendant is limited to service by mail, delaying any response by days.

In the modern 24-hour media cycle, those allegations are immediately amplified in the press and online, protected by litigation privilege, long before any rebuttal can be filed—confirming the maxim that "a lie will get halfway around the world before the truth has a chance to get its pants on."

Courts have repeatedly cautioned against such abuse of the judicial process and emphasized their inherent authority to police conduct that undermines fairness and integrity. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–46 (1991); *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764–65 (1980).

Where procedural asymmetry enables sharp practice against a pro se litigant, courts have an obligation to ensure that the rules are not weaponized to deny due process. *See Donaldson v. Clark*, 819 F.2d 1551, 1557–58 (11th Cir. 1987) (en banc); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

Defendant's practice of copying the Court and Clerk is therefore not defiance, but a good-faith safeguard against ambush and a necessary step to protect the fairness of proceedings until the Court determines a better solution.

Thank you for your attention to this matter!

Regards,

Richard Luthmann
Writer, Journalist, and Commentator
Tips or Story Ideas:
(239) 631-5957
richard.luthmann@protonmail.com
**LINKTREE**
**Muck Rack Profile**
**Substack: This is For Real.**
**Editor-In-Chief: FLGulf.news**
**Editor-In-Chief: NYNewsPress.com**
**Editor-In-Chief: TheFamilyCourtCircus.com**
**Contributor: Frank Report**
**Contributor: Sun Bay Paper**
**Follow Me on Facebook X Instagram LinkedIn TRUTH Rumble Newsbreak**

Sent with Proton Mail secure email.

On Monday, February 9th, 2026 at 9:53 AM, Shochet Law Group <attorneys@counsel.insure> wrote:

> Dear Mr. Richard Luthmann,
>
> We are in receipt of your email dated February 9, 2026, regarding Document 158 in et al. (Case No. 1:25-cv-00058-RH-ZCB).
>
> Our filing fully complies with Local Rule 7.1(f) word count limitations. Your interpretation of what constitutes "countable narrative text" is incorrect. We stand by our Certificate of Compliance. We

disagree with your characterization of the content in our Response and your other assertions. No "cure" is necessary or forthcoming.

Most importantly, we must address your inappropriate direct communication with the Court. Your email was copied to Judge Hinkle, Magistrate Judge Bolitho, and the Clerk's office. This constitutes an improper ex parte communication. The Northern District of Florida Local Rules (and the Florida Rules of Professional Conduct) prohibit such communications.

Please immediately cease directly contacting the Court via email regarding this matter.

*Any further concerns you have should be properly addressed through appropriate motion practice,* not through demands for stipulations or direct communications with the Court.

**Sincerely,**

Shochet Law Group
SHOCHET APPELLATE, LLC
**409 N. Main Street**
**Trenton, FL 32693**

The information contained in this e-mail and any attachments, is confidential and intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copy of this communication is strictly prohibited. If you have received this communication in error, please immediately notify me by e-mail and delete the original message.

---

**From:** Richard Luthmann <richard.luthmann@protonmail.com>
**Date:** Monday, February 9, 2026 at 9:21 AM
**To:** Shochet Law Group <attorneys@counsel.insure>, Randall Shochet <rshochet@shochetlaw.com>, doreen@shochetlaw.com <doreen@shochetlaw.com>, Emma Degamo <edegamo@shochetlaw.com>
**Cc:** flnd_bolitho@flnd.uscourts.gov <flnd_bolitho@flnd.uscourts.gov>, flnd_hinkle@flnd.uscourts.gov <flnd_hinkle@flnd.uscourts.gov>, clerk@flnd.uscourts.gov <clerk@flnd.uscourts.gov>, clerkofcourts@flnd.uscourts.gov <clerkofcourts@flnd.uscourts.gov>
**Subject:** Local Rule 7.1(B) Notice – Demand to Withdraw Doc. 158 and Stipulate to Relief - Hales v. Preston et al. - 1:25-cv-00058-RH-ZCB

Attorney Shochet:

This email is sent pursuant to N.D. Fla. Local Rule 7.1(B) in the above-referenced matter.

Plaintiffs' Response filed at Doc. 158 is procedurally and substantively defective and must be withdrawn.

First, the Response exceeds the 8,000-word limit under Local Rule 7.1(f) once countable narrative text is properly included, including embedded quotations, reproduced emails, alleged transcripts, and repetitive factual recitations. The Certificate of Compliance does not cure this defect.

Second, the Response relies extensively on inflammatory and salacious allegations of threats, premised largely on materials attributed to Eugene Griffin. Those materials are legally deficient and improper. Griffin does not identify the phone numbers that allegedly contacted him, does not authenticate any call records, does not link any communication to me, and purports to testify to matters occurring in New York and elsewhere to which he has no personal knowledge. The allegations are hearsay, lack an evidentiary foundation, and are expressly *falsus in uno, falsus in omnibus*. I have never spoken with Griffin or had "two-way communications" with him or anyone acting on behalf of Jeremy Hales (including you and your law offices, who will not return my calls or messages, even those legally required under court rules), a fact I have confirmed under oath.

As you know, this Court has already struck filings in this case for improper, inflammatory, and non-compliant content, and both Magistrate Judge Bolitho and Judge Hinkle have made clear that such material will not be tolerated on this docket.

Before seeking Court intervention, I am providing you with the opportunity to cure. Please confirm by 5:00 p.m. tomorrow that Plaintiffs will:

1. Withdraw Doc. 158 in its entirety, and

2. Stipulate that (a) the filing exceeded Local Rule 7.1(f)'s word limit, and (b) the Griffin materials and all threat allegations lack evidentiary foundation and are withdrawn and may be stricken or disregarded.

