1:25-cv-58-RH-ZCB
David Michael Teschendorf
General Delivery
Milwaukee, WI  53201
Document 174
            175
            176



Case 1:25-cv-00058-RH-ZCB   Document 180   Filed 04/06/26   Page 2 of 9
Case 1:25-cv-00058-RH-ZCB   Document 174   Filed 03/12/26   Page 1 of 2

Page 1 of 2

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

ELEPHANT SHOE, LLC et al.,

     Plaintiffs,

v.                               CASE NO. 1:25cv58-RH-ZCB

JOHN COOK et al.,

     Defendants.

_____/

**ORDER DENYING THE MOTION TO
<u>DISQUALIFY THE MAGISTRATE JUDGE</u>**

The plaintiffs have moved to disqualify the magistrate judge based on

rulings in this case and comments on the record in a hearing in a related case.

Under the statute governing judicial disqualification, 28 U.S.C. § 455, bias

requiring disqualification "must arise from an extrajudicial source, except in the

rare case 'where such pervasive bias and prejudice is shown by otherwise judicial

conduct as would constitute bias against a party.' " *Giles v. Garwood*, 853 F.2d

876, 878 (11th Cir. 1988) (quoting *Davis v. Bd. of Sch. Comm'rs*, 517 F.2d 1044,

1051 (5th Cir.1975)). Unless a party can show pervasive bias, "a judge's rulings in

Case 1:25-cv-00058-RH-ZCB    Document 180    Filed 04/06/26    Page 3 of 9
Case 1:25-cv-00058-RH-ZCB    Document 174    Filed 03/12/26    Page 2 of 2

Page 2 of 2

the same or a related case are not a sufficient basis for recusal." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000).

The plaintiffs have alleged no facts suggesting the magistrate judge is biased. Far from it. Judges are sometimes called on to rule against one side or the other, sometimes both, and are sometimes called on to rein in inappropriate litigation conduct, sometimes by one side or the other, sometimes both. When the plaintiffs disagree with a ruling by the magistrate judge, they can seek review by me, and when they disagree with my rulings, they can appeal to the United States Court of Appeals for the Eleventh Circuit. But rulings the plaintiffs disagree with will result not from bias but from careful, principled analysis of the law and facts. That is all the magistrate judge has done here.

IT IS ORDERED:

The motion to disqualify the magistrate judge, ECF No. 166, is denied.

SO ORDERED on March 12, 2026.

s/Robert L. Hinkle
United States District Judge

Case 1:25-cv-00058-RH-ZCB    Document 180    Filed 04/06/26    Page 4 of 9
Case 1:25-cv-00058-RH-ZCB    Document 175    Filed 03/12/26    Page 1 of 2

Page 1 of 2

## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA GAINESVILLE DIVISION

ELEPHANT SHOE, LLC et al.,

      Plaintiffs,

v.                                                      CASE NO. 1:25cv58-RH-ZCB

JOHN COOK et al.,

      Defendants.

_____/

## INJUNCTION NOT TO FILE EMAILS

Some of the defendants have made a practice of copying me and the magistrate judge on emails addressed to others. Local Rule 7.1(M) prohibits the practice. I have read none of the emails; they have been intercepted by my staff and deleted. I am told that their tone is completely inappropriate, but the practice would be totally unacceptable, even if the tone was professional. This order constitutes an injunction requiring the defendants to stop. A violation of this order may be punished as contempt of court with sanctions including fines or imprisonment. If the defendants continue the practice, it will not end well for them. They should govern themselves accordingly.

Case No. 1:25cv58-RH-ZCB

Case 1:25-cv-00058-RH-ZCB    Document 180    Filed 04/06/26    Page 5 of 9
Case 1:25-cv-00058-RH-ZCB    Document 175    Filed 03/12/26    Page 2 of 2

Page 2 of 2

IT IS ORDERED:

1. All parties to this case are prohibited and enjoined from sending a copy of any letter or email to me or the assigned magistrate judge or to our chambers except when directly relevant to a pending motion, and then only as an attachment to the motion or a response filed on the docket.

2. This injunction binds the parties and their officers, agents, servants, employees, and attorneys—and others in active concert or participation with any of them—who receive actual notice of this injunction by personal service or otherwise.

SO ORDERED on March 12, 2026.

s/Robert L. Hinkle
United States District Judge

Case No. 1:25cv58-RH-ZCB

Case 1:25-cv-00058-RH-ZCB    Document 180    Filed 04/06/26    Page 6 of 9
Case 1:25-cv-00058-RH-ZCB    Document 176    Filed 03/11/26    Page 1 of 4

Page 1 of 4

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION


ELEPHANT SHOE, LLC et al.,

      Plaintiffs,

v.                                  CASE NO. 1:25cv58-RH-ZCB

JOHN COOK et al.,

      Defendants.

