UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ELEPHANT SHOE, LLC, et al.,
     Plaintiffs,

vs.                                    Case No.: 1:25cv58/RH/ZCB

JOHN COOK, et al.,
     Defendants.
_____/

## **ORDER**

The Clerk of Court entered default under Fed. R. Civ. P. 55(a) against Defendant Luthmann on January 22, 2026.  (Doc. 155).  On January 28, 2026, Defendant Luthmann moved to set aside the default.  (Doc. 156).  Plaintiffs have opposed setting aside the default.  (Doc. 158 at 3-26).

A district court "may set aside an entry of default for good cause[.]" Fed. R. Civ. P. 55(c).  "The good cause standard under Rule 55(c) is a liberal standard . . . ."  *Black v. Alternative Painting Squared, Inc.*, No. 5:08CV88OC-10GRJ, 2008 WL 2370394, at *1 (M.D. Fla. June 6, 2008); *see also Pure Fresh, LLC v. Liaison Can.*, No. 19-CV-60079, 2019 WL 1921991, at *1 (S.D. Fla. Apr. 30, 2019) ("To obtain relief under Rule 55(c), the movant must only make a 'bare minimum showing' to support

1

its claim for relief."). Defaults are generally disfavored, as "there is a strong policy of determining cases on their merits[.]" *In re Worldwide Web Sys.*, 328 F.3d 1291, 1295 (11th Cir. 2003).

The Court finds good cause for setting aside the entry of default against Defendant Luthmann. Shortly after the default was entered, Defendant Luthmann appeared, moved to set aside the default, and filed a substantive response to the operative complaint by way of a motion to dismiss. The Court does not find that the delay in Defendant Luthmann appearing has resulted in prejudice to Plaintiffs. *See Connecticut State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1357 (11th Cir. 2009) ("[T]he inquiry is whether prejudice results from the *delay*, not from having to continue to litigate the case." (emphasis in original)). Defendant Luthmann has filed a substantive response to the operative pleading by virtue of his motion to dismiss. Discovery has not commenced, so setting aside the default will not result in Plaintiffs having to redo discovery that has already been completed.

Additionally, Defendant Luthmann has raised potentially meritorious defenses to the claims against him. *See GS Holistic, LLC v. A1 Smoke Shop of FLA, Inc.*, 2023 WL 6371002, at *2 (N.D. Fla. Jan 26, 2023) ("In assessing a defendant's meritorious defense [for purposes of

2

setting aside an entry of default], the likelihood of success is not the measure. A defendant's allegations are meritorious if they contain even a hint of suggestion, which, if proven at trial, would constitute a complete defense." (cleaned up)); *see also Lacy v. Sitel Corp.*, 227 F.3d 290, 293 (5th Cir. 2000) ("There is no prejudice to the plaintiff where the setting aside of the default has done no harm to plaintiff except to require it to prove its case. It has decided nothing against it except that it cannot continue to hold the sweeping relief it obtained without a trial and by default. All that has been done is to give the defendants their day in court." (cleaned up)).

Accordingly, Defendant Luthmann's motion (Doc. 156) is **GRANTED in part** to the extent that the Clerk of Court is directed to set aside the entry of default (Doc. 155). The Clerk of Court <u>should not</u> terminate the motion (Doc. 156) at this time, however, because the Court will separately address the arguments Defendant Luthmann has made in the motion regarding dismissal.

**SO ORDERED** this 8th day of April 2026.

/s/*Zachary C. Bolitho*

Zachary C. Bolitho
United States Magistrate Judge