UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JEREMY B. HALES,
Plaintiff,

vs. Case No.: 1:25cv58/RH/ZCB

RICHARD LUTHMANN, JR., et al.,
Defendants.
_________________________________/

# ORDER

Currently before the Court is Plaintiff's "Motion for Expenses Incurred in Making Service and Attorney's Fees Pursuant to Rule 4(d) of the Federal Rules of Civil Procedure." (Doc. 157). Defendant Luthmann has responded in opposition. (Doc. 160). For the reasons below, Plaintiff's motion is denied.

## I. Discussion

In lieu of service, "the plaintiff may mail the defendant a waiver of service of summons and allow the defendant 30 days to return the waiver." *Albert v. Am. Fam. Ins. Co.*, No. 24-12598, 2025 WL 1951867, at *1 (11th Cir. July 16, 2025). Defendants are not required to waive service, "and if they do not, the plaintiff must effect personal service." *Phillips v. Life Prop. Mgmt. Servs., LLC*, No. 24-12598, 2021 WL

5444921, at *1 (11th Cir. Nov. 22, 2021).

"Rule 4(d)(1) sets forth the requirements to request a waiver of service[.]" *Campbell v. OPD*, No. 6:24-cv-2313, 2025 WL 3294963, at *9 (M.D. Fla. Nov. 26, 2025). For individuals, the request must: (A) be in writing and addressed to the individual defendant; (B) name the court where the complaint was filed; (C) be accompanied by a copy of the complaint, two copies of the waiver form appended to Rule 4, and a prepaid means for returning the form; (D) inform the defendant, using the form appended to Rule 4, of the consequences of waiving and not waiving service; (E) state the date when the request is sent; (F) give the defendant a reasonable time of at least thirty days after the request was sent to return the waiver; and (G) be sent by first-class mail or other reliable means. Fed. R. Civ. P. 4(d)(1). The "procedural requirements of Rule 4(d)(1)" are a "condition precedent to a demand for costs for refusal to waive service." *Davies v. Scott*, No. 6:15-cv-21 2015 WL 13310012, at *2 (M.D. Fla. Apr. 14, 2015).

Defendant Luthmann argues, *inter alia*, that good cause exists for his failure to return Plaintiff's waiver requests because he never received the mailed waiver request, the email waiver request was improper, and

the service deadline had already expired when the waiver requests were sent. As explained below, the Court agrees with Defendant Luthmann.

**A. Plaintiff has not adequately shown that Defendant Luthmann received the mailed waiver request.**

The Court first considers Plaintiff's mailed waiver request, which was sent to 338 Sugar Pine Lane, Naples, Florida, on August 17, 2025.[1] (Doc. 157 at 2; Doc. 157-1). Defendant Luthmann argues that good cause exists for his failure to return this mailed waiver request because he has not resided at that address since January of 2024 and, therefore, never received the mailed request. (Doc. 160 at 4).

Under Rule 4(d)(2), the defendant should be ordered to pay the plaintiff's reasonable costs and fees in perfecting service if the defendant failed, without good cause, to sign and return the waiver request. But the "most obvious illustration of good cause would be never having received" the waiver documents. 4A Wright & Miller's Fed. Prac. & Proc. § 1092.1 (4th ed. 2015); *see also* Fed. R. Civ. P. 4(d), advisory committee's

[1] Plaintiff's motion says the mailed waiver request was sent on August 17, 2025, but the tracking label indicates August 18, 2025. Because this one-day difference does not alter the Court's conclusions, the Court gives Plaintiff the benefit of the doubt and considers the waiver request sent on August 17, 2025.

note to 1993 amendments (stating that a circumstance where good cause would exist is if the defendant "did not receive" the request to waive service). The determination of whether good cause exists rests within the Court's discretion. *Saxena v. Allen*, No. 1:22cv-01769, 2024 WL 964817, at *2-3 (D. Colo. Mar. 6, 2024).

Here, Plaintiff has not adequately shown that Defendant Luthmann received the mailed waiver request. Plaintiff provides no evidence to rebut Defendant Luthmann's assertion that he has not resided at the 338 Sugar Pine Lane address since January 2024—well before the waiver request was mailed there in August 2025. Defendant Luthmann points to documentary evidence that supports his assertion of residency at a different address from the one the waiver request was mailed to. (*See* Doc. 160 at 12-13, 32).[2] And the mail package containing the waiver request was marked "returned to sender, unable to forward" by the U.S. Postal Service. (Doc. 157-1). Thus, the evidence before the Court is insufficient to show that Defendant Luthmann received the

[2] *See also* Doc. 59, Case No. 2:25cv337 (M.D. Fla.) (showing Defendant Luthmann residing at 4199 Los Altos Court, Naples, Florida, on August 11, 2025); Doc. 384, Case No. 2:23cv1218 (M.D. Fla.) (showing the same address in a filing submitted May 16, 2025).

waiver documents. *See Saxena*, 2024 WL 964817, at *3 (refusing to impose costs and fees under Rule 4(d) where the mail package containing the waiver documents had been "returned and marked by the Post Office as undeliverable").

**B. Plaintiff has not adequately shown that the email waiver request complied with Rule 4(d)(1)'s requirements.**

The Court next considers the email waiver request sent to Defendant Luthmann on August 17, 2025. Defendant Luthmann does not dispute that he received the email waiver request. (Doc. 160 at 4). Instead, he argues he was justified in rejecting the email waiver request because it was improper under Rule 4(d)(1).