Absent written confirmation, I will file a motion to strike seeking that relief, together with appropriate supporting declarations and exhibits.

Thank you for your attention to this matter!

Regards,

Richard Luthmann
Writer, Journalist, and Commentator
Tips or Story Ideas:
(239) 631-5957
richard.luthmann@protonmail.com
**LINKTREE**
**Muck Rack Profile**
**Substack: This is For Real.**

**Editor-In-Chief: FLGulf.news**

**Editor-In-Chief: NYNewsPress.com**

**Editor-In-Chief: TheFamilyCourtCircus.com**

**Contributor: Frank Report**

**Contributor: Sun Bay Paper**

**Follow Me on Facebook X Instagram LinkedIn TRUTH Rumble Newsbreak**

Sent with Proton Mail secure email.

## Local Rule 7.1(B) Notice – Meet and Confer Regarding Motion for Reconsideration (Doc. 175) – Hales v. Preston, Case No. 1:25-cv-00058-RH-ZCB

From    Richard A Luthmann <richard.luthmann@protonmail.com>

To      Cameron Atkinson<catkinson@atkinsonlawfirm.com>, service-cgage@bankerlopez.com,
        Randall Shochet<rshochet@shochetlaw.com>, Shochet Law Group<attorneys@counsel.insure>,
        Two Lee's In A Pod<twoleespod@gmail.com>, John Cook<jmcook987@gmail.com>,
        robbie@keszeybrothers.com, Supa Dave<miltownsbest1@gmail.com>,
        Marla Hughes<MarlaHughes@live.com>, Ray Bonecrusher<rbonecrusher@gmail.com>



EXHIBIT
B

Date    Thursday, March 12th, 2026 at 8:37 PM

Dear Counsel and Parties:

Pursuant to N.D. Fla. Local Rule 7.1(B), Defendant Richard A. Luthmann, Jr. writes to confer in good faith regarding a forthcoming motion for reconsideration of the Court's March 12, 2026 Order (Doc. 175) titled *"Injunction Not to File Emails."*

The anticipated motion will request that the Court vacate or modify the injunction, which presently prohibits parties from sending copies of correspondence or emails to chambers except when attached to a docket filing.

The motion will raise several issues, including:

1. Due Process Concerns – The Order expressly states the Court "read none of the emails," yet it entered a coercive injunction backed by potential contempt sanctions. Entry of an injunction without review of the underlying material raises significant procedural due-process concerns.

2. *First Amendment Petition Clause / Access to Courts – The anticipated motion will argue that the* injunction burdens a litigant's ability to maintain a clear and transparent litigation record and communicate in connection with pending litigation.

3. Rule 65 Issues – Because the Order explicitly labels itself an "injunction" and threatens contempt sanctions, the motion will argue that the procedural requirements of Fed. R. Civ. P. 65 were not satisfied, including notice and an opportunity to be heard.

4. Clarification of Record-Preservation Purpose – The emails referenced in the Order were copied to chambers by Mr. Luthmann for the purpose of maintaining transparency and preserving a contemporaneous record, not to seek ex parte relief.

Before filing the motion, Mr. Luthmann is required to confer in good faith under Local Rule 7.1(B) to determine whether the issues can be resolved without Court intervention.

Accordingly, please advise whether you:

- *Consent to vacating or modifying Doc. 175,*
- Do not oppose the requested reconsideration, or
- Oppose the motion.

If any party believes the matter can be resolved through stipulation or clarification, Mr. Luthmann is willing to consider such proposals.

Please provide your position so that the motion may accurately reflect the parties' positions under Local Rule 7.1(B).

Thank you for your attention to this matter!

Regards,

Richard A. Luthmann, Jr.
Writer, Journalist, and Commentator
Tips or Story Ideas:
(239) 631-5957
richard.luthmann@protonmail.com
**LINKTREE**
**Muck Rack Profile**
**Substack: This is For Real.**
**Editor-In-Chief: FLGulf.news**
**Editor-In-Chief: NYNewsPress.com**
**Editor-In-Chief: TheFamilyCourtCircus.com**
**Contributor: Frank Report**
**Contributor: Sun Bay Paper**
**Follow Me on Facebook X Instagram LinkedIn TRUTH Rumble Newsbreak SPOTIFY**

Sent with Proton Mail secure email.

**113.96 KB**    1 file attached

3-12-2026 Injunction.pdf  113.96 KB



# Photo Document Mailer

THE UPS STORE

Do not fold or bend

From:

To:

SHIP TO:
RICHARD LUTHMANN
(239) 778-6524
4199 LOS ALTOS CT
NAPLES FL 34109

CLERK OF COURTS
UNITED STATES COURTHOUSE
401 SE 1ST AVE

GAINESVILLE FL 32601-5806

1 LBS          1 OF 1
SHP WT: 1 LBS
DATE: 13 MAR 2026

UPS GROUND
TRACKING #:  1Z 037 7VA 83 0290 4450

FL 326 0-04

BILLING: P/P

REF #1: UC

UNITED STATES COURTHOUSE
401 SE 1ST AVE
STE 243
GAINESVILLE FL 32601

P: BROWN  S: IN
ZONN — 1774  4450
1Z0377VA030290
LVL5ZGB
US   3250



0 85227 01330 9



CHECKED MAR 1 8 2025

**The UPS Store RFID Label**

Tracking #

1Z0377VA030290 4450

**Mailer Size:**
**11 ½ x 14 ¼**
**Mailer will hold:**
**11 x 14 Photo Enlargements**
**8 ½ x 14 Documents**

**THE UPS STORE**
theupsstore.com
**UPS 330**

Made in Mexico

Made from 100% recycled paperboard.
Minimum 95% post-consumer content.
Supply Side USA, Inc. - Cleveland, OH 44135