_____/


ORDER DISMISSING THE SECOND
AMENDED COMPLAINT AND
GRANTING LEAVE TO AMEND FURTHER


      This case is another chapter—at least the third lawsuit in this court—in what

is, at bottom, a war of words. *See* N.D. Fla. Cases No. 1:24cv45 & 1:25cv290. The

plaintiffs—an individual and his company—allege the defendants have said

unfavorable, untrue things about them. Unfavorable, untrue statements sometimes

give rise to a claim for defamation. Here, though, the plaintiffs now assert only

other claims, not defamation.

      The case is before the court on eight defendants' motions to dismiss, the

magistrate judge's report and recommendation concluding the motions should be

Case No. 1:25cv58-RH-ZCB

Case 1:25-cv-00058-RH-ZCB    Document 180    Filed 04/06/26    Page 7 of 9
Case 1:25-cv-00058-RH-ZCB    Document 176    Filed 03/11/26    Page 2 of 4

Page 2 of 4

granted, ECF No. 161, and the plaintiffs' objections, ECF No. 165. I have reviewed de novo the issues raised by the objections.

As relevant here, the plaintiffs have asserted statutory claims under the Florida Deceptive and Unfair Trade Practices Act and the federal Lanham Act. They have asserted Florida common-law claims for tortious interference with business relationships and civil conspiracy. The claims are unfounded for the reasons set out in the report and recommendation, which is adopted as the court's opinion, with the following additions.

FDUTPA claims are not limited to sales of products or services. As cases cited in the report and recommendation recognize, actual damages caused by a deceptive sale of a product or service are calculated as the value of the product or service as it should have been less the value as delivered. Substantial authority suggests these are the *only* damages recoverable under FDUTPA, even in other contexts. *See, e.g., Ounjian v. Globoforce, Inc.*, 89 F.4th 852, 860–61 (11th Cir. 2023) (citing *Smith v. 2001 S. Dixie Highway, Inc.*, 872 So. 2d 992, 994 (Fla. 4th DCA 2004)). But this does not foreclose a claim for injunctive relief.

The plaintiffs have asked for leave to amend further if—as now has happened—the motions to dismiss are granted. This order grants leave to amend. The plaintiffs should note well: a third amended complaint that is equally rambling and unfocused is likely to meet the same fate as the second amended complaint.

Case 1:25-cv-00058-RH-ZCB    Document 176    Filed 03/11/26    Page 3 of 4

Page 3 of 4

And the plaintiffs may wish to consider the report and recommendation's conclusion that attorney's fees should be awarded to the defendant David C. Helm. Awarding fees is not yet appropriate, but a further amendment against Mr. Helm will almost surely increase his attorney's fees.

Any further attempt to state a FDUTPA claim should allege clearly and succinctly who was deceived, how they were deceived, specifically what damages the plaintiffs suffered as a result, and specifically what the plaintiffs say should be enjoined. Or, if the plaintiffs attempt to state a FDUTPA claim based on a practice they say was unfair but not deceptive, they should allege clearly and succinctly what practice was unfair, what damages the plaintiffs suffered as a result, and specifically what the plaintiffs say should be enjoined. Any attempt to state a tortious-interference claim should state clearly and succinctly which relationship between which plaintiff and which other person or class of persons was interfered with and how. Any attempt to state a civil-conspiracy claim should clearly and succinctly allege facts showing more than independent action or conscious parallelism. A complaint that runs longer than 20 pages is not likely to be "short and plain" as required by Federal Rule of Civil Procedure 8. The plaintiffs should not expect more than one more chance.

Because the report and recommendation already analyzes the substantive issues likely to be presented by any motion to dismiss a third amended complaint,

Case No. 1:25cv58-RH-ZCB

Case 1:25-cv-00058-RH-ZCB   Document 180   Filed 04/06/26   Page 9 of 9
Case 1:25-cv-00058-RH-ZCB   Document 176   Filed 03/11/26   Page 4 of 4

Page 4 of 4

this order directs the clerk to refer any such motion directly to me, not to the magistrate judge, thus conserving judicial resources.

IT IS ORDERED:

1. The report and recommendation is accepted except that leave to amend further is granted and attorney's fees are not yet awarded in Mr. Helm's favor.

2. The pertinent motions to dismiss, ECF Nos. 52, 53, 55, 61, 106, 107, 110, and 127, are granted.

3. All claims are dismissed against the defendants John Cook, Bruce P. Marzkin, Lisa Lee, Marla Hughes, David C. Helm, Robert J. Keszey, David Michael Teschendorf, and Raymond G. Bonebrake, Jr.

4. The plaintiffs may file a third amended complaint by April 2, 2026.

5. I do *not* direct the entry of judgment under Federal Rule of Civil Procedure 54(b).

6. The case is remanded to the magistrate judge for further handling, but the clerk should refer any motion to dismiss a third amended complaint directly to me, not to the magistrate judge.

SO ORDERED on March 11, 2026.

s/Robert L. Hinkle
United States District Judge