At the outset, the Court notes that it "is an open question . . . whether email is a permissible method for sending waiver documents under Rule 4(d)." *Hales v. Cook*, No. 1:25cv58, 2026 WL 508815, at *2 n.1 (N.D. Fla. Feb. 24, 2026) (collecting cases).[3] But even assuming *arguendo* that email is a "reliable means" of sending a waiver request,

---

[3] *See also Gaby's Bags, LLC v. Mercari, Inc.*, No. C20-00734, 2020 WL 7664455, at *4 (N.D. Cal. Dec. 25, 2020) ("[T]he requests for waiver of formal process were not sent by first-class or other reliable means within the meaning of Rule 4(d)(1)(G). It was sent by email, not first-class mail.").

Plaintiff has not shown that the email waiver request sent to Defendant Luthmann complied with Rule 4(d)(1)'s requirements.

Specifically, Plaintiff has not shown that a "prepaid means for returning the [waiver] form" was included with the email waiver request. Fed. R. Civ. P. 4(d)(1)(C). Plaintiff fails to include a copy of the email waiver request with the motion. And the copy included by Defendant Luthmann does not show whether the email waiver request included a prepaid means to return the waiver documents. (Doc. 160 at 30-31). Without evidence showing that the email waiver request included a prepaid means to return the waiver documents, the Court cannot conclude that Plaintiff's email waiver request satisfied Rule 4(d)(1)'s requirements. *See Kumaran v. Vision Fin. Markets, LLC*, 338 F.R.D. 17, 18-19 (S.D.N.Y. 2021) ("Plaintiff has failed to demonstrate that she provided to Villa a prepaid means for returning the waiver form, as required by Rule 4(d)(1)(C). Since Plaintiff sent the waiver forms by email, she failed to provide Villa, for example, with a self-addressed, stamped envelope. As such, Plaintiff failed to meet the requirements of Rule 4(d) and is not entitled to recover her costs and expenses."); *see also Gaby's Bags*, 2020 WL 7664455, at *4 (declining to award Rule 4(d)

service costs where an email waiver request did not include a prepaid means of returning the waiver documents).

**C. Plaintiff's waiver requests were untimely.**

Although Plaintiff's motion can be denied for the reasons above, the Court will address Defendant Luthmann's timeliness argument because it provides an additional basis for denying Plaintiff's motion. Even if Plaintiff had shown that Defendant Luthmann received the mailed waiver request and even if the email waiver request included a prepaid means of returning the waiver documents, the fact remains that the waiver requests were untimely.

As mentioned, Plaintiff sent both waiver requests on August 17, 2025. (Doc. 157 at 2). But the initial deadline to effect service on Defendant Luthmann expired on July 28, 2025—several weeks before the waiver requests were sent.[4] Although the Court later retroactively

[4] Defendant Luthmann was named as a Defendant in the first amended complaint filed on April 28, 2025. (Doc. 35). Thus, Plaintiff's initial deadline to serve Defendant Luthmann was Monday, July 28, 2025. (*See* Doc. 86 at 2-4 & n.2); *see also* Fed. R. Civ. P. 4(m) (providing a 90-day deadline to effect service); Fed. R. Civ. P. 6(a)(1)(A) ("[E]xclude the day of the event that triggers the period[.]"); Fed. R. Civ. P. 6(a)(1)(C) ("[I]nclude the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

extended Defendant Luthmann's service deadline (Doc. 132), the deadline had already expired, and Plaintiff had not requested an extension of time, when the waiver requests were sent.[5] Therefore, even if Plaintiff had otherwise complied with Rule 4(d)(1)'s requirements, the waiver requests were untimely when they were sent on August 17, 2025. (*See* Doc. 132 at 5 n.3) (explaining that Plaintiff's attempt to serve process on Defendant Luthmann on August 4, 2025, was untimely). Because the waiver requests were untimely, Plaintiff's motion for service costs is due to be denied.[6] *See Gonzalez-Marcano v. U.S. Airways Grp., Inc.*, No. 13-3714, 2014 WL 413932, at *8 (E.D. Pa. Jan. 31, 2014) (refusing to order

[5] That retroactive extension did not take effect until October 30, 2025—three months after Defendant Luthmann's service deadline had already expired and two months after Plaintiff sent the waiver requests. (Doc. 132). And Plaintiff's motion seeking additional time to serve Defendant Luthmann was not filed until September 29, 2025—two months after the service deadline and a month after the waiver requests were sent. (Doc. 115 at 11).

[6] The retroactive extension of Defendant Luthmann's service deadline does not change this conclusion. Recovering service costs based on waiver requests that were untimely, and thus procedurally deficient, when they were sent is at odds with the purposes of Rule 4(d) and would potentially incentivize litigants to engage in procedural gamesmanship regarding waiver requests and service deadline extensions. *See Est. of Darulis v. Garate*, 401 F.3d 1060, 1063 (9th Cir. 2005) (noting the purpose of Rule 4(d) is "to eliminate the costs of service of a summons on many parties and to foster cooperation among adversaries and counsel").

payment of the plaintiff's service fees because the request for waiver of service was untimely); *see also* Fed. R. Civ. P. 4(d), advisory committee's note to 1993 amendments ("The procedure of requesting waiver of service should also not be used if the time for service under subdivision (m) will expire before the date on which the waiver must be returned.").

## II. Conclusion

For the reasons above, it is **ORDERED** that:

1. Plaintiff's "Motion for Expenses Incurred in Making Service and Attorney's Fees Pursuant to Rule 4(d) of the Federal Rules of Civil Procedure" (Doc. 157) is **DENIED**.

2. Plaintiff's "Motion for Status and to Expedite Ruling" (Doc. 192) is **DENIED as moot**.

**SO ORDERED.** This 2nd day of September 2026.

s/ Zachary C. Bolitho
Zachary C. Bolitho
United States Magistrate Judge